**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: GLUCAGON-LIKE PEPTIDE-1                          MDLNO. 3094
RECEPTOR AGONISTS (GLP-1 RAS)
PRODUCTS LIABILITY LITIGATION

---

**NOTICE OF FILING APPLICATION TO SERVE ON PLAINTIFFS' LEADERSHIP**
**(GEORGE T. WILLIAMSON)**

Attorney George T. Williamson submits the following application to serve on Plaintiffs'

leadership.

Dated: April 2, 2024                          Respectfully submitted,

                                              **FARR LAW FIRM P.A.**

                                              /s/ George T. Williamson
                                              George T. Williamson (pro hac vice)
                                              99 Nesbit Street
                                              Punta Gorda, FL 33950
                                              gwilliamson@farr.com
                                              p. (941) 639-1158
                                              f. (941) 639-0028
                                              FL Bar No. 0085585

**APPLICATION TO SERVE ON PLAINTIFFS' LEADERSHIP**
**(GEORGE T. WILLIAMSON)**

I am a partner of the Farr Law Firm P.A., in Punta Gorda, Florida. I received my Juris Doctorate from the University of Miami School of Law in 2010 and am licensed to practice in all Florida state and federal courts, and have been granted pro hac vice admissions in numerous federal courts around the country. My practice is primarily devoted to pharmaceutical and medical device litigation in both state and federal courts.

I believe that I would be a valuable addition to the plaintiffs' leadership team in that, (a) I have the experience and qualifications necessary to steer a large pharmaceutical litigation – I have been appointed to two PSCs and one PEC in pharmaceutical MDLs, and was most recently appointed as co-lead counsel in the Exactech consolidated orthopedics product liability litigation in Florida state court; (b) I have worked collaboratively with my colleagues in this case to attend weekly plaintiffs-only Zoom meetings and multiple in-person meetings, to file an interested party response and argue at the JPML hearing for transfer of this case to the Eastern District of Pennsylvania, and have worked with many of the "consensus" plaintiffs counsel (proposed slate at Dkt. 61-1) and defense counsel in prior matters; (c) I am currently in a leadership position on one active MDL and one consolidated state court litigation, and as such, I have the time and availability to commit to the success of this case; and (d) I have the financial and institutional resources to bring this case to a successful resolution.

**A. I have professional experience in pharmaceutical and medical device litigation.**

I have been appointed to serve in leadership roles in three pharmaceutical MDLs and in a consolidated orthopedics product liability litigation in Florida state court. In two of these cases, *In re Benicar Prods. Liab. Litig.*, MDL 2606, and *In re Abilify Prods. Liab. Litig.*, MDL 2734, I served as a member of the PSC and held roles on the discovery and electronically stored

1

information committees. Though not a court appointment, I also served on the Science and Expert committee in *In re Zantac Prods. Liab. Litig.*, MDL 2924. In *In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*, MDL 2875, I currently serve on the PEC and the time and expense committee, and co-chair the bellwether committee. Most recently, I was recently appointed co-lead counsel of the 480+ case Exactech Hip, Knee, and Ankles Product Liability Litigation in Florida state court, *Exactech Master Case*, No. 2022-CA-002670 (Alachua County, FL). These appointments have allowed me to work on and manage all aspects of pharmaceutical and medical device litigation, from pleading and streamlined service, to negotiating ESI protocols and search terms, to fact and expert discovery, to trial preparation and settlement. In each of these consecutive leadership appointments my roles and responsibilities have increased, owing in large-part, I believe, to my work ethic and the quality of my contributions to each litigation. Given my past experience, I believe that I am a strong candidate to manage the discovery and bellwether processes in this MDL should I be given the opportunity.

### B. I will continue to work collaboratively with my colleagues in this MDL.

I became involved with this litigation in the late-summer, early-fall of 2023. Since then, I have participated in weekly plaintiffs-only zoom meetings and have met in-person with many of my colleagues in Santa Barbara, California and Philadelphia, Pennsylvania to discuss and coordinate all aspects of this litigation, including leadership structure. I filed two individual actions—one in the Eastern District of Pennsylvania and one more recently in the District of Connecticut. I filed an Interested Party Response with the JPML and argued at the hearing in support of consolidation in the Eastern District of Pennsylvania. The location and the timing of these filings were strategic, and done in consultation with many of my colleagues to further solidify our argument to the JPML that the case should be centralized in the Eastern District of

Pennsylvania. I have worked with many of the "consensus" plaintiffs counsel and their law firms in past pharmaceutical and medical device litigations and have been on the opposite side of the V with defense counsel for Novo Nordisk in other matters. I have no doubt that I will continue to work cooperatively and collaboratively with my colleagues on both sides of the aisle if appointed to leadership in this matter.

**C. I have the time and availability to commit to the success of this case.**

I currently serve on the Plaintiffs' Executive Committee in the Valsartan MDL where I am co-chair of the bellwether committee and am intimately involved in almost every aspect of that litigation. That case was set for a March 2024 jury trial but was unexpectedly continued, and now the parties understand the case will be reassigned by the JPML to another judge in the District of New Jersey for all further proceedings. I am also co-lead counsel in the Exactech consolidated Florida state court litigation where the parties are in the midst of global resolution discussions. I have held two leadership appointments simultaneously in the past and have had no difficulty in efficiently managing my time between the projects. Based upon the posture of the Valsartan and Exactech litigations, I am confident I have the ability and the capacity to take on a new project that will require significant time and attention.

**D. I have the human, financial,  and technical resources to pursue this matter.**

The Farr Law Firm is 100 years old and has 15 attorneys across 2 offices in Southwest Florida with diverse practice areas and over 50 support staff. As a result, my Firm has invested in significant IT resources which gives us the capability to handle large, complex litigation projects. We are also not reliant on fees from injury cases or MDL settlements to pay the Firm's general operating expenses. My Firm has paid all past MDL assessments promptly and maintains a substantial line of credit to draw from for these types of complex litigation projects, should it ever

be needed. We advertise with our own funds, have never engaged third-party financing companies or hedge funds to assist us in these efforts, and we have no "side-deals" with any other law firms regarding our firm's inventory of GLP-1 RAS cases. I am willing to commit whatever resources are necessary to ensure the success of this MDL should I appointed to the PSC.

I represent nearly 100 Plaintiffs who claim injury as a result of the use of Novo Nordisk's GLP-1 RAS medications. The leadership appointed by the Court will be the guiding light for those plaintiffs, and for thousands more. I am hopeful to have the opportunity to serve these Plaintiffs as a member of the Plaintiffs' Executive Committee or any other position the Court feels I am qualified to serve, and am appreciative of the Court's thoughtful consideration in this matter.

APPENDIX A

**LIST OF MDL AND RELEVANT NON-MDL MATTERS IN WHICH GEORGE WILLIAMSON HAS PERFORMED WORK**

| Name of Matter / Nature of Matter | Judge / Telephone | Position | Nature of work performed / extent of ongoing time commitment |
|---|---|---|---|
| MDL 2606 Benicar (Drug) | Hon. Robert B. Kugler (D. NJ) (856) 757-5019 | PSC<br><br>Discovery Committee | Created a sortable database capable of reviewing thousands of adverse event reports to identify missed signals, assisted in the preparation and taking of numerous foreign and domestic fact witness depositions, and identified hot documents and prepared deposition outlines and summaries. Reached a $358 Million settlement in just over 2 years. Finished. |
| MDL 2734 Abilify (Drug) | Hon. M. Casey Rodgers (N.D. FL) (850) 435-8448 | PSC<br><br>Discovery & ESI Committees | Helped to negotiate ESI protocol and search terms, managed all aspects of discovery, first-chaired many depositions and second-chaired many more, presented oral argument on various discovery issues, and helped to create trial themes and depo designations. Case settled for a confidential amount in just over 2 years. Finished. |
| MDL 2875 Valsartan (Drug) | Hon. Robert B. Kugler (D. NJ) (856) 757-5019 | PEC<br><br>Co-Chair Bellwether and Time & Expense Committees | Significant involvement in all aspects of this case which concerns NDMA contamination of drugs. Performed initial case census, developed case criteria and scoring system, helped negotiate ESI protocol and search terms, and worked-up and managed first round of core and fact discovery. Valsartan was prepared for a March 2024 jury trial but is in a holding pattern until a new judge is assigned. |

5

| | | | |
|---|---|---|---|
| MDL 2924 Zantac (Drug) | Hon. Robin L. Rosenberg (S.D. FL) (561) 803-3430 | Science and Experts Committee | Participated in weekly committee meetings, assigned research projects, targeted document review, and assisted in drafting expert reports for *Daubert* hearings. Finished. |
| Exactech Master Case, No. 2022-CA-002670 (Alachua County, FL) (Orthopedic Device) | Hon. Donna M. Keim (8th Judicial Circuit, FL) (352) 374-3646 | Co-Lead Counsel | Involved in all aspects of the 480+ case orthopedic device litigation involving recalled hip, knee, and ankle devices, from pleading to discovery, and expert workup to settlement. Have worked collaboratively with plaintiffs' counsel in the parallel MDL 3044 proceeding. Global settlement negotiations are ongoing. |