IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GLUGAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | : : : : : : | CIVIL ACTION |
| THIS DOCUMENT RELATES TO: | : : | MDL No. 3094 24-md-3094 |
| *ALL ACTIONS/ALL CASES* | : | |

## CASE MANAGEMENT ORDER NO. 4

### PRESERVATION ORDER

**AND NOW**, this 23rd day of April, 2024, upon consideration of the Joint Motion for the Entry of Preservation Order (Doc. No. 99), it is hereby **ORDERED** that the Motion (Doc. No. 99) is **GRANTED**. The Court hereby enters the following Order regarding the preservation of evidence:

1. Consistent with the factors set forth in Fed. R. Civ. P. 26, all Parties shall take reasonable steps to ensure the preservation of reasonably accessible documents, data, and tangible things relevant to the claims or defenses in this litigation in their possession, custody, and/or control. The Parties will continue to meet and confer regarding the reasonable steps necessary for preservation in this case, including through the Rule 26(f) meet and confer discussion process as outlined in the Court's Checklist for Rule 26(f) Meet and Confer.

2. The Parties shall take reasonable steps to avoid deletion, whether planned, automatic, or intentional, of unique and relevant ESI within their possession, custody, or control, including relevant information over which a Party has control that may exist on the business or personal computer systems or devices owned or operated by non-parties.

1

3. Each Party shall take reasonable steps to disable or suspend any auto-delete features or retention/disposition policies in use on any system or device owned, operated, or managed by a Party that contains unique, relevant information to the extent practicable and necessary to preserve relevant ESI. There is no need for any Party to modify or suspend the procedures used by the Party in the ordinary course of business to backup data and systems for disaster recovery and similar purposes related to continuity of operations.

4. Nothing in this Order shall affect any other obligations of the Parties to retain or preserve documents or ESI for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

5. The Parties agree that the Parties do not have an obligation to preserve, search, or produce from the following sources of ESI:

   a. Server, system or network logs;

   b. Operating system files, executable files, and system files included on the National Institute of Standards and Technology List (www.nsrl.nist.gov/);

   c. ESI stored in volatile and non-volatile memory (including, but not limited to, Random Access Memory ("RAM"), Read-only Memory ("ROM"), and cache memory) or in temporary or cache files (including, but not limited to, internet history, web browser cache, and cookie files) wherever located;

   d. Data stored on photocopiers, scanners, and fax machines;

   e. "Slack," "fragmented," or "unallocated" data on hard drives;

   f. Online access data, such as temporary internet files, history, caches, cookies, etc.;

   g. Random access memory and/or similar ephemeral data;

    h.   Encrypted ESI/password-protected files, if a Party demonstrates the Party is unable to ascertain the password or decryption key with reasonably diligent efforts;

    i.   ESI temporarily stored by laboratory equipment or attached electronic equipment, provided that such data are not ordinarily preserved as part of a laboratory report;

    j.   ESI comprising structural files (e.g., .CSS, .XSL, .XML, .DTD, etc.), applications, or interfaces that do not contain substantive content and are not necessary for the processing, review, or rendering of other ESI;

    k.   Other file types agreed to by the Parties.

6.    Nothing in this Order prevents the Parties from implementing an organizational scheme that applies only to documents or ESI created after the first complaint was filed in this matter.

7.    A Party's decision to preserve any documents or ESI shall not be interpreted as an agreement or concession by that Party that the preserved material is relevant to the issues in this matter or constitutes reasonably accessible ESI that could be subject to review and production.

**BY THE COURT:**

**s/ Gene E.K. Pratter**
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**