# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION,** | **CIVIL ACTION** |
| | **MDL No. 3094** |
| **THIS DOCUMENT RELATES TO:** | **2:24-md-03094** |
| *ALL ACTIONS/ALL CASES* | **HON. KAREN SPENCER MARSTON** |

## CASE MANAGEMENT ORDER NO. 9
## PRIVILEGE LOGGING ORDER

**AND NOW**, this 25th day of June, 2024, upon consideration of the Joint Motion for the Entry of Privilege Logging Order (Doc. No. 150), it is **ORDERED** that the Motion (Doc. No. 150) is **GRANTED**. The Court enters the following Order regarding privilege logs:

### I. PRIVILEGE LOG TIMING

1. Each Party shall serve a log of the documents[1] withheld entirely from production for a claim of attorney-client privilege, work product protection, and/or other applicable privilege or immunity from discovery. The log should be served in iterations on a rolling basis, beginning no later than thirty (30) days after the initial production of documents in response to the first set of Rule 34 requests served on the Producing Party unless otherwise agreed upon by the Requesting Party and the Producing Party or ordered by the Court.

2. After the service of its initial privilege log, each Party will serve subsequent updated iterations of the privilege log approximately every thirty (30) days thereafter if there have

---

[1] For clarity, the terms "document" or "documents" include Electronically Stored Information ("ESI").

1

been any additions, modifications, or removals since the most recent privilege log, and each such log shall identify any addition, removals, and/or modifications from the prior iteration of the log, unless otherwise agreed upon by the Requesting Party and the Producing Party, or ordered by the Court, continuing until the conclusion of fact discovery or the conclusion of additions or amendments to the log, whichever occurs later.

## II. PRIVILEGE LOG CONTENTS AND FORM

1. Unless otherwise agreed upon by a Requesting Party and a Producing Party, or otherwise addressed in this Order (including in Paragraph II.6 with regard to Plaintiff privilege logs), a Producing Party's privilege log only needs to provide: (1) objective metadata (to the extent it is reasonably available and does not constitute or reflect privileged or protected information); (2) an indication apparent on the face of the log that would allow the Requesting Party to identify whether an individual listed on the log is an attorney;[2] and (3) an identification of the privilege and/or protection being asserted. If a Producing Party elects to provide an objective metadata log in accord with this provision, the log will be served in Excel or CSV format and will be populated with the following extracted metadata fields as they exist on the date a document is logged, to the extent providing this information will not reveal privileged or protected information:

    a. Beginning Bates Number/Privilege Identifier

    b. Unique Family Identifier

    c. All Custodians

    d. Author/Sender

    e. Recipients

    f. Copyee(s)

---

[2] The Producing Party shall satisfy this requirement by appending an asterisk (*) to the names of privilege actors appearing on the log.

      g. Blind Copyee(s)

      h. Subject[3]

      i. File Name

      j. File Extension

      k. Document Type

      l. Date Sent

      m. Date Created

      n. Date Last Modified

      o. Type of Privilege Asserted

    2. Every 30 days, continuing until 45 days after the conclusion of fact discovery, the Receiving Party may request, in writing, a narrative description for the basis of the privilege claims for up to 100 entries on the objective metadata log by: (a) identifying the entries by Bates Number or Privilege Identifier; and (b) stating that the Receiving Party has a good faith belief that each identified withheld document is likely to be material to the Party's preparation of its case and that there is a reason to question the existence or applicability of the asserted privilege and/or protection. If the Receiving Party's email seeking a narrative description for the basis of the privilege claims seeks narrative descriptions for 50 or fewer entries, then the Producing Party shall provide a narrative description containing sufficient information to enable other Parties to assess the privilege claims for the identified entries within 21 days. If the Receiving Party's email seeking a narrative description for the basis of the privilege claims seeks narrative descriptions for greater than 50 entries, up to and including the limit of 100 entries, then the Producing Party shall provide

---

[3] If a Producing Party redacts the "Subject" metadata field for a document to preserve privilege as set forth in this provision, the Producing Party shall provide a narrative description for the basis of the privilege claims for that document consistent with paragraph II.2 below.

a narrative description containing sufficient information to enable other Parties to assess the privilege claims for the identified entries within 30 days.

3. A Party shall not be required to separately log individual emails that appear within a single withheld document (e.g., a single email within a withheld document reflecting an email string). For the avoidance of doubt, subject to the logging exclusions identified in Section III below, each responsive withheld document must be separately logged, and this provision does not enable a party to avoid separately logging multiple documents on the basis that they reflect overlapping sub-parts of the same email string.[4]

4. In the context of any challenge in which a Producing Party provided a narrative description in accordance with foregoing paragraph II.2, the fact that such a description was provided only upon request shall not be a violation of a Producing Party's Fed. R. Civ. P. 26(b)(5) obligations.

5. Notwithstanding the other provisions of this section, if a Producing Party other than Plaintiffs elects to use a privilege logging process other than the objective metadata log process set forth above, the Producing and Requesting Parties shall meet and confer regarding the proposed alternative process.

6. Any Plaintiff from whom discovery is sought may elect to use a privilege logging process other than the objective metadata log process set forth above. If a Plaintiff elects to use a privilege logging process other than the objective metadata log process set forth above, in

---

[4] The Court understands this paragraph to say that if an email chain is produced as a single document, it can be listed on the privilege log as a single document (and each individual email within the chain need not be separately logged). But, if the email chain is produced as multiple documents (e.g., the email chain is broken up or is produced multiple times from the perspective of different participating emailers), then each document should be independently logged even though there is some overlap in the individual emails within each version of the email chain.

accordance with Fed. R. Civ. P. 26(b)(5), the Plaintiff's privilege log must, as to each privilege claim, provide sufficient information to enable other Parties to assess the privilege claim. The log will be served in a searchable format and will include the following information, to the extent providing this information will not reveal privileged or protected information:

   a. the Bates Number or Privilege Identifier of the document;

   b. for withheld communications, the names of the individuals who sent or received the communication (including an identification on the face of the log as to which individuals are lawyers);

   c. the date of the withheld document;

   d. for ESI, the filetype; and

   e. a narrative description of the information contained in the document identifying the type of privilege asserted and sufficient other information to enable other Parties to assess the privilege claim.

### III.   PRIVILEGE LOG EXCLUSIONS

1. No Party is required to list on a privilege log any communications after August 2, 2023, exclusively between a Party and its outside litigation counsel expressly regarding the above-captioned action or any related GLP-1 RA litigation that is, at the time this Order is entered or thereafter, (1) consolidated with the above-captioned action, (2) remanded out of the above-captioned action, or (3) filed in any state court or foreign tribunal and similarly alleges injuries arising from use of GLP-1 RAs (collectively this "Action").

2. No Party is required to list on a privilege log any communications expressly concerning this Action exclusively between outside litigation counsel for the Parties to the extent such communications are subject to the common interest/joint defense doctrine.

3. No Party is required to list on a privilege log any privileged or work product protected materials created after August 2, 2023, by outside litigation counsel, an agent of outside counsel other than the Party, any non-testifying experts, and, with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts.

4. Notwithstanding the foregoing, if a Party asserts that responsive communications regarding interactions or communications with any regulator or government agency, if any, are privileged material, such communications shall be logged.

5. A Producing Party does not need to provide a log entry for a redacted document if the face of the document provides the information that would otherwise appear on a log and the privilege asserted for the redaction is noted on the face of the document in the redaction box. Any document that contains redactions, including documents that are not listed on a privilege log, shall be accompanied by metadata reflecting that the document contains redactions.

## IV. PRIVILEGE LOG CHALLENGES

1. Without waiving any Party's right to bring a privilege log challenge at any time, or any Party's right to contest a privilege log challenge on the basis of timing, if a Party in receipt of a privilege log has a good faith basis for challenging a Producing Party's privilege determination for specific documents, the Receiving Party shall inform counsel for the Producing Party in writing of said challenge, identifying the specific documents by Bates Number or Privilege Identifier and providing the basis for the challenge, as well as a statement that the Receiving Party has a good faith belief that the challenged documents are material to their claims or defenses. The Parties shall confer on the challenge within fourteen (14) days of such a writing.

2. If the Parties fail to agree after conferring, the Parties should raise the issue at the next scheduled status conference with the Court, at which point, the Court will decide whether a

formal motion is required. If the Court finds that said information is not privileged, the Producing Party shall, unless otherwise agreed to by the Parties, provide the document within 10 days of the Court's decision or, if the Producing Party challenges such a decision, within 10 days of the conclusion of any and all proceedings or interlocutory appeals challenging the decision, or within any time specified by the Court.

3. The Parties agree that extenuating circumstances such as an upcoming deposition, motion deadline, or hearing may require expedited processes for challenging a limited number of privilege claims. In addition to the good faith and notice requirements in paragraph 1 of this Section IV, to avail itself of any expedited process the Requesting Party must further state a good faith belief that the challenged privilege claims shield documents that (a) were received by or authored by a deponent or would be otherwise material to a scheduled examination; (b) are necessary for a motion that must be filed before an upcoming deadline, provided that the Requesting Party's action was not the proximate trigger of the deadline; or (c) are necessary for a scheduled court hearing. The Parties agree to meet and confer as to any such circumstances. If the Parties fail to agree as to the privilege log challenge following that meet and confer, they should either raise the issue at the next scheduled status conference with the Court, or if necessary, immediately email the Court to request an expedited telephone status conference to discuss the issue before the relevant deposition or court-ordered deadline. To facilitate the Producing Party's accommodation of an expedited challenge process, any reasonable needs stated in good faith by the Producing Party for temporary extension of other deadlines outlined in this Order will, in turn, be accommodated by the Requesting Party. To the extent that documents subject to a challenge

process may impact an upcoming deposition, the Parties shall work cooperatively to resolve issues in a manner that avoids the need to leave open or reschedule the deposition.

BY THE COURT:

/s/*Karen Spencer Marston*
_____
**KAREN SPENCER MARSTON**
**UNITED STATES DISTRICT JUDGE**