

July 8, 2024

VIA ECF
Judge Karen S. Marston
16613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:   *In re: Glucagon-like Peptide Receptor Agonists (GLP-1 RAs) Products Liability Litigation* - **MDL No. 3094**

Dear Judge Marston:

Plaintiffs' proposed 502(d) order fairly balances protections against inadvertent waiver with the need for certainty regarding the document universe before trial. Contrary to Defendants' argument, Plaintiffs' proposal requires no "re-review" of all produced documents; rather, Plaintiffs only ask that Defendants make privilege claims in a timely manner, as required by numerous other courts. Plaintiffs' proposal allows for automatic clawback until such clawback would disrupt trial preparation. Defendants intend to take "necessary and reasonable precautions to prevent the disclosure of privileged and other protected materials," Dkt. 168 at 4, and between that review and the clawback methods Plaintiffs' proposal allows, Defendants have ample protection against inadvertent waiver of privilege. Plaintiffs respectfully request that the Court adopt their proposed 502(d) order.[1]

---

[1] As Defendants know, in MDL practice, Parties routinely agree to first-day orders with provisions that depart from the Federal Rules of Evidence and Federal Rules of Civil Procedure. Defendants' citation of *United States v. Pelullo*, 964 F.2d 193, 203-04 (3d Cir. 1992) is inapposite. That decision reviewed evidence at a criminal trial and determined that it was hearsay under the Fed. R. Evid., which could not be ignored even if the evidence appeared trustworthy.

## I. Plaintiffs' proposed timelines for clawbacks are fair and create certainty by allowing parties to know which documents they may rely on as they prepare for trial.

Plaintiffs' deadlines for clawback with respect to documents used in depositions or at trial are consistent with procedures adopted in other cases. Courts that choose to apply 502(d) routinely find that the failure to bring a timely objection waives a privilege claim, which creates a much narrower timeline for objections compared to the limitless entitlement that Defendants propose. *See Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d 197, 201 (E.D.N.Y. 2016) (noting that while a protective order can prevent waiver due to disclosure, a "party's subsequent failure to timely and specifically object to the use of that information—during a deposition, for example—can waive any applicable privilege"); *Entrata, Inc. v. Yardi Sys., Inc.*, No. 2:15-cv-00102, 2018 WL 5438129, at *2 (D. Utah Oct. 29, 2018) (holding that, even with a protective order that prevented waiver from inadvertent disclosure, the producing party had waived its privilege claim for a document used in a deposition because the objection was not timely); *Arconic Inc. v. Novelis Inc.*, No. CV 17-1434, 2019 WL 911417, at *2 (W.D. Pa. Feb. 26, 2019) (barring clawback where "a disputed document is used during a deposition or otherwise identified by the opposing party as a document on which it may rely" in the absence of "a timely assertion of privilege," because late clawbacks are "unduly disruptive").

Plaintiffs have proposed reasonable clawback deadlines to meet this timeliness requirement, which fairly "strike a balance between a responding party's interest in protecting privileged documents and a requesting party's need to prepare the matter for trial without the universe of available evidence continually or dramatically shifting during the course of the litigation." The Sedona Conference, *Commentary on the Effective Use of Federal Rule of Evidence 502(d) Orders*, 23 SEDONA CONF. J. 1, 47-48 (2022). Contrary to Defendants' assertion, their

proposed 502(d) order *creates* uncertainty by granting Defendants the right to strategically produce and claw back documents, including the day before the deadline for dispositive or expert motions, or during a trial examination – a right Defendants insist upon in their proposed 502(d) order.

## II.  Imposing a burden on a party engaging in disruptive clawbacks is fair, and 502(b) provides adequate protection for the scenarios Defendants describe.

A party who insists on the right to engage in disruptively late challenges should not be permitted to do so without some burden, especially because Rule 502(d) only applies to the *disclosure* of documents, not to documents *used* in depositions or at trial. *See Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d at 201 ("By their terms, Rule[] 502(d) …appl[ies] only to waiver in connection with disclosures, and say[s] nothing of waiver by other means"). Indeed, several of the "502(d)" orders that Defendants cite contain provisions consistent with Plaintiffs' requested 502(d) order. *See Hardwick v. 3M Co.*, 2020 WL 3248353, at *2 (S.D. Ohio June 16, 2020) (requiring producing party, not receiving party, to move first in the context of a clawback challenge); *In re Generic Pharm. Pricing Antitrust Litig.*, Case No. 16-md-2724, Dkt. No. 121 at 16-18 (E.D. Pa. 2017) (privilege motions may discuss the facts or circumstances of the production as permitted under Rule 502(b) and the producing party "retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information").

The kind of automatic clawback that Defendants propose is intended for, and most often used in, situations with no pre-production privilege review. *See, e.g., Adair v. EQT Corporation*, Dkt. No. 1:10-cv-00037, Dkt. No. 257 at 2 (W.D. Va. Jun. 15, 2010) (clawback permitted where producing party intends to make production "without a prior privilege review"). But here, because Defendants intend to conduct a full privilege review process, they are sufficiently protected in the

scenarios they contemplate. Defendants describe two scenarios that they claim require the protections of 502(d): one example where Plaintiffs know or should know that the document was inadvertently produced (and therefore Defendants also should have known, and could presumably demonstrate inadvertence under 502(b)), and one example where it is not clear on the document's face that it is privileged, where Defendants "learn additional information" to support the privilege claim – another scenario where Defendants would be able to demonstrate inadvertence under 502(b). Dkt. No. 168 at 5. Neither scenario would require protection of privilege in the context of intentional disclosure, and thus neither scenario requires resort to 502(d). Consistent with Plaintiffs' proposed order, 502(b) provides more than adequate protection for Defendants' concerns. Defendants' proposed order would allow clawback beyond inadvertent production scenarios and extend to intentional, strategic disclosures and clawbacks – and Defendants provide no argument in defense of that position, because it is indefensible. As such, if Defendants only need protection in 502(b)-type scenarios, and intend to conduct a pre-production privilege review, then it is no great burden for them to demonstrate as such when they disrupt pre-trial preparation by bringing a late privilege challenge.

The Court should enter Plaintiffs' proposed 502(d) order.

July 8, 2024                                            Respectfully submitted,

 */s/ Parvin K. Aminolroaya*
Parvin K. Aminolroaya
**SEEGER WEISS LLP**
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Email: paminolroaya@seegerweiss.com

 */s/ Jonathan Orent*
Jonathan Orent
**MOTLEY RICE LLC**
40 Westminster St., 5th Floor

Providence, RI 02903
Telephone: (401) 457-7700
Email: jorent@motleyrice.com

*/s/ Sarah Ruane*
Sarah Ruane
**WAGSTAFF & CARTMELL**
4740 Grand Avenue Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1123
Email: sruane@wcllp.com

*/s/ Paul Pennock*
Paul Pennock
**MORGAN & MORGAN**
350 Fifth Avenue, Suite 6705
New York, NY 10118
Telephone: (212) 738-6299
Email: ppennock@forthepeople.com

*Co-Lead Counsel*