**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GLUGAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION** | **CIVIL ACTION** |
| | **MDL No. 3094**<br>**24-md-3094** |
| **THIS DOCUMENT RELATES TO:** | **HON. KAREN SPENCER MARSTON** |
| ***ALL ACTIONS/ALL CASES*** | |

**CASE MANAGEMENT ORDER NO. 14**

**DIRECT FILING ORDER**

**AND NOW**, this 12th day of June, 2024, with respect to the direct filing and service of complaints in this MDL No. 3094, it is **ORDERED** as follows:

**I. Scope of Order**

**A.** This Stipulated Order shall govern all actions in the above-captioned MDL proceeding ("this MDL" or "the MDL") that are directly filed in this MDL after the date of this Order. Additionally, the provisions set forth in Section III below as to streamlined service also apply to cases currently pending in this MDL.

**B.** The inclusion of any action in the MDL pursuant to this Order shall not constitute a determination by this Court that jurisdiction or venue is proper in this District. Neither the existence of this Order nor any of its terms shall in any manner be construed as a waiver of any Defendant's right to assert that this Court or any court lacks personal or subject matter jurisdiction or that venue is improper in this district or in any other district as to any action filed in, or transferred to, the MDL. The only exception to this provision is that this Court may conduct pretrial proceedings pursuant to 28 U.S.C. § 1407 as to any action filed pursuant to the terms of this Order or transferred by the JPML to this Court. Nothing herein shall preclude any party from moving for

remand or a suggestion of remand, or otherwise seeking transfer under 28 U.S.C. § 1404, at any time as ordered by the Court or as otherwise permitted by law.

## II. Direct Filing of Actions into the MDL

**A. Direct Filing.** To eliminate potential delays associated with transfer to this Court of actions filed in or removed to other federal district courts, and to promote judicial efficiency, any plaintiff whose action would be subject to transfer to this MDL may file their case directly in this MDL in the United States District Court for the Eastern District of Pennsylvania in accordance with this Order. The direct filing of any complaint in this MDL is solely for the purposes of administrative efficiency, centralized and coordinated discovery, and related pretrial proceedings as provided in 28 U.S.C. § 1407. All plaintiffs and their attorneys with cases directly filed into this MDL shall be bound by all MDL orders.

**B. Pretrial Proceedings Only/No *Lexecon* Waiver.** Each action filed directly in the MDL will be for pretrial proceedings only, consistent with the JPML's February 2, 2024 Transfer Order. Nothing in this Order constitutes a waiver by any party under *Lexecon, Inc. v. Miberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) of that party's right to challenge personal or subject matter jurisdiction, the effectiveness of service, choice of law, statutes of limitations, *forum non conveniens*, venue, the location of any trials to be held, or any other legal rights and remedies. However, nothing in this Order shall preclude the parties from agreeing to such waivers in the future. The Court understands that the parties expressly reserve all rights with respect to *Lexecon*.

**C. Objections to Inclusion of Directly Filed Cases in the MDL.** Defendants in the applicable directly filed case shall have 30 days to object to the inclusion of any directly filed case in this MDL. Defendants shall lodge their objection by filing a "Notice of Objection to Inclusion of Directly Filed Case" with the Court. The Notice must be served on all parties to the applicable

directly filed case. Upon filing of a Notice of Objection to Inclusion of Directly Filed Case, the parties shall have 14 days to meet and confer. If the parties are able to resolve the objection, Defendants shall file and serve a notice of withdrawal of the objection. If the parties are unable to resolve the objection, the plaintiff may, within 30 days, refile the action in an appropriate district court. If the action is refiled within 30 days, Defendants agree not to raise as a defense any statute of limitations that lapsed between the day of filing and the day of refiling. Defendants expressly retain all statute of limitations defenses that existed prior to the initial filing. If the parties are unable to resolve the objection and the plaintiff does not agree to refile the action in the appropriate district court, the Court may resolve the objection as necessary.

**D. Transfer to Proper Venue.** At such time as transfer may become appropriate and/or is so ordered by this Court, this Court will direct the parties to meet and confer and identify the venue to which each case shall be transferred, under 28 U.S.C. § 1404(a), for further proceedings and trial. To the extent the parties agree, the Court will suggest transfer of such cases to those venues. In those cases where the parties are unable to agree, the Court will give the parties an opportunity to be heard on the issue. The parties reserve all rights to challenge the appropriateness of transfer, jurisdiction, and venue.

**E. Choice of Law.** Filing an action directly in the MDL pursuant to this Order will not determine the applicable choice of law, including the choice of law for any of the claims in the action and for statute of limitation or repose purposes. Any choice of law issues are reserved and shall be decided, as appropriate, at a later date.

**F. Single Plaintiff Filings.** Actions filed directly in this Court pursuant to this Order shall not name more than a single plaintiff; however, any case may include consortium and/or

derivative plaintiff(s) and, in the event of a wrongful death action, the representative(s) and/or distributes of the estate.

**G. Process for Direct Filing.** Directly filed complaints should not be filed under the MDL case number. To directly file an action, the plaintiff must open a new case and pay the standard new action filing fee. Filing a complaint in this District requires completion of a civil cover sheet. When filing a complaint in this District under this Order, each plaintiff's counsel must identify the MDL case name and number in the civil cover sheet to ensure the case is included as a member case of the MDL.

**H. Caption**. For cases directly filed in the MDL pursuant to this Order, the complaint must utilize the caption set forth below:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| JANE DOE,<br>Plaintiff,<br><br>v.<br><br>XYZ CORPORATION and ABC COMPANY,<br>Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____________ |

**I. Filing Under this Order.** When utilizing and invoking this Order to directly file a case in this MDL, the plaintiff shall assert the following lead paragraph in their complaint:

Plaintiff files this Complaint pursuant to the Direct Filing Order and is to be bound by the rights, protections and privileges, and obligations of that Direct Filing Order and other Orders of the Court. Further, in accordance with the Direct Filing Order, Plaintiff hereby designates the

United States District Court for the __________ District of __________ as Plaintiff's designated venue ("Original Venue"). Plaintiff makes this selection based upon one (or more) of the following factors (check the appropriate box(es)):

__ Plaintiff currently resides in _______________ (City/State).

__ Plaintiff purchased and used Defendant(s)' products in _______________ (City/State).

__ The Original Venue is a judicial district in which Defendant __________ resides, and all Defendants are residents of the State in which the district is located (28 USC § 1391(b)(1)).

__ The Original Venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, specifically (28 USC § 1391(b)(2)): ______________________________________________________________________________.

__ There is no district in which an action may otherwise be brought under 28 USC § 1391, and the Original Venue is a judicial district in which Defendant _______________ is subject to the Court's personal jurisdiction with respect to this action (28 USC § 1391(b)(3)).

__ Other reason (please explain): ________________________________________________.

**J. Electronic Filing.** All complaints must be filed electronically. Any plaintiff that files a complaint in this District for inclusion in this MDL must note on the civil cover sheet that the case is related to MDL No. 3094. Prior to any plaintiff's attorney filing a complaint in this District pursuant to this Order, that attorney must register for and/or have a CM/ECF login name and password for this District. When filing any complaint or other filing, the attorney's signature block shall follow the format below:

RESPECTFULLY SUBMITTED,
/s/ Jane Doe
Jane Doe
NAME OF LAW FIRM
ADDRESS
TELEPHONE
FAX
EMAIL@EMAIL.com
Attorney for Plaintiff

**K. Proper Novo Nordisk Defendants.** Actions filed directly in this Court pursuant to this Order alleging use of Ozempic, Rybelsus, Wegovy, Victoza, and/or other drugs as added by the JPML[1] shall not name any Novo Defendant other than Novo Nordisk Inc. and/or Novo Nordisk A/S. The Court understands the parties will meet and confer and ultimately present to the Court a stipulation regarding claims against certain Novo Defendants other than Novo Nordisk Inc. and/or Novo Nordisk A/S and preserving the right to obtain discovery from all Novo Defendants.

**III. Streamlined Service**

**A.** Eli Lilly, Novo Nordisk Inc., and Novo Nordisk A/S agree to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of complaints that are properly commenced in, removed to, or transferred to this MDL. By waiving service of process, these Defendants do not waive any defenses available to them.

**B.** These procedures for informal service of process are not available in cases in which the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking remand, all deadlines set forth in this Order run from the date on which remand is denied.

**C.** Plaintiffs whose complaints are not subject to Paragraph B above, who have not already served these Defendants, and whose case has not yet been docketed in the MDL, shall have 90 days from the date that case is docketed in the MDL to serve the complaint with a summons. Plaintiffs whose cases already have been docketed in this MDL shall have 60 days from entry of this Order to serve the complaint with a summons.

**D.** Complaints shall be served by electronic mail ("email") to the following addresses: MDL_3094_Novo_Service@us.dlapiper.com (for Novo Nordisk Inc. and/or Novo Nordisk A/S) and MDL_3094_Lilly_Service@kirkland.com (for Eli Lilly). Each email sent to either of these

---

[1] Per the representations of the parties, the Court notes that Saxenda may be one such drug.

addresses shall only contain one Complaint and Summons, and the subject line of each email shall state the plaintiff's first and last name. The body of each email must also include contact information for counsel of record. Upon successful email service, the date of the initial effort to serve the complaint via email shall be deemed the date of service.

**E.** Service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service. In accordance with Case Management Order No. 1, Defendants are not required to respond to effectively served complaints until a date to be set by this Court. Defendants agree to provide 30 days written notice before moving to dismiss for a technical defect in the service process described in this section.

**F.** Other than those based on formal service of process, Defendants reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions, including jurisdiction.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
**KAREN SPENCER MARSTON, J.**