**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: GLUGAGON-LIKE** | : | **CIVIL ACTION** |
| **PEPTIDE-1 RECEPTOR AGONISTS** | : | |
| **(GLP-1 RAS) PRODUCTS** | : | |
| **LIABILITY LITIGATION** | : | |
| _____ | : | **MDL No. 3094** |
| | : | **24-md-3094** |
| **THIS DOCUMENT RELATES TO:** | : | |
| | : | **HON. KAREN SPENCER MARSTON** |
| _ALL ACTIONS/ALL CASES_ | : | |
| _____ | | |

## CASE MANAGEMENT ORDER NO. 16

### SPECIAL MASTER APPOINTMENT AND PROTOCOL

**AND NOW,** this 31st day of July, 2024, pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court hereby appoints the Honorable Lawrence F. Stengel (Retired) as Special Discovery Master to oversee discovery between and among the parties and third parties.  The Court has considered the Affidavit of Lawrence F. Stengel, supplied pursuant to Federal Rule of Civil Procedure 53(b)(3), a copy of which is attached to this Order, and is confident that he possesses the requisite skills, experience, and other attributes necessary to serve in the capacity as Special Discovery Master in this MDL.

**IT IS FURTHER ORDERED** that having appointed Judge Stengel as Special Discovery Master, the Court enters the following Protocol which governs the proceedings among the parties, subject to modification as the Court may so order:

1. The Special Discovery Master shall be vested with the powers described and contemplated under Federal Rule of Civil Procedure 53(c), (d), and (e).

2. The Special Discovery Master and the parties shall follow the procedures provided in this Protocol.

3.      This Order and Protocol shall apply to all cases that are currently part of the above-captioned MDL, and those cases that are filed in or transferred to the Eastern District of Pennsylvania in the future and become part of the MDL.  This Order and Protocol may be amended from time to time in accordance with Federal Rule of Civil Procedure 53(b)(4) as may be required to assist the Special Discovery Master in the discharge of his duties.

**<u>Compensation for the Services of the Special Discovery Master</u>**

4.      The Special Discovery Master shall be compensated for his services at a rate of $1,000 per hour, and for associates who may assist him at a rate not to exceed $400 per hour, and for all related costs, subject to Court approval.  The rates are subject to periodic adjustment with the approval of the Court.  Every three months[1] during the course of his service, the Special Discovery Master shall submit to the Court an application for counsel fees and costs associated with his services and, in that respect, is authorized to incur only such fees and costs as may be reasonably necessary to fulfill his duties under this Protocol or such other orders as the Court may issue from time to time hereafter.  Counsel will have seven calendar days to file any objections to an application for fees and costs.  Upon approval of the fee application, the Court will notify Liaison Counsel for the parties of the approved amount of fees and costs. Plaintiffs and Defendants will then each be responsible for payment of an equal half share of the approved amount directly to the Special Discovery Master.  The equal sharing of the fees and costs will be the standard protocol for payment to the Special Discovery Master. However, if he determines that all fees and costs, or any allocation other than half shares,

---

[1] For clarity, the Special Discovery Master should submit an application for counsel fees and costs as follows:  January 15 (for fees incurred October 1 through December 31), April 15 (for fees incurred January 1 through March 31), July 15 (for fees incurred April 1 through June 30), and October 15 (for fees incurred July 1 through September 31).  Where the relevant deadline falls on a holiday or weekend, the application should be summited the first business day thereafter.

should be assessed against a particular party due to the circumstances of a dispute, the Special

Discovery Master has the discretion to make a recommendation of such an allocation to the

Court along with a brief explanation of the reasons for his recommendation.

<u>**Duties and Responsibilities of the Special Discovery Master**</u>

5.      Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Special Discovery

Master is directed to proceed with all reasonable diligence to perform the duties set forth

herein, as well as any additional duties that the Court in its discretion may impose from time to

time as necessary by further orders.

6.      The Special Discovery Master shall oversee discovery between and among the

parties and third parties and resolve discovery disputes pursuant to the procedures outlined in

this Protocol.  Unless otherwise ordered by the Court for a particular issue, the Special

Discovery Master shall hear and determine discovery disputes and discovery motions in the

first instance.

7.      Any discovery dispute in this MDL between the parties or between a party and a

third party shall be submitted to the Special Discovery Master to be resolved in accordance

with the provisions of this Protocol. Any parties involved in such disputes shall provide a copy

of this Protocol to the relevant third parties.

8.      The Special Discovery Master is authorized to hold regular conferences to

provide a forum for the parties to discuss the progress of discovery, anticipated discovery,

discovery disputes, and any foreseeable issues arising in the discovery process between the

parties or with third parties, and to discuss such other matters as scheduled by the Special

Discovery Master or requested by the parties or the Court.

9.      Pursuant to Federal Rule of Civil Procedure 53(b)(2)(B), and to help effectuate

an agreement between the parties with respect to discovery disputes, the Special Discovery Master is authorized to communicate *ex parte* with the Court and the parties.  The Special Discovery Master shall inform the parties before he communicates *ex parte* with a party about a discovery dispute.  Upon written objection of any party, *ex parte* communications with parties on that dispute shall terminate.

10.     The Special Discovery Master may have access to trade secrets, proprietary information, and other confidential information in this action, including, but not limited to, information that may be subject to the Qualified Protective Order (Case Management Order No. 11), and any amendments thereto, entered by the Court in this MDL.  The Special Discovery Master shall be bound by the terms of the Qualified Protective Order.

11.     The Special Discovery Master shall make every effort to minimize expenses while at the same time carrying out the mandates of this Protocol.

## Procedure for Resolving Discovery Disputes

12.     For issues regarding discovery disputes, the contact for Plaintiffs in the first instance shall be glp1coleads@seegerweiss.com and the contacts for Defendants in the first instance shall be MDL_3094_Lilly_Discovery@kirkland.com and ssilver@welshrecker.com for Eli Lilly, and MDL_3094_Novo_Discovery@us.dlapiper.com for Novo-Nordisk.

13.     Before raising a discovery dispute with the Special Discovery Master, the parties shall first meet and confer on a disputed discovery matter.  If the parties are unable to resolve the matter, any party may submit the dispute to the Special Discovery Master in the form of a letter brief of no more than three pages (excluding non-substantive information, such as date, address blocks, and signature blocks, as well as any attachments).  Any responsive letter brief must be submitted within three business days and be no more than three pages (excluding non-

substantive information and attachments).  No reply or sur-reply letter briefs may be submitted. These time and page limits may be shortened or lengthened for any particular dispute by order of the Special Discovery Master or written agreement of the parties.  Letter brief submissions shall not be filed with the Court via ECF or otherwise.

14.     Upon request of any party, the Special Discovery Master shall schedule a conference with the parties concerning any discovery matter or dispute.  In addition, the Special Discovery Master may, at his discretion, schedule a conference with the parties regarding a discovery dispute.  Also, any party may request a conference with the Special Discovery Master to resolve issues that may arise during a deposition or other discovery issues that may not necessitate letter briefing.  Following any conference (or submission of the parties' letter briefs when no conference is scheduled), the Special Discovery Master will, as soon as reasonably possible, issue to the parties, but not file on the docket, a preliminary recommendation for resolution of the dispute.  The parties shall confirm in writing within five business days of the preliminary recommendation whether they accept the Special Discovery Master's recommendation for resolution of the dispute.  If the Special Discovery Master's preliminary recommendation is not accepted by any party, the Special Discovery Master shall, as soon as reasonably possible, file on the docket an Order and Report and Recommendation, pursuant to Federal Rule of Civil Procedure 53(d) and (e), encompassing his recommendation for resolution of the dispute.

15.     Any party or third party may file objections to any Report and Recommendation within three five business days of the filing of the Report and Recommendation and the objections shall be no more than five pages.  An opponent's response to such objections shall also be limited to five pages and shall be filed within five business days of the

objections.  Consistent with the Court's Policies and Procedures, reply and sur-reply briefs, though strongly discouraged, may be filed without leave of Court if necessary to rebut an issue or point of law not anticipated in or discussed in the initial briefs.  Reply and sur-reply briefs shall be limited to three pages and shall be filed within five business days of the brief to which they are responding.  The Court will not necessarily delay its decision while awaiting a reply or sur-reply.

16.    If no objections are filed to a Report and Recommendation within five business days of issuance by the Special Discovery Master, it will be deemed accepted by the parties.

**IT IS SO ORDERED**.

/s/*Karen Spencer Marston*

_____

**KAREN SPENCER MARSTON, J.**