**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: GLUGAGON-LIKE | : | CIVIL ACTION |
| PEPTIDE-1 RECEPTOR AGONISTS | : | |
| (GLP-1 RAS) PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| _____ | : | MDL No. 3094 |
| | : | 24-md-3094 |
| THIS DOCUMENT RELATES TO: | : | |
| | : | HON. KAREN SPENCER MARSTON |
| *ALL ACTIONS/ALL CASES* | : | |
| _____ | | |

CASE MANAGEMENT ORDER NO. 17

**ESTABLISHING TIME AND EXPENSE PROTOCOL**
**AND COMMON BENEFIT FUNDS**

**AND NOW**, this 8th day of August, 2024, with respect to reimbursement of common

benefit work performed by plaintiffs' counsel, it is **ORDERED** as follows:

**I.      SCOPE OF ORDER**

This Order is entered to provide for the fair and equitable sharing among plaintiffs and their

counsel of the burden of services performed and expenses incurred by attorneys acting for the

common benefit of all plaintiffs in this complex litigation. Although Co-Lead Counsel have been

appointed to direct the prosecution of the plaintiffs' litigation efforts as well as settlement

negotiations and establishment, if any, the Plaintiffs' Executive Committee and Plaintiffs' Steering

Committee (collectively, the "PSC") will also participate and assist in the prosecution of the litigation

on behalf of plaintiffs.  These efforts will require the expenditure of significant time and expense on

behalf of all plaintiffs.

**A.      Governing Principles and the Common Benefit Doctrine**

The governing principles are derived from the United States Supreme Court's common

benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*,

*Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307

U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*,

444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019–21 (5th Cir. 1977); and *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525–29 (D. Nev. 1987). Common benefit work product includes all work approved by Co-Lead Counsel and performed for the benefit of all plaintiffs, including pre-trial matters, discovery, trial preparation, trial, settlement negotiation and settlement establishment, and all other work that advances this litigation to conclusion.

### B.       Application of this Order

This Order applies to all cases now pending, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as *In Re Glucagon-like Peptide-1 Receptor Agonists Products Liability Litigation*, MDL No. 3094.  This Order further applies to all Participating Counsel, which is defined to include:

1.    every appointed PSC member and their respective law firm;

2.    each attorney who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court, regardless of whether the attorney also has cases outside the MDL (filed or unfiled); and

3.    any attorney who represents plaintiffs with cases only filed in state court who elects to sign the Participation Agreement.

### C.     Participation Agreement (Exhibit A)

Exhibit A of this Order is a voluntary Participation Agreement ("Participation Agreement") between: (1) the PSC and other plaintiffs' attorneys who seek to receive and use the discovery pursued, obtained, and developed by the PSC, and (2) plaintiffs' attorneys with cases solely in state court who elect to sign the Participation Agreement and perform common benefit work. The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only, and not defendants or defendants' counsel. Any plaintiffs' attorney who does not yet have a GLP-1 lawsuit filed in any federal or state court and who wants to become a Participating Counsel may also execute the Participation Agreement. Any plaintiffs' attorneys who, in the future, only have cases

pending in any state court and who want to become a Participating Counsel shall also be permitted to execute the Participation Agreement.[1]

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations may include counsel who are Participating Counsel who have executed the Participation Agreement, as well as Participating Counsel who are bound by this Order under Section I.B.1, I.B.2, or I.B.3. The Participation Agreement and this Order shall not be cited by a party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

## II.   COMMON BENEFIT EXPENSES

Common benefit expenses, if determined by the Court to be reasonable and for the common benefit of the litigation of the case, will be reimbursed out of an expense fund that is paid for by an assessment of all resolved cases. Individual case expenses, by definition, are not for the common benefit and thus are not common benefit expenses except in certain circumstances, which are described later in this Order. Common benefit expenses have two overall sources: (a) costs reimbursed from the PSC Operating Fund (Operating Fund Costs) and (b) costs incurred by individual firms that are not reimbursed from the PSC Operating Fund but are held by them if and until the litigation resolves (Held Costs).

The Plaintiffs' Steering Committee shall contribute to an Operating Fund administered by Co-Lead Counsel or their authorized designee(s) (the "Operating Fund") at such times and in such amounts as are sufficient for *certain* ongoing common benefit expenses necessary for the

---

[1] The Court has been advised that at this time there are no cases pending in state court but to the extent one is filed prior to entry of this Order, the plaintiffs' attorneys who have a pending action in any state court and who want to become a Participating Counsel shall, **within 60 days of the entry of this Order**, execute the Participation Agreement, which shall be provided to Plaintiffs' Liaison Counsel.

prosecution of this MDL. These ongoing common benefit expenses are set forth below. Other necessary common benefit expenses will not be paid out of the Operating Fund but will be paid by the law firm that incurred them and identified as Held Costs.

> *Explanatory Information:* For example, if an attorney travels to take a deposition considered at the time to be for the common benefit, all of the attorney's reasonable and necessary travel expenses will be Held Costs and the attorney will apply for reimbursement at the successful conclusion of the litigation from the costs fund created by the Court's assessment of all resolved cases. However, for that same deposition the costs of the court reporter, videographers, conference room(s), translators and transcripts will all be Operating Fund Costs and paid for from the money collected during the litigation by Co-Lead Counsel.

The timing and amount of each contribution to the Operating Fund will be determined by Co-Lead Counsel in consultation with the Plaintiffs' Executive Committee. Each contribution must be paid within 45 days of the Co-Lead Counsels' request or within such other reasonable time as determined by Co-Lead Counsel. Failure to timely pay contributions may be grounds for removal from the position(s) held by the defaulting attorney(s) upon a request of Co-Lead Counsel that is approved by the Court. Any contribution paid by Co-Lead Counsel, a Plaintiffs' Executive Committee firm, or a Plaintiffs' Steering Committee firm is eligible for reimbursement of the amount paid at the conclusion of the MDL, assuming funds are sufficient to reimburse all contributions. If not, then the repayment shall be made on a pro rata basis.

> *Explanatory Information:* For example, if the Operating Fund collects and expends $1 million (a number used only for illustration) on certain common benefit expenses, but the Court finds that only $0.9 million of those operating fund expenditures were reasonable and necessary for the common benefit, then only $0.9 million will be reimbursed to the contributing firms, and they will divide that pro rata based on their prior contribution amounts.

A.      **Operating Fund Costs and Held Costs**

1.      **Operating Fund Costs**

"Operating Fund Costs" are costs and expenses that are incurred for the common interest and benefit of all claimants *and paid out of the Operating Fund*. Operating Fund Costs are paid out of the Operating Fund on an ongoing basis. Co-Lead Counsel, in consultation with the Plaintiffs' Executive Committee, shall, with reference to the list of Operating Fund Costs set forth below,

decide what Common Benefit Expenses are appropriate to be paid out of the Operating Fund on an ongoing basis and what Common Benefit Expenses should be paid by the individual firms as Held Costs. All Operating Fund Costs will be reviewed on a monthly basis by the Plaintiffs' Common Benefit Advisor and Manager, Amy Collins, to confirm that the costs were reasonable and for the common benefit based on the criteria set forth below.[2] If it is determined that the costs were reasonable and for the common benefit, Ms. Collins's determinations regarding Operating Fund Costs will be subject to review by this Court at the successful conclusion of the litigation.

## 2. Held Costs

"Held Costs" are those reasonable common benefit expenses that do not fall into the Operating Fund Costs but are determined, upon application to the Court at the successful conclusion of the litigation, to have been incurred for the common benefit of all plaintiffs in this MDL. Ms. Collins will review these Held Costs on a monthly basis. Should the litigation result in a successful resolution, Ms. Collins will submit her findings/determinations to this Court at a time then scheduled by the Court.

> *Explanatory Information:* These are termed Held Costs because the firm that incurs them does not receive reimbursement from the Operating Fund. They are held by the firm for the duration of the litigation and reimbursed if a resolution is reached from the cost assessment fund of all resolved cases.

Held Costs will be carried by each Participating Counsel in this MDL. Held Costs may be eligible for payment at the end of the litigation subject to the policies and limitations set forth herein. No specific client-related costs shall be considered as Held Costs, unless the case is determined by Plaintiffs' Co-Lead Counsel to be a "common benefit case," *e.g.*, certain bellwether cases as determined by Co-Lead Counsel in consultation with the Plaintiffs' Executive Committee.

---

[2] All time and expense submissions shall be made through Crosslink as instructed by Ms. Collins, (281) 788-7697, acollins@amylcollinspc.com.

Reasonable costs, under Section II.C., regarding Expense Limitations, may be eligible for reimbursement as Held Costs.

### 3.     Common Benefit Expenses Eligible for Reimbursement

To be eligible for reimbursement as a common benefit expense (whether Operating Fund Cost or Held Cost), an expense must meet the requirements of this section. Specifically, an expense must be: (a) for the common benefit of all plaintiffs; (b) appropriately authorized by a Plaintiffs' Co-Lead Counsel; (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm or by a member of the PSC, if that person is not a partner or shareholder in the submitting firm.

### B.     Eligible Operating Fund Costs:

If otherwise found by Ms. Collins to be reasonable and appropriate, and confirmed upon review by this Court, examples of Operating Fund Costs are:

a.     deposition, court reporter, and video technician costs for non-case specific depositions;

b.     costs necessary for creation of a document repository, the operation and administration of the repository, and any equipment required for the repository.

c.     Plaintiffs' Co-Lead Counsel, Plaintiffs' Executive Committee, and Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

d.     certain filing and service costs, e.g., Hague filing or service fees;

e.     PSC administrative costs, e.g., such as for Plaintiffs' Steering Committee or Plaintiffs' Executive Committee meetings;

f.     accountant fees;

g.     general expert witness fees and expenses;

h.     consultant fees and expenses;

i.     printing, copying, coding, scanning (out of house or extraordinary firm cost);

j.      research by outside third-party vendors/consultants/attorneys;

k.      translation costs;

l.      bank or financial institution charges;

m.      certain consulting or investigative services;

n.      special master and/or mediator charges

o.      necessary international travel for depositions, expert workup, or other significant purpose; and

p.      other reasonable and necessary costs expended for the common benefit that do not fall into one of the above categories but are approved for expenditure by Co-Lead Counsel *and* subsequently approved as common benefit costs by, first, by Ms. Collins and, second, the Court if there is a successful resolution of this matter.

## C.    Held Costs Limitations

### 1.    <u>Travel Limitations</u>

Unless approved in advance by Co-Lead Counsel to be paid out of the Operating Fund, all travel expenses are Held Costs. Only reasonable travel expenses will be eligible for reimbursement as Held Costs. Except in extraordinary circumstances approved in advance by Plaintiffs' Co-Lead Counsel (and approved by the Ms. Collins and later the Court), all travel reimbursements for common benefit work are subject to the following limitations:

a.      <u>Air Travel</u>: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business class travel will ***not*** be fully reimbursed for flights shorter than 5 hours. First class airfare will not be reimbursed. Use of a private aircraft will not be reimbursed. If business class travel for flights shorter than 5 hours and first class airfare is used on domestic flights then the difference between the business/first class airfare and the coach airfare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.

b.      <u>Hotel</u>: Hotel room charges for the available room rate of a business hotel, including the Kimpton, Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed.

c.      <u>Meals</u>: Meal expenses must be reasonable.

d.   <u>Cash Expenses</u>: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

e.   <u>Automobile Rentals and Ground Transportation (e.g., Taxi, Uber)</u>: Reasonable automobile rentals and ground transportation expenses incurred in <u>connection</u> with authorized travel will be eligible for reimbursement.

f.   <u>Mileage</u>: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate <u>allowed</u> by the IRS (currently 67 cents per mile).

**2.   <u>Non-Travel Limitations</u>**

a.   <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

b.   <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

c.   <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page for black and white copies and 25¢ per page for color copies.

d.   <u>Computerized Research–Lexis/Westlaw</u>: Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

**D.   Authorization and Submission**

Counsel must submit expenses consistent with this Order. During the course of the litigation, all Operating Fund Costs and Held Costs will be reviewed on a monthly basis, and, if appropriate, approved by Ms. Collins. Following Ms. Collins's work, at the conclusion of the litigation all Operating Fund Costs and Held Costs will be reviewed and, if appropriate, approved by the MDL Court.

**E.   Verification**

As indicated above, the portal submission to Crosslink detailing expenses shall be certified by a partner or shareholder in the submitting firm or by a member of the PSC if that person is not a partner

or shareholder in the submitting firm.  Attorneys shall keep receipts for all expenses. Credit card receipts are not an appropriate form of verification unless accompanied by a declaration from counsel that work was performed and paid for the common benefit and the receipt was not obtained or was lost.

## III.    COMMON BENEFIT WORK

### A.    Qualified Common Benefit Work Eligible for Reimbursement

Ms. Collins and ultimately the Court will evaluate and approve or disapprove all common benefit work applications. Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit. As indicated above, Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work if said time and efforts are: (a) for the common benefit of all Plaintiffs; (b) appropriately authorized by a Co-Lead Counsel (c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm or by a member of the PSC if said member is not a partner or shareholder in the submitting firm.  Common benefit work shall only be performed by employees of the law firm submitting time/expenses, and time/expenses by contract attorneys will not be compensated/reimbursed absent authorization by Plaintiffs' Co-Lead Counsel in writing. Not all common benefit hours billed/submitted are equal. There is no guarantee that all of the time submitted by any firm will be compensated and the hourly rate for the work that is compensated is not guaranteed.  Moreover, if counsel is a member of the PSC and fails to timely submit capital contributions as may be requested by Co-Lead Counsel throughout this litigation, common benefit time or expenses for reimbursement may be rejected or reduced  for failure to timely pay capital contributions.

### B.    Compensable Common Benefit Work Defined

Compensable common benefit work is defined as work that is of value to this MDL and for the common benefit of all plaintiffs in the MDL and is specifically performed by Co-Lead Counsel,

Liaison Counsel, the Plaintiffs' Executive Committee, the Plaintiffs' Steering Committee and/or any other Participating Counsel when specifically authorized by Co-Lead Counsel. Examples of common benefit work include, but are not limited to, document review and document coding; expert retention and development; preparing for and conducting authorized depositions of Defendants, third-party witnesses, and experts. This may also include research on legal issues, work on case management matters, third-party discovery, and other matters. While the work-up of individual cases is not considered common benefit, in the event that a case is selected as part of an approved early trial or bellwether trial process in this MDL, the time and expenses incurred to work up a case as part of the bellwether process and all pre-trial and trial work for the case (including work performed as part of the approved bellwether process) may be authorized by Co-Lead Counsel and thus be considered as for the common benefit to the extent it complies with the other provisions of this Order or the attached Participation Agreement. As the litigation progresses and common benefit work product continues to be generated, Plaintiffs' Co-Lead Counsel may assign work to Participating Counsel as necessary. Co-Lead Counsel will be expected to prosecute this case efficiently and to monitor all submitted billing and expenses to minimize duplicative and unnecessary work. Co-Lead Counsel shall balance this need for efficiency with the need to maintain quality and thoroughness in prosecuting this MDL.

    **C.**    **Authorization**

Time spent on matters common to all claimants in this MDL must be assigned by a Plaintiffs' Co-Lead Counsel to be eligible for consideration as common benefit time. No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted; nor should time spent on unauthorized work be submitted for consideration.

1.      <u>**Examples of Authorized and Unauthorized Work:**</u>

a.      <u>Depositions of corporate witnesses</u>: Unless an attorney is designated as one of the authorized questioners or otherwise authorized to prepare for and attend a deposition on behalf of the PSC, such attorney time shall not be eligible for consideration as common benefit time or expense.

b.      <u>Periodic Status Conferences:</u> Periodic status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court. Attendance at such conferences by Plaintiffs' Co-Lead Counsel and Liaison Counsel is common benefit work. Except as to Co-Lead Counsel and Liaison Counsel, in person attendance of such conferences is not common benefit work unless attendance is requested by Co-Lead Counsel. The appointed Co-Lead Counsel, Liaison Counsel, Plaintiffs' Executive Committee member and/or Plaintiffs' Steering Committee member listening to such status conferences via telephone is also common benefit time, as it is important for the entire leadership team to remain fully up to date on the litigation. Also, others in the appointed attorney's firm listening to such conferences is common benefit time, if their attendance by phone is approved by Co-Lead Counsel. Individual attorneys are free to attend any status conference held in open court in order to keep up to date on the status of the litigation, but each attorney has an obligation to stay informed about the litigation so that they can best represent their clients. Mere in person attendance at a status conference will not be considered a common benefit expense or common benefit time.

c.      <u>Identification and Work Up of Experts:</u> If a Participating Attorney travels to and/or retains an expert without the knowledge and approval of Plaintiffs' Co-Lead Counsel, the MDL may not need or use that expert, and the associated time and expense may not be considered common benefit expenses/work, and therefore may not be compensable unless subsequently approved by Co-Lead Counsel;

d.      <u>Attendance at Various Seminars</u>: Attendance at a seminar that has as an agenda item about the GLP-1 Litigation is not common benefit work or a common benefit expense;

e.      <u>Document Review</u>: In this MDL, only document review specifically assigned to an attorney and authorized by Plaintiffs' Co-Lead Counsel will be considered common benefit work. If an attorney elects to review documents that have not been assigned to that attorney by Co- Lead Counsel, that review is not considered common benefit work;

f.      <u>Review of Pleadings and Orders</u>: Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Plaintiffs' Co-Lead Counsel to review and summarize those pleadings or orders for the MDL are working for the

common benefit, and their time will be considered common benefit time. All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit work. Nothing in this paragraph shall be construed to prevent members of the PSC from submitting common benefit time for reviewing orders that are germane to all members of the PSC and review of which is necessary to fulfill their PSC obligations;

g.   <u>Review of Discovery Responses</u>: Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients, and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by Plaintiffs' Co-Lead Counsel to review and summarize discovery responses for the MDL are working for the common benefit, and their time will be considered common benefit time. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit work;

h.   <u>Bellwether Trials:</u> While the work-up of individual cases is not considered common benefit work, in the event that a case is selected as part of an approved bellwether trial process in this MDL or a cooperating state court jurisdiction, the time and expenses in trying the case (including work performed as part of the approved bellwether process) may be considered common benefit work at the discretion of Co-Lead Counsel to the extent it complies with the other provisions of this Order; and

i.   <u>Duplicative Billing</u>: Multiple attorneys within one firm billing for a particular work effort will be evaluated by Ms. Collins and disallowed as appropriate. This paragraph is not intended to prevent, by way of example, having one lawyer create the first draft of a brief and another lawyer review and edit the brief, nor does this paragraph prevent having multiple attorneys within one firm assist the questioning attorney to prepare for or conduct a deposition. However, time submitted for unproductive and non-contributory time will not be compensated.

## IV.   SUBMISSION OF TIME RECORDS AND TIME KEEPING

### A.   Timing of Submissions

Time and expense submissions are to be made on the last business day of each month, beginning on September 30, 2024. Each submission should contain all time and expenses incurred during the calendar month prior to the submission date (*i.e.*, the September 30, 2024 submission should include all time and expenses incurred during the month of August 2024), though the first submission should include all time and expenses incurred through August 2024. All time and

expense submissions should be accompanied by contemporaneous records and verified by a partner or shareholder in the submitting firm or by a member of the PSC if that person is not a partner or shareholder in the submitting firm.  Submissions of time and expense made after the last business day of the month following the month in which the time or expense were incurred may be rejected. Only time and expenses incurred by Co-Lead Counsel or at the direction of Co-Lead Counsel, albeit before their formal appointment, may be submitted for consideration.

Moreover, only that time and those expenses incurred for the common benefit of all cases, consistent with the terms of this Order, shall be considered for common benefit reimbursement at the end of the litigation.

All time and expense submissions shall be made through Crosslink as instructed by Ms. Collins.

### B.     Time Keeping

All time must be accurately and contemporaneously maintained. Counsel shall keep a daily record of time spent in connection with common benefit work on this MDL, indicating with specificity the hours, particular activity (such as "conducted deposition of John Doe"), and the authorizing counsel, where required.[3]V All common benefit work time for each firm shall be maintained in tenth-of-an-hour increments. Time submissions are subject to audit.

---

[3] The PSC shall work with Ms. Collins to establish categories to be used to describe work performed. *See, e.g.,* Order Regarding Plaintiffs' Common Benefit Attorneys' Fees and Expenses, *In re: Paragard IUD Prods. Liab. Litig.*, Case No. 1:20-md-02974, Doc. No. 131 at 14-24.  Upon the establishment of these timekeeping protocols, each time entry must be categorized consistent with those protocols. Time submissions for each category must sufficiently detail the work being performed. Merely identifying a category with no specific details about the work being performed will be scrutinized and may not be compensated.

These guidelines are intended for all activities performed and expenses incurred by Participating Counsel in this MDL:

1. All time submissions must be incurred only for work authorized under this Order by Plaintiffs' Co-Lead Counsel;

2. All time submissions must be made through Crosslink as instructed by Ms. Collins;

3. Failure to provide submissions in a timely manner may result in a waiver of attorney fees claimed for the time period that is the subject of the submission. Failure to submit time and expense record through Crosslink as instructed by Ms. Collins may result in a deficiency, after which the submitting firm must cure the deficient submission. Absent prior approval from Plaintiffs' Co-Lead Counsel or special circumstances, failure to cure the deficiency within 21 days may result in (a) that month's submission being rejected, and (b) the submitting firm waiving compensation for the time and expenses submitted that month. Upon a determination by Plaintiffs' Co-Lead Counsel that a Participating Law Firm repeatedly fails to comply with the requirement to timely submit time and expense records in the required format, that Participating Law Firm may be barred from performing future common benefit work.

4. Time spent compiling the data for the time and expense submissions is not considered common benefit time.

5. Common benefit work shall only be performed by employees of the law firm submitting time and/or expenses unless prior written consent of Co-Lead Counsel is obtained. Absent prior written consent of Co-Lead Counsel, time and/or expenses by contract attorneys will not be compensated or reimbursed.

## V.   PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A.   Establishing the Fee and Expense Funds

At an appropriate time, if this litigation concludes by way of settlement, Plaintiffs' Co-Lead Counsel will be directed by the MDL Court to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "GLP-1 Fee Fund" and the second fund shall be designated the "GLP-1 Expense Fund." These funds will be held subject to the direction of this Court.

If there is a settlement of this litigation, the Court, by a subsequent Order, will appoint a qualified certified public accountant or other duly capable and experienced fund administrator to serve as Escrow Agent ("EA") and/or Fund Administrator ("FA") over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order shall specify the hourly rates to be charged or fee structure for the EA and/or FA, including any of the EA and/or FA's assistants, who shall be utilized where appropriate to control costs. The EA and/or FA shall submit quarterly detailed bills to the Court and to Plaintiffs' Co-Lead Counsel or its designee. Upon approval by the Court, the EA and/or FA's bills shall be paid from the GLP-1 Expense Fund and shall be considered a shared cost. The Plaintiffs' Co-Lead Counsel or its designee shall provide a copy of this Order to the EA and/or FA.

**B.     Payments into the Fee and Expense Funds**

To ensure that claims settled or resolved by judgment—at least in part, due to the common benefit work and expenditures—contribute, as warranted, to any hereafter approved common benefit fees and expenses, the following protocols are established.

**1.     <u>General Standards</u>**

All plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to GLP-1 claims are subject to an assessment of the gross monetary recovery, as provided herein.

**2.     <u>Gross Monetary Recovery</u>**

Gross monetary recovery includes any and all amounts paid to a plaintiff and/or plaintiffs' counsel by defendants through a settlement or pursuant to a judgment. In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the defendant;

(b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (*e.g.*, Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all of the cases of the plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel, including cases pending in this MDL, pending in state court, unfiled, or tolled.

### 3.   Assessment Amount and Holdback

Each case involving a Participating Counsel where a judgment is entered or in which a resolution is reached with a signed settlement agreement shall be assessed for common benefit work and common benefit costs percentage holdbacks amounts as set forth below.  These amounts shall be referred to as a Common Benefit Work Holdback Percentage to be used to compensate common benefit work and a Common Benefit Costs Holdback Percentage used to reimburse common benefit costs.

In a preliminary effort to apprise the Court and all attorneys who represent a Plaintiff for any GLP-1 claims that are subject to an assessment of the Gross Monetary Recovery that may be imposed by the Court, Plaintiffs estimate that the assessment amount will be nine (9%) to be deducted from the attorneys' fees (the Common Benefit Work Holdback Percentage) and two percent (2%) shall be deducted from the client's share of the gross monetary recovery (the Common Benefit Costs Holdback Percentage).

> *Explanatory Information:*  For example, if an individual plaintiff hires an attorney under a contingency fee agreement for 40%, the case attorney would receive 31% of the recovery as their fee and the 9% would be paid into the common benefit.  Importantly, the plaintiff will not be paying more for legal services than they contracted for.  The 2% withheld for costs would come from the plaintiff's recovery.   However, in the event that the costs for the total litigation are under 2% each plaintiff would be entitled to a pro rata refund.

The Common Benefit Work Holdback shall be allocated to pay and/or reimburse fees for legal services that have been and/or will be provided by attorneys acting at the direction and written

authorization by Co-Lead Counsel for the common benefit of Plaintiffs in this MDL. The Common Benefit Cost Holdback shall be allocated to pay and/or reimburse the appropriate common benefit costs that have been and/or will be incurred for work that was at the direction and written authorization by Co-Lead Counsel for the common benefit of Plaintiffs in this MDL.

To be considered for reimbursement from these funds, all expenses and legal services must be done or incurred at the direction of and with the written authorization by Co-Lead Counsel. Nothing herein shall preclude Co-Lead Counsel in consultation with the Plaintiffs' Executive Committee from applying to the Court for an additional common benefit assessment, against all Participating Cases that are pending at the time of such an application, including if additional funds are needed for reimbursement of the expenses that have been and/or will be incurred at the direction of Co-Lead Counsel for the common benefit of Plaintiffs in this MDL, which shall be granted upon a showing of good cause.

### 4.     Reporting Obligations

Plaintiffs' Co-Lead Counsel or their designee shall provide to Defendants' Liaison Counsel the following two lists on a quarterly basis beginning on September 30, 2024: (a) a list of all lawyers who have filed a GLP-1 case that is pending in the MDL ("the MDL Counsel List") which list shall also include all PSC members who are bound by this CMO; and (b) a list of all lawyers who have executed the Participation Agreement, that is Exhibit A hereto, some of whom may not have a GLP-1 case pending in this MDL ("the Participating Counsel List"). These same lists shall be made available to all plaintiffs' counsel with cases in this MDL, as well as any other plaintiffs' counsel who sign the Participation Agreement, upon request. In the event there is a dispute as to whether a case should be included on either/both list(s), Plaintiffs' Co-Lead Counsel shall seek to resolve the matter with the particular plaintiff's counsel informally, and if that is unsuccessful, upon motion to the Court.

Within 30 days of receipt of these two lists from Plaintiffs' Co-Lead Counsel or its designees, Defendants' Liaison Counsel shall provide to Plaintiffs' Co-Lead Counsel or its designees a list of all lawyers who appear as counsel of record on a complaint in any GLP-1 case in any court in the United States (state or federal) who do not appear on either the MDL Counsel List or the Participating Counsel List.

The parties shall endeavor to provide these lists and reconciliation on a quarterly basis, beginning on September 30, 2024, December 30, 2025, March 30, 2025, June 30, 2025, September 30, 2025, and so on.  By agreement, the parties may skip a quarter.

## 5.    Defendants' Obligations to Pay Common Benefit Assessments

For cases subject to an assessment (i.e., all plaintiffs subject to this Order under Section I.B.1–3), any case in which the counsel of record also has appeared as a counsel of record in any case pending in the MDL, or any case for a lawyer without any MDL cases where the PSC has informed the defendants that the plaintiff's lawyer has signed the Participation Agreement, in accordance with the procedure set forth in Section V(B)(4) above, the defendants are directed to withhold an assessment from any and all settlement or judgment amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any plaintiff's claim shall be entered unless accompanied by a certificate of the the defendants' counsel that the assessment, if applicable, will be withheld and will be deposited into the Funds. If for any reason the assessment is not or has not been so withheld, the plaintiff and plaintiff's counsel are jointly responsible for promptly paying the assessment into the Funds.

To preserve the confidentiality of settlement amounts, if any, the defendants may pay any such assessments on an aggregate basis for each quarter. Details of any individual settlement agreement, individual settlement amount, or amounts deposited into escrow by any particular defendant shall be confidential and shall not be disclosed by the EA and/or FA to anyone, including

Plaintiffs' Co-Lead Counsel or its designees, any member of the PSC, any plaintiff's counsel, or the Court, unless the Court requests that it receive that information, in which case the report shall be provided only to the Court and only *in camera* (*i.e.*, not publicly filed and not available to any counsel). Quarterly statements from the EA and/or FA shall, however, be provided to Plaintiffs' Co-Lead Counsel or its designee (and, if the Court so orders, to the Court) showing only the aggregate of the quarterly deposits from all the defendants, disbursements, interest earned, financial institution charges, if any, and current balance.

## VI.   DISTRIBUTIONS

### A.   Court Approval

The amounts deposited into the GLP-1 Fee Fund and the GLP-1 Expense Fund shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit. No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may require by Order. This Court retains jurisdiction over any common benefit award or distribution. Co-Lead Counsel, the Plaintiffs' Executive Committee members, Plaintiffs' Steering Committee members, and any counsel who executes the Participation Agreement recognize that any final decision by this Court regarding common benefit fees and common benefit costs shall be final, binding, and non-appealable.

### B.   Application for Distribution

Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court.

   **IT IS SO ORDERED.**


                                        */s/Karen Spencer Marston*
                                        _____
                                        **KAREN SPENCER MARSTON, J.**