

October 2, 2024

The Honorable Karen Spencer Marston
16613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      **Re:**    *In re Glucagon-Like Peptide Receptor Agonists (GLP-1RAS)*
             *Prods. Liab. Litig.*, MDL No. 3094

Dear Judge Marston:

      Plaintiffs write to follow up on a matter that was raised during the parties' telephonic conference with the Court last Friday, September 27, 2024. During that conference, counsel for Defendant Eli Lilly objected to Plaintiffs not having served complaints in many filed actions. Lilly asserted that the non-service of the complaints was inconsistent with Lilly's expectations of when complaints would be served and that this was delaying their receipt of Plaintiff Fact Sheets. Despite the agreed-to and unambiguous language of the Case Management Order(s) regarding service of complaints and timing of service of Plaintiff Fact Sheets (CMOs 12 and 14) and the clear prescription of the Federal Rules of Civil Procedure, Lilly insists that Plaintiffs somehow implicitly waived the 90 days they are permitted to serve the summons and complaints. Although it was never *mentioned* much less discussed during the negotiations of CMOs 12 and 14, or the Plaintiffs' Fact Sheet discussions, Lilly's counsel believed that service of the complaints would occur much sooner than the permitted 90 days. Lilly thus now wants a modification of these carefully and extensively negotiated CMOs that would force earlier service of the fact sheets. How much earlier they expected the complaints to be served is unclear; Lilly's counsel thought it would be sooner but could not say much how sooner or why it would be sooner. Even though, according to Lilly's counsel, this earlier service was a critical aspect of Lilly's agreements, Plaintiffs' alleged waiver of the FRCP service timeline was never mentioned in the discussions or incorporated in the CMOs. In fact, the meet and confer process related to Plaintiff Fact Sheets was extensive and included a full day meeting in Providence, Rhode Island. During all the time the parties were negotiating, Lilly never asked Plaintiffs to waive the 90-day statutory period. Plaintiffs learned of Lilly's position for the first time last week. Lilly's attempts to undo the results of an extensive meet and confer process erode the implicit good faith that is needed for future productive meet and confers in this MDL and should be rejected.

      As noted above, the parties explicitly agreed to service provisions adopted by the Court in CMO 14, which was a jointly submitted Order. In CMO 14, the Court recognized the 90-day period for service for newly filed cases. According to CMO 14, III. C. "Plaintiffs whose complaints are not subject to Paragraph B above, who have not already served these Defendants, and whose case has not yet been docketed in the MDL, **shall have 90 days** from the date that case is docketed in the MDL to serve the complaint with a summons [emphasis added]." Importantly, CMO 14 and

  

its provisions governing service were entered <u>on the same day</u> as CMO 12 governing Plaintiff Fact Sheets.  According to Section III B. of CMO 12:

> Each Plaintiff in a Member Action that is not pending in the Eastern District of Pennsylvania on the date of entry of this Order but which thereafter becomes part of MDL 3094 shall have 45 days **from the date that the case becomes part of MDL 3094 or from the date Defendants are served, whichever is later**, to serve their Required Materials.

(emphasis added).

Lilly's counsel made no mention of these unequivocal CMO provisions when asserting in a phone conference that Plaintiffs' counsel were somehow abusing the process.

Moreover, pursuant to Federal Rule of Civil Procedure Rule 4(m), a plaintiff must effect service of the Complaint within "90 days after the complaint is filed." Plaintiffs are unaware of any case that has not been served within the time frame provided by the rules. There is nothing in the Federal Rules or Third Circuit jurisprudence that mandates service of the Complaint before the 90-day service period; only *within* 90 days. See, *Walker v. Pennsylvania Department of Transportation*, 812 Fed.Appx. 93, 94 (3rd Cir. 2020) (noting consistent with Fed. R. Civ. P. 4(m) service of the complaint must be made within 90 days of filing) see also *Moore v. Walton*, 96 F.4th 616, 623 (3rd Cir. 2024) ("Rule 4(m) sets a default period for service of 90 days." 96 F.4th 616, 623 (3rd Cir. 2024).  Likewise, under standard federal practice, the earliest a party may be required to respond to discovery is 51 days after service of a complaint.  (Discovery served under the early Request For Production of Documents provision of Rule 26(D)(2)(A) served on day 21 would be due on day 51).  Here, the parties negotiated and agreed to provide discovery within 45 days of service – a week earlier than would have been required by Rule 26. In Plaintiffs' counsel's view, it would be a disservice to our clients to not use the time allotted to be as accurate and comprehensive as possible.

The longstanding agreement and ordered parameters aside, fact sheets will be served. Although defendants have fought for and obtained a deferral of any case specific discovery for the indefinite future (and thus do not currently need extensive fact sheets or the dozens of medical record and other authorizations), Plaintiffs appreciate that a small subset of the information in the full Plaintiff Fact Sheet is helpful to Defendants to preliminarily assess the claims being filed against them. Over the next eight days, as scheduled, Defendants will receive approximately 165 fact sheets. By the end of the year, they will receive an additional 700 full fact sheets and by the first week of February an additional 300 Fact Sheets. Accordingly, the information they are seeking will be forthcoming and it is not an indefinite time from now; the latest it will come can be calculated to the very day.

In sum, the implication by Lilly's counsel that there was some gamesmanship is belied by the facts here and Plaintiffs respectfully request the Court reject Lilly's counsel's attempt to modify our clients' statutory rights and the previous CMOs entered by this Court.

  

We thank the Court for its time and consideration of these matters.

                Respectfully submitted,

                */s/ Paul Pennock*
                Paul Pennock
                MORGAN & MORGAN
                350 Fifth Avenue, Suite 6705
                New York, NY 10118
                Telephone: (212) 738-6299
                Email: ppennock@forthepeople.com

                Parvin K. Aminolroaya
                SEEGER WEISS LLP
                55 Challenger Rd., 6th Floor
                Ridgefield Park, NJ 07660
                Telephone: (973) 639-9100
                Email: paminolroaya@seegerweiss.com

                Jonathan Orent
                MOTLEY RICE LLC
                40 Westminster St., 5th Floor
                Providence, RI 02903
                Telephone: (401) 457-7700
                Email: jorent@motleyrice.com

                Sarah Ruane
                WAGSTAFF & CARTMELL
                4740 Grand Avenue Suite 300
                Kansas City, MO 64112
                Telephone: (816) 701-1123
                Email: sruane@wcllp.com

                *Plaintiffs' Co-Lead Counsel*