

December 11, 2024

VIA ECF

Judge Karen S. Marston
16613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *In re: Glucagon-like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation,* 2:24-md-03094 (MDL 3094); Scheduling of a Hearing on Cross-Cutting Issue No. 1

Dear Judge Marston:[1]

Plaintiffs respectfully request that a hearing on Cross-Cutting Issue No. 1 (gastroparesis diagnosis)[2] be scheduled for late July, or alternatively that the hearing be limited to an attorney presented oral argument hearing if it is scheduled for May 2025. As a result of the massive ongoing factual discovery effort, Rule 702/*Daubert* motion practice on the gastroparesis diagnosis experts' reports, motion to dismiss briefing as to the Master Complaint, and preparation of expert reports on (1) preemption and (2) general causation involving five injuries and six GLP-1 drugs in which Plaintiffs' leadership counsel will be fully engaged leading up to and during May 2025, it would be very difficult to simultaneously prepare and present expert witnesses in a hearing before Your Honor in May. Therefore, Plaintiffs respectfully request that if, after considering the Issue No. 1 Rule 702/*Daubert* motions, the Court decides to hold an evidentiary hearing, then both oral argument and testimony from the challenged witnesses be set for Thursday, July 31, 2025.

Plaintiffs do not make this request lightly. The following factors weighed into this analysis and request: First, the amount of work to be done between now and July 16, 2025 (the date Plaintiffs' next set of expert reports are due) is very significant. An evidentiary hearing of the nature that seems to be contemplated will draw from resources dedicated to an already full schedule. Currently, Plaintiffs have received only a small number of documents from custodial files of the individuals who developed the drugs at issue over several decades and are responsible for safety and FDA regulatory compliance. Plaintiffs know there are significantly larger productions to come. They will be very large and very rapid. Thus, in the coming months, Plaintiffs will need to review a vast volume of documents, easily exceeding one million pages and analyze reams of data from clinical trials, adverse event databases, and their source materials. (This evidence will be at the core of proving what the Defendants knew about the risks of their drugs and whether and how they disclosed this to FDA.) While reviewing information, Plaintiffs will be identifying additional employees from whom discovery is needed and carefully selecting them due to limitations on the numbers of custodians whose files we can obtain.

---

[1] This letter is respectfully submitted pursuant to leave granted by the Court during the December 6, 2024 status conference. *See* 12/6/24 Transcript at 9:17-18.

[2] *See* CMO 18 (identifying three "cross cutting" issues for early discovery and motion practice).

Through all of this, Plaintiffs' counsel will also be deciding which company personnel need to be deposed, a selection that must be made carefully, and then preparing for and conducting those complex and document-heavy depositions. Although each deposition only takes one day, the preparation takes many days for the examiner and dozens of days for the team supporting the examiner. Exemplifying the complexity of these depositions is that defendant employee witnesses are typically prepared for 5 or more days by a team of defense counsel. For Plaintiffs' counsel, the key and most experienced lawyers from the PSC, PEC, and Co-Leads (hereafter PSC) will take these depositions, requiring the near constant attention of these key attorneys for the first and second quarter of 2025. This deposition preparation process will consume, in one role or another, the entirety of the PSC. While this is all happening, some subset of the same lawyers will be working with general causation expert witnesses and, in all likelihood, one or more regulatory expert witnesses, to keep them on track with their work to ensure that their reports are timely served two weeks after the fact discovery deadline of July 2nd. Simultaneous with all of this is the construction of detailed timelines, "casts of characters", narratives, and relevant documentary evidence exhibit lists to ultimately defend summary judgment motions. This is work that the PSC is ready and willing to complete. But the PSC respectfully request that an Issue 1 hearing and the additional resources associated with presenting expert witnesses be scheduled for July 31, 2025, following the completion of these obligations.

Moreover, with ongoing expert report deadlines and discovery that could possibly impact the Court's consideration of Issue No. 1, Plaintiffs respectfully submit that it would be best to defer the hearing until the end of discovery.[3] *See, e.g., Brooks v. Lyon Cnty.*, No. 06-1089-WEB, 2007 WL 1146612, at *1 (D. Kan. Apr. 17, 2007) ("The court finds that plaintiff's request for a *Daubert* hearing is premature. This court does not ordinarily determine whether a *Daubert* hearing is appropriate until after discovery is completed and the evidence in support of the claims has been identified. Discovery will often illuminate the basis for an expert's opinion and may eliminate the need for any *Daubert* hearing altogether."); *Houlahan v. World Wide Ass'n of Specialty Programs and Schs.*, No. 04-01161, 2007 WL 4730934, at *3 n.5 (D.D.C. May 30, 2007) ("Until such time as the parties have concluded discovery, including depositions of expert witnesses, it would be premature to have a *Daubert*-type hearing on the validity of Dr. Hall's opinions."); *Moore v. Shelby Cnty., Kentucky*, 718 F. App'x 315, 320 (6th Cir. 2017) ("Common sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence.") (overruling grant of summary judgment where there was inadequate time to conduct discovery).[4]

---

[3] Plaintiffs' counsel believes that a determination of whether a particular plaintiff had gastroparesis is ultimately a question of fact hinging on a case-specific analysis. *See* ECF 175 at 3 ("These issues cannot be effectively litigated in a vacuum, under some expedited schedule, and ... cannot be devoid of any plaintiff-specific or patient-specific facts or context. Take, for example, ... the topic of a gastroparesis diagnosis. ... [D]iscovery would be required as to each individual's medical history, depositions of treating physicians, a case-specific expert analysis of each individual's differential diagnosis and a general expert analysis of the circumstances and basis for a gastroparesis diagnosis, along with discovery from those experts.").

[4] Plaintiffs' counsel continue to believe that discovery will uncover evidence relevant to Issue No. 1.

Plaintiffs respectfully submit that the relatively short deferral of this hearing to late July, *when there will be no ongoing depositions of any kind* and fact discovery will be closed, will not unduly delay the Court's consideration of Issue 1 and will allow both sides the time to focus on this important hearing, should the Court decide to hold one.

We thank Your Honor for your time and consideration of these matters.

    Very truly yours,

    */s/ Paul Pennock*
    Paul Pennock
    MORGAN & MORGAN
    350 Fifth Avenue, Suite 6705
    New York, NY 10118
    Telephone: (212) 738-6299
    Email: ppennock@forthepeople.com

    Parvin K. Aminolroaya
    SEEGER WEISS LLP
    55 Challenger Rd., 6th Floor
    Ridgefield Park, NJ 07660
    Telephone: (973) 639-9100
    Email: paminolroaya@seegerweiss.com

    Jonathan Orent
    MOTLEY RICE LLC
    40 Westminster St., 5th Floor
    Providence, RI 02903
    Telephone: (401) 457-7700
    Email: jorent@motleyrice.com

    Sarah Ruane
    WAGSTAFF & CARTMELL
    4740 Grand Avenue Suite 300
    Kansas City, MO 64112
    Telephone: (816) 701-1123
    Email: sruane@wcllp.com

    *Plaintiffs' Co-Lead Counsel*

cc (via e-mail):
cag@saxtonstump.com;
sharrison@saxtonstump.com;
MDL_3094_Lilly_Discovery@kirkland.com;
ssilver@welshrecker.com;
MDL_3094_Novo_Discovery@us.dlapiper.com