**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAs) PRODUCTS LIABILITY LITIGATION | : : : : | CIVIL ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS/ALL CASES | : : : : | MDL No. 3094 2:24-md-3094-KSM |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. JUDICIAL NOTICE IS NOT APPROPRIATE BECAUSE THE DOCUMENTS
ARE IRRELEVANT TO THE MOTION TO DISMISS ....................................................... 2

III. CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albion Eng'g Co v. Hartford Fire Ins. Co.*,
  779 F. App'x 85 (3d Cir. 2019) .................................................................................................. 2

*Al-Hasani v. Sec'y United States Dep't of Homeland Sec.*,
  81 F.4th 291 (3d Cir. 2023) ................................................................................................... 2, 4

*Cavert Acquisition Co. v. NLRB*,
  83 F.3d 598 (3d Cir. 1996) ....................................................................................................... 2

*Clements v. Sanofi-Aventis, U.S., Inc.*,
  111 F. Supp. 3d 586 (D.N.J. 2015) ........................................................................................... 4

*Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*,
  529 F. Supp. 3d 385 (E.D. Pa. 2021) ........................................................................................ 4

*In re Wellbutrin SR/Zyban Antitrust Litig.*,
  281 F. Supp. 2d 751 (E.D. Pa. 2003) ........................................................................................ 4

*Kamden-Ouaffo v. Hucarro*,
  2017 WL 11724428 (D.N.J. Jan. 13, 2017) .............................................................................. 2

*Kimbrough v. Bucks Cnty.*,
  2025 WL 378920 (E.D. Pa. Feb. 3, 2025) ................................................................................ 4

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
  998 F.2d 1192 (3d Cir. 1993) ................................................................................................... 4

*PG Pub. Co. v. Aichele*,
  902 F. Supp. 2d 724 (W.D. Pa. 2012) ....................................................................................... 2

*Pierot v. Gilead Scis., Inc.*,
  2019 WL 1123148 (W.D. La. Mar. 11, 2019) .......................................................................... 4

*Roche v. Aetna, Inc.*,
  2023 WL 3173394 (D.N.J. May 1, 2023) ................................................................................. 4

*Royer v. Robertson*,
  2023 WL 6319982 (W.D. Pa. Sept. 28, 2023) .......................................................................... 2

*Victaulic Co. v. Tieman*,
  499 F.3d 227 (3d Cir. 2007) ..................................................................................................... 2

**<u>Rules</u>**

Fed. R. Evid. 201(b) and (c) ................................................................................................ 1

## I.  **INTRODUCTION**

Along with their Motion to Dismiss Plaintiffs' Master Complaint (the "Motion") (ECF 329),[1] Defendants filed a Request for Judicial Notice (the "Request") (ECF 328) asking the Court to take judicial notice of eight documents they characterize as "Product Labeling for" their GLP-1 RAs[2] from November or December of 2024 that are attached to the Request as exhibits "A" through "H" (the "2024 Documents"). *See* Req. at 1-2. The Court should deny Defendants' Request because Defendants have not supplied the Court with "the necessary information" to determine that the 2024 Documents are, or contain, any "fact that is not subject to reasonable dispute" as required by Federal Rule of Evidence 201(b) and (c); and because the 2024 Documents are irrelevant to the issues, and the single claim, for which Defendants offer them in their Motion.

Defendants do not explain what type of "Product Labeling" the documents represent or when consumers might have seen them. The 2024 Documents appear to be package inserts that a consumer may or may not see until *after* purchasing the medication and then, only if the consumer made the purchase after November or December of 2024; Defendants make no showing that these Documents are unchanged over time. But the relevant portion of the Motion before the Court relates to the sufficiency of Plaintiffs' claims for omissions and misrepresentations in many places, including through key opinion leaders, in the literature aimed at health care providers, marketing materials to physicians, and direct-to-consumer and online marketing campaigns stretching back to 2018, ¶¶ 309-433,[3] rendering the 2024 Documents irrelevant.

---

[1] Defendants' Memorandum of Law in Support of the Motion (ECF 329-1) is referred to herein as Defendants' "Brief."

[2] "GLP-1 RAs" refers collectively to the class of drugs knows as glucagon-like peptide-1 (GLP-1) receptor agonists which includes combined GLP-1 and glucose-dependent insulinotropic polypeptide (GIP) receptor agonists.

[3] Paragraph citations ("¶") herein refer to paragraphs in the Master Long Form Complaint and

1

## II. JUDICIAL NOTICE IS NOT APPROPRIATE BECAUSE THE DOCUMENTS ARE IRRELEVANT TO THE MOTION TO DISMISS

It is well-established in the Third Circuit that a court should not take judicial notice of facts where they are irrelevant to the issues before the Court. *See, e.g.*, *Al-Hasani v. Sec'y United States Dep't of Homeland Sec.*, 81 F.4th 291, 301 (3d Cir. 2023) (declining to take judicial notice of divorce decree because although decree was public record, the divorce was not relevant to issue before the court); *Albion Eng'g Co v. Hartford Fire Ins. Co.*, 779 F. App'x 85, 90 (3d Cir. 2019) (denying motion for judicial notice of the fact that a brief was filed in another case because "it is irrelevant to the issue before us" and finding any request to take judicial notice of facts in brief would be "inappropriate"); *Cavert Acquisition Co. v. NLRB*, 83 F.3d 598, 609–610 (3d Cir. 1996) (declining to take judicial notice of irrelevant facts).[4] This is particularly true with respect to motions on the pleadings where consideration of matters outside of the pleadings are generally disfavored. *See Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007), *as amended* (Nov. 20, 2007) ("While the rules allow a court to take judicial notice at any stage of the proceedings, . . . we believe that it should be done sparingly at the pleadings stage. Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point."); *see also Royer v. Robertson*, 2023 WL 6319982, at *4–5 (W.D. Pa. Sept. 28, 2023) (denying request for judicial notice of report where complaint did not refer to report or rely on it "in any relevant sense" and noting that considering it to rebut allegations in complaint "would be improper at the motion-to-dismiss stage").

---

Demand for Jury Trial (ECF 294) (the "Complaint").

[4] *See also PG Pub. Co. v. Aichele*, 902 F. Supp. 2d 724, 735 (W.D. Pa. 2012) (declining to consider whether there was an adequate basis for taking judicial notice of document because statements in document were irrelevant to the issues), *aff'd*, 705 F.3d 91 (3d Cir. 2013); *Kamden-Ouaffo v. Hucarro*, 2017 WL 11724428, at *2 (D.N.J. Jan. 13, 2017) (denying request to take judicial notice of a fact because it was not relevant to claims in the case).

2

Here, Defendants' only substantive use of the 2024 Documents is in their argument that Plaintiffs' misrepresentation claims are inadequately pled where they argue that "Plaintiffs also contend that Defendants did not disclose that patients frequently stop taking GLP1-RAs and GLP-1RA/GIPs due to adverse events," citing two paragraphs from Plaintiffs' negligent undertaking claim.[5] Br. at 21 (citing ¶¶ 852-53). According to Defendants, the labels that are the subject of their Request "identify the percentage of patients who discontinued using the respective medication during clinical trials." Br. at 21-22. This is irrelevant to the claims to which Defendants direct these arguments and seek to use these Documents. First, as it relates to the specific paragraphs cited by Defendants, paragraph 852 alleges that "Novo also does not disclose *in its [direct to consumer] marketing campaigns* that the majority of patients stop taking its weight loss drugs in the first year," then alleges, along with paragraph 853, that Defendants knew that "many patients stop taking its weight loss drugs due to adverse events or intolerability." ¶¶ 852-53 (emphasis added). Nothing in the 2024 Documents addresses these allegations.

More importantly, however, the 2024 Documents do not relate to Plaintiffs' misrepresentation claims. Plaintiffs allege, in part, that Defendants consistently understate the risks and overstate the weight-loss benefits of GLP-1 RAs. *See, e.g.*, ¶¶ 9, 436, 588-612. One way in which Defendants overstated the weight-loss benefits of GLP-1 RAs was that they, among other things, made bold claims of weight-loss but then failed to disclose that many people are unable to tolerate the drug so they stop taking it and thereby fail to ever achieve any meaningful weight-loss. *See, e.g.*, ¶¶ 589, 687. For example, Defendants' marketing that includes the bold weight-loss statements does not include the fact that more than half of users stop taking GLP-1 RAs within the

---

[5] Defendants also cite the 2024 Documents during the background section of their Brief. Br. at 4-6.

first 12 weeks, and 30 percent stop in the first four weeks, rendering the drugs ineffective for most people. ¶¶ 609-612. Nothing in the 2024 Documents is relevant to these allegations. The 2024 Documents are not related to weight loss and state only that a number of patients discontinued use during clinical trials for a variety of adverse events. *See* 2024 Documents.

Because the 2024 Documents are not relevant to issues present in the Motion, the Court should deny Defendants' Request for Judicial Notice. *See Al-Hasani*, 81 F.4th at 301; *see also Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*, 529 F. Supp. 3d 385, 405-06 (E.D. Pa. 2021) (Marston, J.) (declining to take judicial notice of documents that, even if they were otherwise admissible, would not be "reliable indicators" of the facts for which they were offered).[6] Were the Court to take judicial notice, it should solely be to acknowledge the existence of the 2024 Documents and not for the accuracy or import that the Defendants are trying to ascribe to them. *See Kimbrough v. Bucks Cnty.*, 2025 WL 378920, at *6 n. 7 (E.D. Pa. Feb. 3, 2025) (Marston, J.) (taking judicial notice of document only "for the limited purpose of showing that a particular statement was made by a particular person," and "not for the truth of the matters purportedly contained within those documents") (citing *Roche v. Aetna, Inc.*, 2023 WL 3173394, at *4 (D.N.J. May 1, 2023)); *see also Pierot v. Gilead Scis., Inc.*, 2019 WL 1123148, at *3 (W.D. La. Mar. 11, 2019) (explaining that judicial notice of FDA labels extends only to their existence, not their adequacy).

---

[6] None of the cases cited by Defendants warrant a different result. *See In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 754 n.2 (E.D. Pa. 2003) (taking notice of a listing of new drug approvals); *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 592 & n.2 (D.N.J. 2015) (taking judicial notice of FDA approvals). Indeed, *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) clarified "that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss **if the plaintiff's claims are based on the document**." *Id.* at 1196 (emphasis added). But the claims Defendants seek to dismiss here decidedly are **not** based on the 2024 Documents.

4

## III.  CONCLUSION

For the foregoing reasons, Defendants' Request for Judicial Notice should be denied.

Dated: March 18, 2025                                        Respectfully submitted,


*/s/ Paul J. Pennock*
Paul J. Pennock
MORGAN & MORGAN, P.A.
350 Fifth Ave., Suite 6705
New York, NY 10118
Phone: (212) 738-6839
ppennock@forthepeople.com

Parvin K. Aminolroaya
SEEGER WEISS LLP
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
Phone: (973) 639-9100
paminolroaya@seegerweiss.com

Jonathan Orent
MOTLEY RICE LLC
40 Westminster St., 5th Floor
Providence, RI 02903
Phone: (401) 457-7700
jorent@motleyrice.com

Sarah Ruane
WAGSTAFF & CARTMELL
4740 Grand Avenue Suite 300
Kansas City, MO 64112
Phone (816) 701-1123
sruane@wcllp.com

*Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 18, 2025, a true and correct copy of Plaintiffs' Response in Opposition to Defendants' Request for Judicial Notice, together with a proposed order, was electronically filed using the Court's CM/ECF System, which will send notification of such filing to all counsel of record, and is available for viewing and downloading from the ECF System.

Dated: March 18, 2025

                */s/ Nina C. Spizer*
                Nina C. Spizer
                **Dilworth Paxson LLP**
                1650 Market Street, Suite 1200
                Philadelphia, PA 19103
                Telephone: (215) 575-7000
                Email: nspizer@dilworthlaw.com

                *Liaison Counsel*