**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | : : : : : : | CIVIL ACTION<br><br>MDL No. 3094<br>24-md-3094 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS/ALL CASES* | : : : | HON. KAREN SPENCER MARSTON |

**CASE MANAGEMENT ORDER NO. 24**

**Deposition Protocol for Non-Experts**

  **AND NOW**, this 21st day of March, 2025, with respect to depositions of non-experts taken in this MDL No. 3094, it is **ORDERED** as follows:

**I.  General Provisions**

  1.  This Order shall apply to all cases filed in, transferred to, or removed to this Court and assigned to the MDL, including all cases subject to this Court's Coordination Order, Case Management Order No. 25 (the "Coordinated Actions"). This Order is binding on all parties, deponents, and their counsel.

  2.  Unless expressly modified herein, the Federal Rules of Civil Procedure and E.D. Pa. Local Rules control.  Any objections will be governed by Federal Rule of Civil Procedure 30(c) and the Federal Rules of Evidence.

  3.  For the purpose of this Order, the terms "MDL Plaintiffs" and "MDL Defendants" refer, respectively, to all Plaintiffs and all Defendants in these MDL proceedings. The terms "Plaintiffs" or "Plaintiffs' Counsel" refers to Plaintiffs' leadership appointed by the Court (*i.e.*, Lead Counsel, Co-Lead Counsel, Plaintiffs' Executive Committee, Plaintiffs' Steering Committee, together with committees or sub-committees specifically authorized by the Court to conduct

discovery), or any other counsel for a Plaintiff that intends to notice or attend any deposition in this MDL. The terms "Defendants" or "Defendants' Counsel" refer to Defendants' Counsel. The term "Coordinated Action(s)" refers to related actions outside of the MDL Proceeding which involve similar claims and parties as these proceedings.

4. For purposes of fact discovery contemplated by Case Management Order ("CMO") Nos. 18 and 23, along with any amendments to these CMOs, Plaintiffs shall be permitted to take no more than 20 depositions of Defendant Eli Lilly or its personnel, including its current or former employees or representatives. Depositions include any oral testimony noticed under any subsection of Federal Rule of Civil Procedure 30 or state equivalents, in an individual or corporate representative capacity. Limits on the number of any other depositions shall be handled via subsequent agreement of the parties or order of the Court.

A. **Coordination**

5. A witness may be deposed in their individual capacity as a fact witness only once in total across all cases, including the Coordinated Actions, unless agreed to by the parties or authorized by an order of the Court upon a showing of good cause by the party seeking the additional deposition.

6. To effectuate Paragraph 5 above, depositions noticed in the MDL will be cross-noticed in the Coordinated Actions.

B. **Length and Scope**

7. **Depositions shall be no more than seven and a half (7.5) hours. Examining counsel shall have up to seven (7) hours for initial questioning, and at least 30 minutes for reexamination.[1] This 7.5 hour limit does not include the time for questioning by counsel**

---

[1] For example, if the initial examination lasts seven (7) hours, the examining attorney will nevertheless have thirty (30) minutes for reexamination. If the initial examination lasts six (6) hours and

**defending the deposition. Depositions are otherwise subject to the time limitations set forth in Federal Rule of Civil Procedure 30(d)(1), unless stipulated or ordered by the Court or Special Master.**

8. Where a deponent has restrictions on the length of time that the deponent may sit for a deposition in one (1) day, the deponent's counsel (or the deponent, if not represented by counsel) shall notify the examining counsel in advance, so that the parties may confer on a schedule to complete the deposition.

9. Counsel shall ask questions that are non-duplicative of questions already asked at the deposition.

### C.  Scheduling and Logistics

10. Counsel shall cooperate on selecting a date, time, and location for each deposition that is mutually convenient for counsel and the deponent.

11. Depositions shall begin between 9:00–10:00 a.m. in the deponent's time zone, absent agreement of the parties.

12. Unless otherwise agreed to by the parties or ordered by the Court, no deposition shall be taken on Saturdays, Sundays, or federal court holidays.

13. Plaintiffs' Lead Counsel shall be responsible for noticing all depositions for MDL Plaintiffs, and Plaintiffs' Lead Counsel must provide seven (7) calendar days written notice of any proposed deposition date, time, and location. Similarly, if the noticing party is a defendant, Defendant's Counsel must provide seven (7) calendar days written notice of any proposed deposition date, time, and location to other Defendants' Counsel before noticing any deposition.

---

forty-five (45) minutes, the examining attorney will have thirty (30) minutes for reexamination. If the initial examination lasts five (5) hours, the examining attorney will have two (2) hours for reexamination.

14. For in-person depositions of a deponent residing and employed outside of the United States, the parties shall confer on a suitable location to efficiently minimize travel and other costs.

15. The noticing party shall be responsible for retaining and paying for a court reporter and videographer. The parties shall pay for their own copies of transcripts and videos. For any depositions requiring an interpreter, the request for an interpreter shall be made by the deponent's counsel in writing to the noticing party stating the necessity of an interpreter, and the noticing party shall be responsible for payment. In the event that the interpreter is engaged in interpreting for parts of the deposition, the parties shall meet and confer about additional deposition time to account for the time related to the interpreter.

**D.    Deposition Notices**

16. Each deposition notice subject to this Order shall comply with Federal Rule of Civil Procedure 30(b). The deposition notice shall include the name, address, and telephone number of counsel for the noticing party, as well as the date, time, and location of the deposition. The notice shall also indicate whether the deposition will be taken in person or via remote means.

17. This Order in its entirety shall be attached to any subpoena or deposition notice that pertains to a non-party witness covered by its terms. The term "non-party" includes former employees or representatives.

18. Deposition notices shall be served by email on Plaintiffs' Lead Counsel and Defendants' Counsel.

19. To allow for planning, preparation, and coordination among counsel, depositions must be noticed at least thirty (30) calendar days before they are scheduled to occur. Depositions may be scheduled on shorter notice by agreement of the parties in writing or as ordered by the Court.

20. Deponents who are current employees of MDL Defendants shall be requested to appear for a deposition by a deposition notice directed to Defendants' Counsel and shall not be served with a subpoena. Deponents who are former employees of MDL Defendants will be requested to appear for a deposition by a deposition notice directed to Defendants' Counsel and shall not initially be served with a subpoena. MDL Defendants will use their best efforts to make available their former employees whose depositions have been noticed without requiring a subpoena. A former employee retains the right to request issuance of a subpoena for any reason within twelve (12) calendar days of their receipt of the deposition notice. If an MDL Defendant is unable to produce a former employee without a subpoena, it shall promptly notify the noticing party.

21. Any party or witness receiving a deposition notice shall have ten (10) calendar days from receipt of the deposition notice to serve the noticing party with a written objection to the deposition on grounds that the deposition is not permitted by the terms of this Order.

22. After counsel, through consultation, have arrived on a date, time, and location for a deposition, the noticing party shall serve an amended deposition notice reflecting the agreed upon date, time, and location.

   **E.   Means of Recording**

23. The noticing party shall provide the court reporter and videographer with a copy of this Order.

24. The court reporter shall maintain a list of all deposition attendees, including any attending remotely.

25. The court reporter must be certified and shall stenographically record all deposition proceedings and testimony with "real-time" feed capabilities. A party seeking to transmit "real-time" feeds to computers may do so at their own expense by making a request to the court reporter.

26. The court reporter shall administer the oath or affirmation to the deponent. The written transcript prepared by the court reporter shall constitute the official record of the deposition for purposes of Federal Rule of Civil Procedure 30's requirements concerning filing, retention, certification, and the like.

27. The court reporter need not be physically present with the deponent. To the extent necessary, the parties agree that the court reporter need not be certified or licensed in each state in which a witness is deposed, provided that the court reporter is otherwise sufficiently and appropriately certified and licensed in at least one state. The parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent is located at the time of the deposition.

28. If a deposition is videotaped, the videographer is subject to the provisions of Federal Rule of Civil Procedure 28(c). At the start of the deposition, the videographer shall affirm to record the proceedings fairly and accurately.

29. Any person attending the deposition (in person or remote) shall be identified on the record at the commencement of the deposition.

30. A video recording of the deposition shall include the court reporter administering the oath to the deponent.

31. Unless physically incapacitated, the deponent shall be seated at a table.

32. No deponent shall substitute a "virtual background" for the actual room in which the deponent is located.

33. The deposition may go "off the record" only upon the agreement of both the examining and defending counsel. The court reporter, or if the deposition is videotaped, the

videographer, shall maintain a total "on the record" running time for testimony to record how much time has been taken (and thus how much time the questioning counsel has left).

34. Video recording will be suspended during all "off the record" discussions, and the videographer shall note such suspensions.

35. The videographer shall use recording equipment with an appropriate timer and, unless otherwise agreed to by the parties, shall prepare and provide counsel with a log, cross-referenced with timestamps, that identifies the portion of the recording at which examination by different counsel begins and ends, when exhibits are used, and when there is any interruption of continuous tape recording, whether for recess, "off the record" discussions by counsel, mechanical failure, or other interruption.

36. The videographer shall maintain custody of the original video in its original condition, without editing in any fashion. No part of the video or audio record shall be released or made available to the public unless authorized by the Court.

**F.** **Attendance**

37. Parties may examine the deponent in person or via video streaming. If the noticing party proceeds in person, a link for remote attendance must still be provided for other attendees.

38. The deponent's counsel, including in-house counsel who must be identified on the record, is permitted to be present in the room with the deponent, even if the questioning counsel is not present in person.

39. All persons present in the location where the deponent is located shall not by word, sign, or other means coach or suggest answers to the deponent.

40. Subject to the confidentiality provisions in Section K, depositions may be attended only by the parties, the deponent, the deponent's counsel, counsel of record in the MDL and assisting attorneys/staff, counsel of record in any Coordinated Actions, in-house counsel, corporate

representatives, interpreters, court reporters, and videographers, unless otherwise agreed to by the parties or ordered by the Court.

41. Plaintiffs' Counsel are encouraged to limit the number of counsel and staff at any given deposition, and Plaintiffs' Lead Counsel shall designate no more than two (2) attorneys to examine the deponent.

42. Counsel for each Defendant shall be permitted one (1) attorney each to examine the deponent.

### G. Sequence of Examination and Allocation of Time

43. For depositions only noticed in the MDL, in the absence of an alternative agreement by Plaintiffs' Lead Counsel and Defendants' Counsel, the questioning of witnesses within the control of a party shall proceed in the following sequence: (i) examination of up to seven (7) hours by the side that noticed the deposition; (ii) examination by the party presenting the witness and any other party on their side; (iii) counsel for the deponent (if different); (iv) at least thirty (30) minutes of re-examination by the side that noticed the deposition; and (v) any re-examination by the party presenting the witness and any other party on their side. If the side that noticed the deposition declines to re-examine the witness, the deposition shall conclude.

44. Similarly, for non-party witnesses, the first noticing party and any other noticing party on their side will proceed first with their examination(s). Further questioning shall proceed as described above.

### H. Objections

45. An objection by a single plaintiff shall be deemed an objection by all Plaintiffs, including in any Coordinated Actions, unless otherwise specified. An objection by one defendant shall be deemed an objection by all Defendants. However, an instruction not to answer by one

plaintiff shall not be deemed an instruction not to answer by all Plaintiffs. The same applies for instructions not to answer by a single defendant.

### I.  Consulting with Deponent

46. When a question is pending, the deponent must first answer the question before consulting with counsel, except that a deponent may consult with counsel at any time for the purpose of: (a) determining whether a privilege exists, (b) determining whether the disclosure of information may violate an order of this Court or another court, or (c) addressing an issue regarding confidentiality or whether the information sought is subject to an applicable protective order.

### J.  Corporate Representative

47. The parties agree to consecutive depositions of an individual who is both a fact witness and a corporate representative designee under Federal Rule of Civil Procedure 30(b)(6). One deposition will be taken in their individual capacity and a separate deposition will be taken in their capacity as a corporate representative; these depositions will count as two separate depositions toward Plaintiffs' limit as outlined in Paragraph 4. Absent agreement of the parties or an order from this Court, an individual designated to testify as both a corporate representative and in their individual capacity shall not be deposed for more than a total of two (2) days with seven and a half (7.5) hours of testimony each day, as outlined in paragraph 7 of this Order.

48. Any deposition notice for a corporate representative under Federal Rule of Civil Procedure 30(b)(6) shall describe with reasonable particularity the matters for examination. In the event there is a dispute regarding the scope or relevance of the matters identified for examination, the parties shall meet and confer to attempt to resolve the dispute before bringing the dispute before Special Master Stengel or the Court for resolution.

49. Upon receipt of a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6), and cross-noticed in the Coordinated Actions, plaintiffs' counsel in a Coordinated Action shall have ten (10) calendar days to cross-notice any related, non-duplicative topics.

### K. Confidentiality

50. All parties shall adhere to all protective orders entered in the MDL and shall take appropriate steps to ensure that deponents and their counsel adhere to applicable protective orders. Nothing in this Order modifies the terms of any protective order entered by the Court.

51. Counsel shall have the right to exclude from depositions any person who is not authorized to receive confidential documents or information pursuant to an applicable protective order for any periods of examination or testimony during which confidential documents or information are being used or discussed.

52. If a deponent is questioned about any document or exhibit designated as "Confidential," "Highly Confidential – Attorney's Eyes Only," or "Highly Confidential – Attorney's Eyes Only – Outside Counsel Only," pursuant to this Court's Qualified Protective Order, CMO No. 11, any portion of a deposition transcript containing the confidential information shall be sealed to not waive confidentiality or trade secrets.

### L. Disputes During Deposition

53. If a dispute arises during a deposition and requires expedited consideration, the parties should contact Special Master Stengel. The parties should resort to calling Special Master Stengel sparingly, where a deposition would otherwise have to be adjourned. If Special Master Stengel is not available, the parties should call Judge Marston's Chambers. If neither Special Master Stengel nor Judge Marston is available to provide a prompt resolution of the dispute, the deposition shall continue with a full reservation of rights of the examining party and other parties for a ruling at the earliest possible time.

54. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Federal Rule of Civil Procedure 30(d)(3).

### M. Transcript and Time to Review

55. Unless waived by the deponent, the deposition transcript shall be submitted to the deponent for correction and signature and shall be corrected and signed within forty-five (45) calendar days after the official transcript by the court reporter is made available to the deponent and/or their counsel.

56. Corrections to a deposition shall be listed on an errata sheet signed by the deponent. The errata sheet need not be notarized. The court reporter shall serve copies of the errata sheet on all parties purchasing the transcript.

57. Should the deponent fail to submit corrections within forty-five (45) calendar days, the transcript will be presumed accurate, and all parties shall have the right to use the copy sent to the deponent as if it were final and signed with no corrections needed.

58. Counsel representing any party in the MDL or in any Coordinated Action may obtain a transcript of any deposition taken in the MDL or in any Coordinated Action directly from the court reporter, at the requesting party's expense.

## II.   Remote Provisions

59. The remote deposition vendor must implement adequate security measures to ensure the confidentiality of the deposition and all exhibits used in the deposition. These security measures for videoconferencing include a passcode-protected virtual meeting room, disabling private chat features, and disabling the record feature for the deponent and attending counsel.

60. Any deposition attendee may request that the remote deposition vendor arrange for virtual breakout rooms. Only those individuals registered for a particular virtual breakout room (and the remote deposition vendor's technical personnel, as necessary) will be permitted into that

virtual breakout room. During breaks in the deposition, the parties may use the breakout room feature provided by the remote deposition vendor. Conversations in the breakout rooms will not be recorded.

61. Before any deposition where the deponent is attending remotely, the deponent shall participate in training with the remote deposition vendor to familiarize themselves with the remote deposition vendor's remote deposition platform.

62. Every deponent attending remotely must make reasonable efforts to ensure that they: (a) have sufficient internet bandwidth to participate in the deposition; (b) have a computer or tablet with a webcam; and (c) have a microphone or telephone audio directly into the remote deposition platform sufficient to appear for the deposition. Counsel for each deponent must consult with the deponent before the deposition to ensure that the deponent has the computer, tablet, and webcam sufficient to participate in and view exhibits during the deposition and the microphone or telephone audio required for the deposition.

63. No less than two (2) business days prior to the deposition, the noticing party or the remote deposition vendor must provide a link for remote attendance by both email and an Outlook invitation. The password to access the deposition shall be sent separately from the link. The deposition attendees may not post the link, password, or dial-in information online or otherwise make the link, password, or dial-in publicly available.

64. To ensure the confidentiality of the deposition, all deposition participants must connect to the remote deposition platform through a private, password-protected network.

65. The parties agree to use reasonable efforts to minimize technical disruptions during the deposition. If the deponent, court reporter, videographer, or counsel experiences any technical difficulties (e.g., connection issues, audio issues, or inability to view exhibits), the parties agree to

suspend the deposition until those difficulties are resolved. The fact of such technical difficulties will be noted on the record as soon as the parties learn of their existence. The time during which the deposition is suspended will not count against the seven and a half (7.5) hour time limitation or any other time limitation agreed to by the parties. If more time is needed to complete the deposition due to technical difficulties, the parties agree to make the witness whose deposition was interrupted available on another day to provide additional testimony not to exceed, when combined with the portion of the deposition previously completed, the agreed-upon hour limitation. Any portion of the deposition that has been transcribed while the questioning or defending counsel is absent or experiencing technical difficulties will be reread upon resolving the technical difficulty on request of the affected party, and the affected party must be given an opportunity to object to any questions asked or answers given in their absence or while they were experiencing technical difficulties. The court reporter or videographer will provide a telephone number for the deposition attendees to inform the court reporter or videographer if the questioning or defending counsel becomes disconnected or is otherwise experiencing technical difficulties.

66. If a deponent's camera stops working (or there are similar technical issues), examining counsel has the right to decide whether to continue to conduct the deposition solely via telephone or to resume the deposition, either in person or remotely, at a later date or time, subject to the requirements of the Federal Rules of Civil Procedure. Any decision to continue with an examination by telephone will not be cause for taking a second examination of the witness. If questioning counsel decides to suspend the deposition, the time on the record will be counted against the seven and a half (7.5) hour time limitation or any other time limitation agreed to by the parties. If more time is needed to complete the deposition due to technical issues, the parties agree to make the witness available on another day to provide additional testimony not to exceed, when

combined with the portion of the deposition previously completed, the agreed-upon hour limitation.

68. Each deposition participant will make best efforts to conduct the deposition in a manner that allows the examining attorney to fully ask questions, the defending attorney to fully make any objections and fully ask questions, witnesses to complete their answers, and the court reporter to accurately transcribe the deposition, being mindful of audio delays and related challenges inherent in any remote platform.

68. Before proceeding with any questions about an exhibit, counsel using the exhibit must give the deponent and their counsel the ability and access to independently navigate the full exhibit.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
HON. KAREN SPENCER MARSTON
UNITED STATES DISTRICT JUDGE