IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | : : : : : : : | CIVIL ACTION<br><br>MDL No. 3094<br>24-md-3094 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS/ALL CASES* | : : : | HON. KAREN SPENCER MARSTON |

## CASE MANAGEMENT ORDER NO. 25

### Coordination Order

**AND NOW** this 21st day of March, 2025, with respect to Related Actions that are not formally part of this MDL 3094, it is **ORDERED** as follows:

**I.     Purpose**

1.     This proceeding captioned *In re Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 (the "MDL Proceeding"), is pending before the undersigned U.S. District Judge Karen Spencer Marston in the United States District Court for the Eastern District of Pennsylvania (the "MDL Court"). The scope of the MDL includes glucagon-like peptide-1 (GLP-1) receptor agonists and GLP-1/glucose-dependent insulinotropic polypeptide (GIP) dual receptor agonists (collectively, "GLP-1 RAs") and plaintiffs who used GLP-1 RAs and suffered the injuries alleged in the operative Master Complaint. Currently, there are related actions concerning these same injuries outside of the MDL Proceeding, and it is believed that more such actions may be filed (the "Related Actions"). Because the MDL Proceeding and Related Actions involve similar claims and parties, discovery in these proceedings may overlap.

2.     To achieve the full benefits of this MDL Proceeding for all parties, the MDL Court has encouraged and will continue to encourage cooperative efforts to coordinate with courts

presiding over the Related Actions with respect to fact discovery. While there are important benefits to such coordination for all parties, the MDL Court also recognizes that state courts are independent jurisdictions, and no party waives any jurisdictional rights or obligations or state court statutory deadlines or remedies regarding case management, discovery, trial setting, pretrial dates, trial, or case resolution by agreeing to coordinate with the MDL.

3. To facilitate coordination of fact discovery between the MDL Proceeding and Related Actions, each court that enters this Coordination Order (the "Coordination Order") is doing so to further the just and efficient disposition of each proceeding.

4. This Coordination Order does not apply to discovery of experts retained by any party for purposes of this litigation, except for Paragraph 13.

5. Any Related Actions in which this Coordination Order has been entered by the court in which the action is pending is referred to herein as a "Coordinated Action" (collectively, "Coordinated Actions"). Each court entering this Coordination Order (each a "Coordinating Court") is mindful of the jurisdiction of each of the other courts in which other Coordinated Actions are pending and does not wish to interfere with the jurisdiction or discretion of those courts. All counsel, subject to the bounds of ethical conduct as it relates to representation of their client(s), stipulate that they will work together to coordinate discovery to the maximum extent practicable to avoid duplication of effort and to promote the efficient resolution of the MDL Proceeding and Coordinated Actions. Within the bounds of ethical conduct as it relates to representation of their client(s), counsel for the respective parties in the MDL Proceeding will in good faith, including in cases in other jurisdictions where they are serving as counsel, help ensure that such coordination is achieved wherever practicable and desired by a given court or courts. To that end, the following procedures for discovery and pretrial proceedings shall be adopted.

**II.    Implementing This Coordination Order**

6.     Any court before which any Related Action is pending may join this Coordination Order and thereby render the Related Action a Coordinated Action, which authorizes the parties to that action to participate in coordinated discovery pursuant to this Coordination Order.

**III.    Discovery and Pretrial Scheduling**

7.     Plaintiffs in the Coordinated Actions and their counsel may with the permission of the co-leads or the MDL Court participate in fact discovery in the MDL Proceeding as set forth in this Coordination Order, MDL Case Management Order Nos. 11 and 15, and any other order that may be entered by the MDL Court governing the conduct of fact discovery in the MDL Proceeding (collectively, the "MDL Discovery Orders").

8.     Discovery initiated in the MDL Proceeding will be conducted in accordance with federal law, including the Federal Rules of Civil Procedure, Local Rules, and orders of the MDL Court, whether or not cross-noticed into another jurisdiction. Discovery initiated in the Coordinated Actions will be conducted in accordance with applicable law and orders of the Coordinating Courts, whether or not cross-noticed into another jurisdiction. Discovery disputes shall be resolved as set forth in Section VIII below.

9.     Parties in the MDL Proceeding and their counsel may also participate in fact discovery in any Coordinated Action as set forth in this Coordination Order. The parties in a Coordinated Action may not take discovery that is duplicative of discovery taken in the MDL Proceeding, nor may parties in the MDL take discovery that is duplicative of discovery taken in a Coordinated Action, absent court permission or agreement of the parties.

**IV.    Use of Discovery Obtained in the MDL Proceeding**

10.    Upon executing the Participation Agreement entered with MDL Case Management Order No. 17, counsel representing a party in a Coordinated Action will be entitled to receive all

3

generally appliable (i.e., non-plaintiff specific) fact discovery taken of parties or third parties in the MDL Proceeding, provided that such discovery shall be used or disseminated only in accordance with the terms of the Discovery Orders. All issues regarding the admissibility of the discovery taken of parties or third parties in the MDL Proceeding are reserved to be addressed by the Coordinating Court at the time of trial.

11. Counsel representing a party in the MDL Proceeding shall be entitled to receive all generally applicable (i.e., non-plaintiff specific) fact discovery taken of parties and third parties in any Coordinated Action, provided that such discovery shall be used or disseminated only in accordance with the terms of the MDL Discovery Orders. All issues regarding the admissibility of the discovery taken of parties or third parties in the Coordinated Actions are reserved to be addressed by the MDL Court (or the court to which the case is remanded) at the time of trial.

12. Requests for documents, interrogatories, admission, and depositions on written questions propounded in the MDL Proceeding and Coordinated Actions will be deemed to have been propounded and served in the MDL Proceeding and Coordinated Actions as if they had been propounded under the applicable civil discovery rules of the respective jurisdictions. All parties reserve the right to seek good faith numerical limits on discovery in a particular Coordinated Action or in the MDL Proceeding through agreement or order of the MDL Court or Coordinating Court upon a showing of good cause. The MDL Proceeding's written discovery requests will be governed by federal law, including the Federal Rules of Civil Procedure, Local Rules, and orders of the MDL Court, including the MDL Discovery Orders.

13. Upon executing the Participation Agreement entered with MDL Case Management Order No. 17, non-expert depositions taken in the MDL Proceeding may be used in the Coordinated Actions, pursuant to the MDL Discovery Orders, as if they had been taken under the

applicable discovery rules of the Coordinated Action's jurisdiction. All issues regarding the admissibility of the depositions taken of parties or third parties in the MDL Proceeding are reserved to be addressed by the Coordinating Court at the time of motion practice or trial. If an expert disclosed in the MDL Proceeding is (or has been) disclosed in a Coordinated Action, no additional deposition time beyond one (1) seven (7) hour deposition shall be permitted of the expert notwithstanding the disclosure in both the MDL Proceeding and the Coordinated Action, unless the expert issues a new expert report or upon a showing of good cause.

**V.      Service and Coordination Among Counsel**

14.     Pursuant to MDL Case Management Order No. 3, the MDL Court has appointed Liaison Counsel for the Plaintiffs in the MDL Proceeding ("MDL Plaintiffs' Liaison Counsel"). Any Coordinating Court wishing to grant the parties before it coordinated discovery may do so by joining this Coordination Order and designating one plaintiffs' counsel from the Coordinated Action ("Coordinated Action Liaison Counsel") to work with MDL Plaintiffs' Liaison Counsel to facilitate coordination of discovery in the Coordinated Action and discovery in the MDL Proceeding.

**VI.     Participation in Depositions**

15.     The goal of this Coordination Order is to ensure that counsel in Coordinated Actions receive notice of depositions across jurisdictions and have an opportunity to participate. Assuming that such notice is provided, as detailed below, no fact witness deposed in the MDL Proceeding shall be deposed more than once absent agreement of the parties or a showing of good cause.

16.     Counsel from the Coordinated Actions shall designate one counsel to serve as the examiner in the deposition on behalf of all plaintiffs in the Coordinated Actions. Counsel designated shall be permitted, through stipulation or court order, a reasonable amount of time to

conduct *non-duplicative* questioning of the deponent. The time stipulated or set by court order for questioning by counsel designated will not be deducted from the seven and a half (7.5) hours allocated to MDL plaintiffs' lead counsel under MDL Case Management Order No 24.

17. For depositions initially noticed by plaintiffs' counsel in a Coordinated Action, the questioning of witnesses within the defendant's control shall proceed in the following sequence: (i) plaintiffs' counsel in a Coordinated Action, (ii) MDL plaintiffs' lead counsel, and (iii) defendants' counsel.

18. Counsel for a party in a Coordinated Action shall be permitted to make objections during examination by other counsel in accordance with the Federal Rules of Civil Procedure, Local Rules of the MDL Court, orders of the MDL Court, and any applicable state court provisions; counsel need not make duplicative objections. One objection shall be deemed to apply for all parties to that deposition to the extent the objection is in accordance with applicable state law.

19. Depositions will proceed pursuant to the deposition protocol entered in the MDL Proceeding as Case Management Order No. 24. Participation of plaintiffs' counsel from multiple actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding or Coordinated Actions.

20. Subject to the MDL Discovery Orders, counsel representing any party in any Coordinated Action shall obtain directly from the court reporter at its own expense a transcript of any deposition taken in the MDL Proceeding or in any other Coordinated Action. The transcript of any deposition taken in the MDL Proceeding shall not be used or disseminated in any way prohibited by the terms of this Coordination Order and the MDL Discovery Orders.

**VII.    Participation in Written Discovery in the MDL Proceeding**

21. Upon executing the Participation Agreement entered with MDL Case Management Order No. 17, all parties to the MDL Proceeding or Coordinated Actions who are subject to the

MDL Protective Order or its substantial equivalent shall be entitled to receive copies of generally applicable (i.e., non-plaintiff specific) responses to interrogatories, responses to depositions on written questions, responses to requests for admission, and documents produced in any Coordinated Action. Any party or counsel otherwise entitled under this Coordination Order to receive copies of discovery from other parties or counsel shall use such materials only in accordance with the terms of the MDL Discovery Orders.

## VIII. Discovery Dispute Resolution

22. To aid in efficient resolution of discovery disputes that may arise among the parties, the MDL Court suggests that the Honorable Lawrence F. Stengel (Retired) be appointed as Special Master in all courts adopting this Coordination Order. Judge Stengel presently acts as Special Master in this MDL, which uniquely equips him with the necessary understanding of the discovery processes and orders already in place and to perform the same duties for Coordinating Courts.

23. For any discovery dispute involving both the MDL Court and a Coordinated Action, the MDL parties shall and the Coordinated Action parties are encouraged to go to Judge Stengel.

24. This procedure pertains only to disputes arising during the discovery process. Nothing contained herein shall constitute a waiver of any objection by any plaintiff or defendant to the admissibility of any documents, deposition testimony, deposition exhibits, or written discovery responses in connection with motion practice or at trial. All objections, including but not limited to relevance or materiality, are preserved. The admissibility into evidence of any

material provided or obtained in accordance with this Coordination Order shall be determined by the presiding court.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
HON. KAREN SPENCER MARSTON
UNITED STATES DISTRICT JUDGE