**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: GLUCAGON-LIKE | : | CIVIL ACTION |
| PEPTIDE-1 RECEPTOR AGONISTS | : | |
| (GLP-1 RAS) PRODUCTS | : | |
| LIABILITY LITIGATION | : | MDL No. 3094 |
| | : | 24-md-3094 |
| | : | 01-md-3094 |
| THIS DOCUMENT RELATES TO: | : | |
| | : | HON. KAREN SPENCER MARSTON |
| *ALL ACTIONS/ALL CASES* | : | |

**AMENDED CASE MANAGEMENT ORDER NO. 12**

**PLAINTIFF FACT SHEETS**

**AND NOW**, this 30th day of April 2026, upon consideration of the parties' request to amend Case Management Order No. 12, it is **ORDERED** that Case Management Order No. 12 (Doc. No. 188) **SHALL BE AMENDED** as follows.

**I.    SCOPE OF ORDER**

This Order applies to all Plaintiffs and their counsel in: (1) all actions transferred to *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation* ("MDL 3094") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of February 2, 2024; (2) all related actions originally filed in or removed to this Court; and (3) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively, "Member Actions"). The obligation to provide a Plaintiff Fact Sheet ("PFS") and related documents shall fall solely to Plaintiffs and the individual counsel of record representing a given Plaintiff under this Order.

1

## II.    PLAINTIFF FACT SHEETS

### A.    The PFS Form

The form PFS that shall be used in MDL 3094 and all Member Actions is attached hereto as Exhibit A. In accordance with the schedule set forth below, every Plaintiff in each Member Action shall:

1.    Complete and execute a PFS, which includes completion of Section VI "Documents and Things";

2.    Produce executed authorizations to obtain discoverable records, using the form authorizations using the form authorizations attached to the parties' motion (Doc. No. 173) as Exhibits B through Q (Doc. Nos. 173-3 to 173-18) (or as modified as required by any medical provider or receiving party); and

3.    Serve the completed and executed PFS, as well as all documents requested, upon counsel for each Defendant named in the Member Action.

### B.    Record Collection

The parties to this litigation hereby agree to jointly use Medical Records Consultants ("MRC") to collect for the parties the medical and other records from third parties in this action. Plaintiff(s) agree to provide the agreed-upon releases to MRC, and any party may request that MRC obtain records from a custodian by so advising MRC. Once records are obtained, MRC shall then make records available to all parties on an equal basis (including the use of the same pricing for all parties) and shall satisfy any obligation of a party obtaining records through MRC to make such records available to other parties. To the extent any provider requires a release other than the agreed-upon release, Plaintiffs shall complete reasonable requests for provider-specific authorization form within a reasonable amount of time. All communications with MRC regarding

the collection of medical records in cases in this litigation shall copy the individual case counsel for the opposing party. The parties further agree that the release of documents to Defendants shall not constitute a waiver of privilege, legal protection, or right to seek a clawback of inadvertently released documents.

Plaintiffs not seeking economic damages shall not be required to sign an authorization for the release of their employment records. Plaintiffs not pursuing claims for emotional distress shall certify they are not pursuing claims for emotional distress and, if such certification is completed, shall not be required to sign an authorization for the release of mental health records. Signing an authorization for release of mental health treatment records shall not constitute waiver of any claim of privilege or any other legal protection for such records under applicable law. Any authorization provided by Plaintiff shall become null and void when his or her case is resolved, and any use of the authorizations beyond that date or for any purpose other than this case is prohibited.

C.      **Amendments & Verification**

1.      **Duty to Supplement**

Each Plaintiff shall remain under a duty to supplement the information provided in the PFS pursuant to Federal Rule of Civil Procedure 26(e) when appropriate.

2.      **Verification**

Each completed PFS shall be verified, either (i) with an electronic signature via DocuSign (or another substantially similar platform on which the parties agree), or (ii) with a wet signature, and dated by the Plaintiff(s) or the Plaintiff's representative as if it were interrogatory responses under Federal Rule of Civil Procedure 33. The Requests for Production

of Documents in the PFS shall be treated as document requests under Federal Rule of Civil Procedure 34.

### 3.    Objections

The questions in the PFS shall be answered without objection, including as to relevance, proportionality, or the form of the question. The only permissible objections shall be as to privilege.

### D.    Deficiency and Dispute Resolution Process

#### 1.    Notice by Defendants of Overdue Plaintiff Fact Sheet

Any Plaintiff who fails to comply with his or her PFS obligations under this Order may be subject to having his or her claims dismissed. If a Plaintiff has not submitted a verified PFS and/or the required authorizations and documents (the "Required Materials") by the applicable due dates, the Defendants may send a Notice of Overdue Plaintiff Fact Sheet via Crosslink.

#### 2.    Motion to Dismiss Without Prejudice

If a Plaintiff fails to submit the Required Materials within 30 days after receipt of the Notice of Overdue Plaintiff Fact Sheet, any Defendant may move the Court for entry of an order dismissing the Plaintiff's complaint with prejudice. A Plaintiff subject to such a motion shall have 14 days from the date of the Defendant's motion to file a response either: (1) certifying that the Plaintiff has submitted the Required Materials, or (2) opposing the Defendant's motion for other reasons. If a Plaintiff certifies that he or she has submitted the Required Materials, the Plaintiff's claims shall not be dismissed (unless the Court finds that the certification is false or incorrect).

### 3.    Motions to Withdraw as Counsel for Plaintiff

Plaintiff's counsel may move to withdraw as attorney for a Plaintiff as a result of their client's non-compliance with CMO 12 upon the showing of good cause. If the Court grants the motion to withdraw, Plaintiff shall be given an additional 30 days from the date Plaintiff's counsel's motion is granted to comply with their discovery obligations pursuant to CMO 12. Should the Plaintiff still fail to comply within this period, upon notice to the Court by Defendant and consideration of the *Poulis* factors, the Court will dismiss the Plaintiff's case without prejudice.

### 4.    Motion to Convert Order of Dismissal without Prejudice to Order of Dismissal with Prejudice

If the Court dismisses a complaint without prejudice under the previous paragraphs, the Defendant may move the Court no earlier than 30 days after the Court's entry of the order to convert the order to an order of dismissal with prejudice. A Plaintiff subject to such motion shall have 14 days from the date of the Defendant's motion to file a response either: (1) certifying that the Plaintiff has submitted the Required Materials, or (2) opposing the Defendant's motion for other reasons. If a Plaintiff certifies that he or she has submitted the Required Materials, the Defendant shall withdraw the motion to convert the order of dismissal without prejudice, and shall also submit a stipulated motion to vacate the order of dismissal without prejudice (unless the Court finds that the certification is false or incorrect). If the Plaintiff serves Defendants' counsel or their designee(s) with the Required Materials prior to the filing of Defendant's motion to convert an order of dismissal without prejudice to an order of dismissal with prejudice, the parties shall submit a stipulated motion to vacate the order of dismissal without prejudice.

### 5.    Other Plaintiff Fact Sheet Deficiencies

If any Defendant believes a Plaintiff Fact Sheet is deficient in other respects, the parties shall address such issues pursuant to the appropriate discovery dispute procedures (including meet and confer requirements) under the Local Rules of this District Court, the Chambers Rules of this Court, and any applicable Orders of the Court in this MDL.

## III.    SERVICE AND TIMING OF THE PFS AND RELATED MATERIALS

### A.    Cases Currently Pending in This District

Each Plaintiff in a Member Action that is pending in the Eastern District of Pennsylvania shall have 45 days after the Crosslink platform goes live to serve their Required Materials.

### B.    Cases Filed in or Transferred After the Entry of This Order

Each Plaintiff in a Member Action that is not pending in the Eastern District of Pennsylvania on the date of entry of this Order but which thereafter becomes part of MDL 3094 shall have 45 days from the date that the case becomes part of MDL 3094 or from the date Defendants are served, whichever is later, to serve their Required Materials. For cases the JPML transfers to the MDL after entry of this Order, a case shall be deemed to be part of the MDL either: (1) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (2) where transfer is contested, the date of transfer in any subsequent order from the JPML.

### C.    Transmission of PFS and Other Documents to Defendants

Pursuant to the agreement of the parties, all Plaintiff Fact Sheets described in this Order shall be completed electronically and served to Defendants using the Rubris "Crosslink" system. Signed authorizations and responsive documentation shall also be uploaded using Crosslink. Medical, pharmacy, and insurance records shall be produced as searchable PDFs with each

facility's or provider's records contained in a separate PDF. Any other documents shall be produced in the format set forth in the Court's forthcoming case management order governing ESI.

Counsel for Plaintiffs are required to establish a Crosslink account. The Crosslink application can be accessed at https://crosslink.rubris.com. To request access to Crosslink, Counsel for Plaintiffs must send an email to GLP1Plaintiffs@rubris.com and provide the law firm, name, and email address for the individual who will be the firm user manager. The firm user manager will manage access for all users at the firm. At least one attorney representing the law firm must send or be copied on the email request. Please use the following Email subject: Request for Access to GLP-1 RA MDL PFS. Instructions for establishing a Crosslink account using the Crosslink system should be directed to GLP1Plaintiffs@rubris.com. Counsel for Defendants' should direct Crosslink access requests to GLP1Defense@rubris.com.

Rubris shall maintain a secure, confidential and searchable database available to Plaintiffs, Defendants, and any third-party records vendor retained by the parties to obtain the specified in the authorizations from the records custodians. The manner in which each party accesses or utilizes the data and the database shall be strictly confidential and not disclosed in any manner by Rubris. Plaintiffs and Defendants shall each pay one half of the cost of the Rubris/Crosslink PFS system. Uploading to Crosslink in the aforementioned manner shall constitute effective service of the PFS and such records.

## IV.     CONFIDENTIALITY

All medical and financial information disclosed in a PFS and all related documents (including health care records and information) produced pursuant to the PFS or from the authorizations provided therewith shall be deemed confidential and treated as "Confidential

Information" as defined in the Court's forthcoming case management order governing protection of documents.

## V.        OTHER DISCOVERY

This Order is without prejudice to the parties' rights to serve additional discovery at a later time, to be determined according to this Court's subsequent orders.

**IT IS SO ORDERED.**


/s/*Karen Spencer Marston*

_____
**KAREN SPENCER MARSTON, J.**