## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GLUCAGON-LIKE | : | CIVIL ACTION |
| PEPTIDE-1 RECEPTOR AGONISTS | : | |
| (GLP-1 RAS) PRODUCTS | : | |
| LIABILITY LITIGATION | : | MDL No. 3094 |
| | : | 24-md-3094 |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | HON. KAREN SPENCER MARSTON |
| *ALL ACTIONS/ALL CASES* | : | |

## ORDER

**AND NOW**, this 18th day of May, 2026, upon consideration of the parties' arguments during a status conference on May 15, 2026 and in opposing letter briefs submitted on May 18, 2026 (Doc. Nos. 669, 670), it is **ORDERED** that Cross Cutting Issue 2 is not limited in scope to gastroparesis, bowel obstruction, ileus, and gallbladder disease;[1] Defendants forthcoming

---

[1] Unlike Cross Cutting Issue ("CCI") No. 1, which was limited to gastroparesis (*see* Doc. No. 235 at 3 ("Gastroparesis Diagnostic Testing")), and CCI No. 3, which was limited to gastroparesis, bowel obstruction, ileus, and gallbladder disease (Doc. No.282 at 1 n.1 (explaining that the parties "agree that Issue 3 will consider general causation for gastroparesis, ileus, small bowel obstruction, gallbladder injuries, and—if added to this MDL by the JPML—DVT" and reserving the right to "add additional alleged injuries to the *Issue 3* schedule" (emphasis added))), nothing in Case Management Order No. 18 limits the scope of CCI No. 2 to a specific subset of injuries (*see, e.g.*, Doc. No. 235 at 5 (broadly framing CCI No. 2 consistent with how it was proposed by Defendants: "Plaintiffs' *claims* are preempted by federal law and/or fail because the warnings included on the product labeling—which the [FDA] has repeatedly reviewed and approved after scrutinizing available scientific data—are adequate as a matter of law" (emphasis added)); *cf. id.* at 9 n.7 ("[T]o the extent any individual Plaintiff alleges a unique gastrointestinal event requiring individualized evaluation, the Court can and will decide the effect of any overarching ruling as to that specific Plaintiff through a show-cause process.").)

In addition to the clear text of Case Management Order No. 18, the Court also finds it notable that three of the four injuries that Plaintiffs seek to exclude from the scope of CCI No. 2 are, per their own Amended Master Long Form Complaint, closely related to, if not sequalae of, gastroparesis, an injury which Plaintiffs agree is properly considered at this time. (*See* Doc. No. 481 at 28 ("Gastroparesis . . . can lead to micronutrient deficiencies . . . ."); *id.* at 29 ("Gastroparesis-associated micronutrient deficiency can lead to a thiamine deficiency . . . . More severe effects of thiamine deficiency include the development of Wernicke-Korsakoff Syndrome . . . ."); *id.* at 30 ("Because GLP-1 RAs significantly delay gastric emptying, patients taking GLP-1 RAs may be at an increased risk for gastric aspiration despite following proper fasting guidelines." (quotation marks omitted)).) Thus, questions about Lilly's

summary judgment motions on Issue No. 2 need not be limited to those four disorders, and instead, may also address necrotizing pancreatitis, micronutrient deficiencies, Wernicke's encephalopathy, and aspiration of gastric contents.[2]

*/s/ Karen Spencer Marston*
**KAREN SPENCER MARSTON, J.**

---

warnings as to gastroparesis would seem to also implicate whether and to what extent Lilly did, could have, and/or should have warned about these derivative disorders.

[2] Plaintiffs' letter brief states Lilly intended to also move for summary judgment on "deep vein thrombosis" and "pulmonary embolism." (Ps' Letter Brief at 1.)  But unlike the injuries identified above, neither of these disorders is asserted as an injury in Plaintiffs' Amended Master Long Form Complaint (*see generally* Doc. No. 481), and Plaintiffs concede in their briefing that neither injury has been "included in this MDL by the Judicial Panel on Multidistrict Litigation" (Ps' Letter Brief at 1 n.1). Because those injuries are not asserted by any Plaintiff here, there is no reason for Defendants to move for summary judgment as to them.