**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | ) | |
| **IN RE: GLUCAGON-LIKE PEPTIDE-1** | ) | **CIVIL ACTION** |
| **RECEPTOR AGONISTS (GLP-1 RAs)** | ) | |
| **PRODUCTS LIABILITY LITIGATION** | ) | **MDL No. 3094** |
| | ) | **2:24-md-03094-KSM** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **HON. KAREN SPENCER MARSTON** |
| ***ALL ACTIONS / ALL CASES*** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS ELI LILLY AND COMPANY AND LILLY USA, LLC'S MOTION FOR SUMMARY JUDGMENT ON ILEUS AND OBSTRUCTION CLAIMS**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................ 2

    A.    Ileus And Intestinal Obstruction. ........................................................................ 2

    B.    The Peer-Reviewed Epidemiologic Literature Does Not Establish Causation For Ileus Or Intestinal Obstruction For Lilly's Medicines. .................. 3

    C.    Lilly's Labels Have Always Warned Of Plaintiffs' Alleged Injuries. ................... 4

    D.    In 2022, FDA Thoroughly Evaluated Intestinal Obstruction Before Initiating A Class-Wide Label Change That Added Only "Ileus" To Section 6 ............................................................................................................. 6

        1.    Lilly Submitted Extensive Information To FDA. ...................................... 6

        2.    FDA Evaluated The Safety Signal For Intestinal Obstruction And Recommended That Only "Ileus" Be Added. .............................................. 7

        3.    FDA Added Class-Wide Labeling For Intestinal Obstruction And Fecal Impaction In 2025 At Novo's Request. ........................................... 8

ARGUMENT ..................................................................................................................... 9

I.    **PLAINTIFFS HAVE NOT MET THEIR BURDEN TO SHOW THAT LILLY'S MEDICINES CAUSE ILEUS OR INTESTINAL OBSTRUCTION** .......... 9

    A.    There Is No Admissible Expert Testimony That Lilly's Medicines Cause Ileus Or Intestinal Obstruction. ........................................................................... 9

    B.    Even Accepting Plaintiffs' Expert Opinions At Face Value, Plaintiffs Cannot Meet Their General Causation Burden For Ileus Or Intestinal Obstruction. ........................................................................................................ 9

        1.    There Is No Genuine Dispute As To Causation For Lilly Medicines. ............................................................................................... 10

        2.    No Genuine Dispute Exists For Obstruction With Mechanical Causes, In Particular. ......................................................................... 11

        3.    There Is No General Causation For Patients Experiencing Ileus Or Intestinal Obstruction After Stopping A GLP-1 RA Medicine. .............. 13

i

**TABLE OF CONTENTS (CONT'D.)**

**Page**

**II.    PLAINTIFFS FAIL TO MEET THEIR BURDEN ON WARNING
ADEQUACY FOR ILEUS AND INTESTINAL OBSTRUCTION. ........................... 13**

    A.    No Expert Opines That Mounjaro's Or Zepbound's Label  Was
Inadequate. .................................................................................................. 14

    B.    All Claims for Ileus And Intestinal Obstruction Fail Because Plaintiffs
Have No Admissible Expert Evidence That Lilly's Warnings Were
Inadequate. .................................................................................................. 15

    C.    Plaintiffs' Claims After Lilly's Section 6 Label Changes Fail For An
Additional, Independent Reason. ................................................................. 16

    D.    Additional Categories Of Claims Fail Where Plaintiffs' Expert Agrees
Lilly Had No Duty To Warn. ....................................................................... 18

**III.    FEDERAL LAW PREEMPTS PLAINTIFFS' INTESTINAL
OBSTRUCTION CLAIMS. ....................................................................................... 19**

    A.    Intestinal Obstruction Claims Arising Before November 2022 Are
Preempted. ................................................................................................... 20

        1.    FDA Was Fully Informed Of All Relevant Data. ..................................... 20

        2.    FDA Would Have Rejected Any Attempt To Add "Obstruction"
To The Label. ........................................................................................... 21

    B.    All Claims After November 2022 Are Preempted. ................................................ 22

**CONCLUSION ....................................................................................................................... 23**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron v. Wyeth*,
2010 WL 653984 (W.D. Pa. Feb. 19, 2010) ...............................................................................18

*In re Avandia Mktg., Sales, & Prods. Liab. Litig.*,
945 F.3d 749 (3d Cir. 2019)......................................................................................................21

*In re Benicar (Olmesartan) Prods. Liab. Litig.*,
2016 WL 6652358 (D.N.J. Nov. 9, 2016) ................................................................................13

*In re Chantix (Varenicline) Prods. Liab. Litig.*,
881 F. Supp. 2d 1333 (N.D. Ala. 2012)....................................................................................17

*Cohen v. Johnson & Johnson*,
634 F. Supp. 3d 216 (W.D. Pa. 2022)..........................................................................2, 14, 16

*Demmler v. SmithKline Beecham Corp.*,
671 A.2d 1151 (Pa. Super. 1996)......................................................................................14, 16

*Dion v. Graduate Hosp. of Univ. of Pennsylvania*,
520 A.2d 876 (Pa. Super. 1987)................................................................................................14

*Dolin v. GlaxoSmithKline LLC*,
951 F.3d 882 (7th Cir. 2020) ....................................................................................................21

*In re Fosamax (Alendronate Sodium) Prods. Liab. Litig.*,
118 F.4th 322 (3d Cir. 2024) .........................................................................................20, 21, 22

*Hahn v. Richter*,
673 A.2d 888 (Pa. 1996)............................................................................................................18

*Hoefling v. U.S. Smokeless Tobacco Co.*,
576 F. Supp. 3d 262 (E.D. Pa. 2021) ........................................................................................12

*Holley v. Gilead Scis., Inc.*,
2023 WL 6390598 (N.D. Cal. Sept. 28, 2023) .........................................................................23

*In re Incretin-Based Therapies Prods. Liab. Litig.*,
524 F. Supp. 3d 1007 (S.D. Cal. 2021)......................................................................11, 13, 22

*LaBarre v. Bristol-Myers Squibb Co.*,
544 F. App'x 120 (3d Cir. 2013) ..................................................................................2, 14, 16

**TABLE OF AUTHORITIES (CONT'D.)**

**Page(s)**

*Lance v. Wyeth*,
  85 A.3d 434 (Pa. 2014) ................................................................................................16

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*,
  892 F.3d 624 (4th Cir. 2018) .......................................................................................12

*Mack v. Stryker Corp.*,
  893 F. Supp. 2d 976 (D. Minn. 2012), *aff'd*, 748 F.3d 845 (8th Cir. 2014) ...........19

*Meharg v. I-Flow Corp.*,
  2010 WL 711317 (S.D. Ind. Mar. 1, 2010) .................................................................19

*Merck Sharpe & Dohme Corp. v. Albrecht*,
  587 U.S. 299 (2019) ................................................................................................2, 20

*In re Meridia Prods. Liab. Litig.*,
  328 F. Supp. 2d 791 (N.D. Ohio 2004) .......................................................................17

*Rowland v. Novartis Pharms. Corp.*,
  34 F. Supp. 3d 556 (W.D. Pa. 2014) ...........................................................................16

*Salvio v. Amgen Inc.*,
  2012 WL 517446 (W.D. Pa. Feb. 15, 2012) ...........................................................15, 18

*In re Taxotere (Docetaxel) Prods. Liab. Litig.*,
  462 F. Supp. 3d 650 (E.D. La. 2020) ........................................................13, 15, 16, 18

*In re Taxotere (Docetaxel) Products Liab. Litig.*,
  2020 WL 3487594 (E.D. La. June 1, 2020) ...........................................................18, 19

*In re Viagra Prods. Liab. Litig.*,
  572 F. Supp. 2d 1071 (D. Minn. 2008) .......................................................................13

*In re Viagra Prods. Liab. Litig.*,
  658 F. Supp. 2d 950 (D. Minn. 2009) .........................................................................13

*Wharton v. Danberg*,
  854 F.3d 234 (3d Cir. 2017) .........................................................................................21

*Wyeth v. Levine*,
  555 U.S. 555 (2009) ................................................................................................2, 20

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
  644 F. Supp. 3d 1075 (S.D. Fla. 2022) ....................................................................9, 13

## TABLE OF AUTHORITIES (CONT'D.)

**Page(s)**

*In re Zofran (Ondansetron) Prods. Liab. Litig.*,
   541 F. Supp. 3d 164 (D. Mass. 2021), *aff'd*, 57 F.4th 327 (1st Cir. 2023)..............................21

*In re Zoloft (Sertralinehydrochloride) Prods. Liab. Litig.*,
   176 F. Supp. 3d 483 (E.D. Pa. 2016) ................................................................ *passim*

*In re Zostavax Prods. Liab. Litig.*,
   2023 WL 6465837 (E.D. Pa. Oct. 4, 2023)............................................................12

**Rules**

Fed. R. Evid. 702 ....................................................................................................1, 9

**Other Authorities**

21 C.F.R. § 314.3(b) ...................................................................................................22

**INTRODUCTION**

Plaintiffs assert that Lilly medicines Trulicity, Mounjaro, and Zepbound cause ileus and intestinal obstruction.  But after months of discovery, it is clear that the science does not support those claims.  Several studies looked at data specific to Lilly's medicines, but ***none*** found an increased risk of ileus or intestinal obstruction.  Regardless, Lilly's labels have always sufficiently warned physicians of these alleged injuries.  And for intestinal obstruction specifically, FDA considered—but expressly rejected—additional warnings in 2022.  For all of these reasons, Lilly is entitled to summary judgment on all intestinal-injury claims.

General causation: Plaintiffs have not shown that Lilly's medicines can cause ileus or intestinal obstruction.  Plaintiffs proffer two experts, Dr. Nilesh Lodhia and Dr. Binu John, to opine that GLP-1 RA medicines, as a class, can cause these injuries.  They also offer Dr. Joseph Pisegna to opine on biological plausibility.  As set forth in Lilly's Rule 702 motion, these opinions should be excluded.  Without expert evidence, "Plaintiffs have failed to raise a jury question on the necessary predicate to success in any case: that [the medicine] was capable of causing their injuries."  *In re Zoloft (Sertralinehydrochloride) Prods. Liab. Litig.*, 176 F. Supp. 3d 483, 501 (E.D. Pa. 2016).

But even if their opinions were admitted, Plaintiffs' claims still fail.  Drs. Lodhia and John concede no study shows a statistically significant increased risk for Lilly's medicines specifically.  SUF ¶¶ 31-36.  They also admit there is no causation for mechanical intestinal obstruction in particular, SUF ¶¶ 68-100, and offer no opinion about long-term intestinal injuries, *see* SUF ¶ 63.  And "biological plausibility" is insufficient to establish causation as a matter of law.

Warning adequacy: There also is no genuine dispute about the adequacy of Lilly's labels.  Lilly's labels have *always* stated that use may be "associated with gastrointestinal adverse reactions, sometimes severe" in Section 5, and Plaintiffs' experts agree that ileus and intestinal

obstruction are gastrointestinal injuries. No expert opines that Mounjaro's or Zepbound's labels were inadequate as to that Section 5 warning. And the same is true for Trulicity; Plaintiffs confirmed to the Court that Dr. David Kessler "is not offering an opinion about Lilly Section 5 warnings." *See* Dkt. No. 655, Pls.' Resp. to Lilly's Mot. to Enforce CMO No. 29 at 6-7. This is a fatal failure of proof, as Plaintiffs must come forward with expert evidence supporting their assertions that Lilly's labels failed to adequately warn prescribers. *See, e.g.*, *LaBarre v. Bristol-Myers Squibb Co.*, 544 F. App'x 120, 125 (3d Cir. 2013); *Cohen v. Johnson & Johnson*, 634 F. Supp. 3d 216, 231 (W.D. Pa. 2022).

Federal preemption. Plaintiffs' intestinal obstruction claims are also preempted—an independent basis for summary judgment—because there is "clear evidence" FDA would have rejected (and, ***did*** reject) any additional language regarding obstruction. *Wyeth v. Levine*, 555 U.S. 555, 571 (2009). Before FDA added "ileus" to GLP-1 labels in 2022, it thoroughly evaluated a safety signal for intestinal obstruction, and "concluded the term 'ileus' better reflects the adverse reaction and will more accurately communicate the potential risk to prescribers." SUF ¶ 186. *See, e.g.*, *Merck Sharpe & Dohme Corp. v. Albrecht*, 587 U.S. 299, 314 (2019). All intestinal obstruction claims fail for this reason, too.

## BACKGROUND

### A.    Ileus And Intestinal Obstruction.

Plaintiffs assert claims for "ileus" and "intestinal obstruction."[1] Dkt. No. 481, Am. Master Compl. ¶¶ 53-55. In this brief, intestinal obstruction is also referred to as mechanical obstruction.

---

[1] The Amended Master Complaint also claims bowel ischemia, bowel injury, and blockage, which are covered by this motion. *See, e.g.*, Dkt. No. 481, Am. Master Compl. ¶¶ 44, 60, 565. This motion also covers fecal impaction, which Plaintiffs claim is a cause of mechanical obstruction. SUF ¶ 93.

*See also id.* ¶ 55 (defining intestinal obstruction to include a "physical blockage" and as distinct from ileus).

*Mechanical Obstruction.* Mechanical obstruction occurs when "a physical narrowing blocks the flow of contents" through the intestines. SUF ¶ 2. The most common causes are "intraperitoneal adhesions," most of which occur "in the setting of previous abdominal or pelvic surgery." SUF ¶ 10. Other causes include strictures, inflammation, volvulus, intussusception, hernias, fecal impaction, Crohn's disease, and neoplasms (e.g., cancerous tumors). SUF ¶¶ 11-17.

*Ileus (Functional Obstruction).* Ileus is the "cessation" of the flow of intestinal contents that occurs without a physical blockage (which is why it is characterized as "functional"). SUF ¶¶ 1, 3. The most common cause of ileus is recent abdominal surgery; other causes include trauma, illness, neurological conditions, and diabetes. SUF ¶¶ 6-9. It is a temporary condition that generally resolves with non-surgical treatment and correction of the underlying cause. SUF ¶¶ 18-19.

Both ileus and intestinal obstruction are gastrointestinal adverse reactions. SUF ¶¶ 22-25. Their symptoms are nonspecific and overlapping, for example nausea, vomiting, abdominal pain, abdominal bloating, distension, and constipation. *See* SUF ¶ 4. Thus, "imaging is typically necessary for a diagnosis." SUF ¶ 5.

### B. The Peer-Reviewed Epidemiologic Literature Does Not Establish Causation For Ileus Or Intestinal Obstruction For Lilly's Medicines.

Two of Plaintiffs' experts, Dr. Lodhia and Dr. John, purport to opine that GLP-1 RA medicines as a class can cause ileus and intestinal obstruction. Ex. 9D, Lodhia Rep. 3; Ex. 1D, John Rep. 1-2. But both admitted that no study shows a statistically significant increased risk of ileus or intestinal obstruction for Lilly's dulaglutide (Trulicity) or tirzepatide (Mounjaro and Zepbound) medicines specifically. SUF ¶¶ 31-36. In fact, one study that reported a result for

3

dulaglutide individually found a statistically significant *protective* effect—in other words, dulaglutide *decreased* the risk of intestinal injuries.  SUF ¶¶ 57-58.  Even as to GLP-1 RAs generally, the one study that assessed causation concluded that causation worked in the opposite direction from Plaintiffs' theory of the case: that study reported "a causal association between GLP-1RAs and a *reduced risk*" of paralytic ileus.  SUF ¶ 45.

For mechanical obstruction specifically, Dr. John opined that "mechanical obstruction [] is unrelated to GLP-1 RAs."  SUF ¶ 68.  He agreed that for "conditions like postoperative ileus, intussusception, volvulus, stricture, cancer, there is no reason to believe that there is an increased association of GLP-1 RA medicines with these causes of mechanical obstruction."  SUF ¶ 70.  Dr. Lodhia testified similarly.  SUF ¶¶ 81-90.

A third Plaintiffs' expert, Dr. Pisegna, opined that "there is a biologically plausible mechanism that tirzepatide impairs intestinal motility which can result in ileus and non-mechanical small bowel obstructions."  SUF ¶ 66.  Dr. Pisegna did not opine on the epidemiological literature, SUF ¶ 67, and biological plausibility is distinct from and not sufficient to establish causation.  *See Zoloft*, 176 F. Supp. 3d at 499.

### C.    Lilly's Labels Have Always Warned Of Plaintiffs' Alleged Injuries.

Despite the lack of causation, Lilly's medicines have always warned of the risk of intestinal injuries.  Since their respective dates of approval in September 2014 (Trulicity), May 2022 (Mounjaro), and November 2023 (Zepbound), Lilly's medicines have always included a Section 5 warning that use "may be associated with gastrointestinal adverse reactions, sometimes severe."  SUF ¶¶ 121, 123-24, 126-29.[2]  At FDA's request, as part of a class-wide update, Lilly added "ileus" to Section 6's list of post-marketing adverse reactions in November 2022 (Trulicity) and

---

[2]    *See also* SUF ¶¶ 101-02.

July 2023 (Mounjaro).  SUF ¶¶ 133, 137.  Ileus has been included in Section 6 of Zepbound's label since its approval in November 2023.  SUF ¶ 141.  At FDA's request, as part of a class-wide update, Lilly added "intestinal obstruction" and "severe constipation including fecal impaction" to Section 6's list of adverse reactions in December 2025 (Mounjaro), February 2026 (Zepbound), and March 2026 (Trulicity).  SUF ¶¶ 134, 138, 142.

Only one of Plaintiffs' experts, Dr. David Kessler, purports to opine on the adequacy of Lilly's warnings about intestinal injuries.  His opinion is exceedingly narrow.  Dr. Kessler opines only that, from a regulatory perspective, Lilly could and should have added "ileus, severe constipation leading to fecal impaction and intestinal obstruction" to Trulicity's label by 2018 to the list of adverse reactions in Section 6.  Ex. 4D, Kessler Rep. ¶ 735; SUF ¶ 110.  Dr. Kessler does not opine on "what doctors understand" the label to mean:

> Q. Okay.  Do you agree with me that the opinions you're giving in this case about labeling are not about what doctors understand the label language to mean?
>
> A. Correct.  What doctors understand is not the regulatory standard.

SUF ¶ 114; *see* SUF ¶ 116 ("I'm not here as a prescribing doc.").  Nor does he opine about Lilly's tirzepatide medicines (Mounjaro and Zepbound).  As for Trulicity, Plaintiffs agreed "Dr. Kessler is not offering an opinion about Lilly['s] Section 5 warnings."  Dkt. No. 655, Pls.' Resp. to Lilly's Mot. to Enforce CMO No. 29 at 6.  In fact, Plaintiffs told the Court that "any argument by Plaintiffs in summary judgment briefing under CMO 29 that the Section 5 Warning in the dulaglutide label was inadequate would rely on [ ] factual background and/or other evidence, and not upon expert opinion proffered by Dr. Kessler," and that to the extent Dr. Kessler suggested at his deposition that "Lilly's section 5 warnings for dulaglutide were inadequate," "Plaintiffs do not intend to rely on those opinions for purposes of summary judgment under CMO 29."  *Id*. 6-7.

**D.        In 2022, FDA Thoroughly Evaluated Intestinal Obstruction Before Initiating A Class-Wide Label Change That Added Only "Ileus" To Section 6.**

FDA's request that Lilly add "ileus" to Section 6 of its labels followed a thorough evaluation by FDA of whether Section 6 should also include intestinal obstruction. FDA decided to add only ileus because, after its review of the data, it determined that the cases it evaluated were consistent with ileus, not obstruction from mechanical causes. SUF ¶¶ 177, 179, 181.

**1.        Lilly Submitted Extensive Information To FDA.**

In April 2022, FDA began reviewing post-marketing cases and literature regarding intestinal obstruction and GLP-1 RA medicines. SUF ¶ 151. Two months later, in June 2022, FDA informed Lilly it was evaluating a Newly Identified Safety Signal (NISS) for GLP-1 RA medicines and "intestinal obstruction." SUF ¶¶ 152, 153. FDA's April–July 2022 FAERS report then noted "FDA is evaluating the need for regulatory action" for "intestinal obstruction." SUF ¶¶ 154-55.

In August 2022, Lilly completed a Safety Topic Report for dulaglutide and intestinal obstruction in response to FDA's NISS. SUF ¶ 156. Lilly's Safety Topic Report presented "relevant literature and cumulative safety information" related to intestinal obstruction "from non-clinical studies, clinical trials, post-marketing safety studies, and spontaneously reported adverse events." SUF ¶ 157. Lilly evaluated 133 post-marketing cases of obstruction out of a "cumulative estimated post-marketing exposure of 12 365 000 patients," SUF ¶ 158, and also reported findings from its adult glycemic control clinical trial (9,147 patients) and its "large and long-term placebo-controlled" cardiovascular outcomes clinical trial (9,892 patients), SUF ¶ 159. Lilly's Safety Topic Report concluded, "based on the totality of the data, the evidence does not support a causal association between dulaglutide and intestinal obstruction." SUF ¶ 160. Lilly submitted its Safety Topic Report to FDA in October 2022. SUF ¶ 161.

**2.      FDA Evaluated The Safety Signal For Intestinal Obstruction And Recommended That Only "Ileus" Be Added.**

The next month, in November 2022, FDA's Division of Pharmacovigilance (DPV) and Division of Epidemiology (DEPI) issued a "joint pharmacovigilance (PV) and epidemiologic review" analyzing "the possible development of intestinal obstruction" with GLP-1 RA medicines. SUF ¶ 162 (the "2022 FDA Report"). The 2022 FDA Report identified 90 cases of "intestinal obstruction" from the FAERS database: 37 for dulaglutide, 31 for Novo medicines, and none for tirzepatide, SUF ¶ 171. It observed, given the limited information within the FAERS case series, "the ability for diagnosing the type of [intestinal obstruction] based upon imaging studies and/or physical examination . . . was generally lacking." SUF ¶ 167.

Although FDA assessed "intestinal obstruction," it recommended adding only "ileus" to Section 6. SUF ¶ 177. This decision was deliberate and data driven. FDA observed that, of 37 cases listing treatment interventions, 29 involved "conservative treatments that led to recovery," "consistent with a mechanical obstruction for patients treated surgically, and no mechanical obstruction specified for patients treated conservatively." SUF ¶ 172. Put simply, most resolved without surgery, suggesting ileus. FDA also noted that "93% of the dechallenge cases were positive," which again supported that cases "may have been non-mechanical in nature given that a mechanical obstruction generally would have required surgical intervention." SUF ¶ 172-73.

Before issuing its report, FDA presented its findings at its October 13, 2022 Drug Safety Team Meeting. SUF ¶ 180. Including only "ileus" in the labels was "the consensus opinion of surgical and medical specialists and other scientific staff," SUF ¶ 181, including a "surgical specialist" from FDA's Division of Diabetes, Lipid Disorders, and Obesity (DDLO), who agreed "ileus was the preferred term, and that the surgical cases were ***causally unrelated*** to GLP-1 RA," SUF ¶ 182—in short, mechanical obstruction cases were unrelated to GLP-1 RA medicines.

7

FDA sent Lilly a redline with its proposed changes to the Trulicity label in October 2022, adding "ileus" to Section 6's list of post-marketing adverse events.  SUF ¶¶ 183-84.  Section 6 also states, "Because these events are reported voluntarily from a population of uncertain size, it is generally not possible to reliably estimate their frequency or establish a causal relationship to drug exposure."  SUF ¶ 185.  In the draft, FDA reiterated that "the term 'ileus' better reflects the adverse reaction and will more accurately communicate the potential risk to prescribers" than alternatives like "obstruction."  SUF ¶ 186.  FDA then approved the Trulicity label with ileus listed in Section 6 in November 2022.  SUF ¶¶ 189, 191. FDA approved similar updated labels for Mounjaro and Zepbound in July 2023 and November 2023, respectively.  SUF ¶¶ 137, 141.

### 3. FDA Added Class-Wide Labeling For Intestinal Obstruction And Fecal Impaction In 2025 At Novo's Request.

Years later, in February 2025, Novo asked FDA to add "intestinal obstruction" to Section 6 of its labels.  SUF ¶ 197.  FDA told Novo that its 2022 assessment "separated intestinal obstruction and ileus as different concepts (mechanical vs. motility)," SUF ¶ 198, and it rejected Novo's 2025 request because "adding 'intestinal obstruction' to the prescribing information would imply a new safety signal for mechanical obstruction and would be misleading," SUF ¶ 199.

The next month, Novo submitted a Prior Approval Supplement, again seeking to add intestinal obstruction to Section 6.  SUF ¶ 200.  In September 2025, FDA issued a report about GLP-1 RA medicines and intestinal obstruction.  SUF ¶ 204.  FDA concluded that "a causal relationship cannot be confirmed by the available data," but it "seemed reasonable" to add intestinal obstruction and fecal impaction ("as a specific manifestation of constipation") to Section 6's list of adverse reactions in Novo's label.  SUF ¶¶ 205-06.  In October 2025, as part of class labeling, FDA then asked Lilly to add the same adverse reactions (intestinal obstruction and severe

constipation including fecal impaction) to the list of adverse reactions in Section 6 of its labels. SUF ¶ 207.

## ARGUMENT

Lilly is entitled to summary judgment on Plaintiffs' ileus and intestinal obstruction claims for three independent reasons. *First*, Plaintiffs have not met their burden on general causation: they fail to offer admissible expert testimony and there is insufficient proof that Lilly's medicines cause these injuries. *Second*, Lilly's labels warn of the injuries Plaintiffs assert, and Plaintiffs lack the expert support needed to avoid summary judgment. *Third*, intestinal obstruction claims are preempted because there is clear evidence that a fully informed FDA rejected inclusion of obstruction in GLP-1 RA labels in 2022.

## I.     PLAINTIFFS HAVE NOT MET THEIR BURDEN TO SHOW THAT LILLY'S MEDICINES CAUSE ILEUS OR INTESTINAL OBSTRUCTION.

### A.     There Is No Admissible Expert Testimony That Lilly's Medicines Cause Ileus Or Intestinal Obstruction.

Plaintiffs offer opinions from Drs. Lodhia and John that GLP-1 RA medicines, as a class, cause ileus and intestinal obstruction, and a few paragraphs from Dr. Pisegna on ileus's "biologic plausibility." They should be excluded for the reasons stated in Lilly's Rule 702 motion. Without expert testimony on general causation, Plaintiffs' claims cannot survive summary judgment. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, 644 F. Supp. 3d 1075, 1286 (S.D. Fla. 2022); *Zoloft*, 176 F. Supp. 3d at 501.

### B.     Even Accepting Plaintiffs' Expert Opinions At Face Value, Plaintiffs Cannot Meet Their General Causation Burden For Ileus Or Intestinal Obstruction.

Even if Plaintiffs' experts are not excluded, Lilly is still entitled to summary judgment. *First*, Plaintiffs have not shown Lilly's medicines in particular cause ileus or obstruction. *Second*, Plaintiffs' experts concede GLP-1 RA medicines do not cause intestinal obstruction, in particular.

9

*Third*, no expert opines GLP-1 RA medicines cause ileus or intestinal obstruction after a plaintiff stops taking the medicine, meaning all claims fail where an alleged injury started or continued after discontinuation of the GLP-1 RA medicine.

### 1.    There Is No Genuine Dispute As To Causation For Lilly Medicines.

Dr. Lodhia and Dr. John offered causation opinions about GLP-1 RAs collectively, i.e., as a class.  SUF ¶¶ 27, 29.  When asked about Lilly's medicines in particular, they admitted no study shows a statistically significant increased risk of ileus or intestinal obstruction with dulaglutide or with tirzepatide.  Dr. John conceded he could not identify a study "that found a statistically significant positive association between tirzepatide specifically" and ileus or obstruction:

> Q. Can you identify a study that found a statistically significant positive association between tirzepatide specifically and ileus, obstruction, or an ileus/obstruction combination?
>
> A. Again, with the limitations we discussed before, there was no specific study that showed an increased association specifically with tirzepatide.

SUF ¶ 32.  The same was true for dulaglutide.  SUF ¶ 31.  Dr. Lodhia similarly could not "identify any [study] that found a statistically significant increased risk" for dulaglutide or tirzepatide specifically.  SUF ¶¶ 33-36.  He also could not identify a clinical trial for dulaglutide or tirzepatide that reported a statistically significant increased risk of ileus or intestinal obstruction.  SUF ¶¶ 37, 38.

It is not that studies failed to look at the issue.  Four studies reported results for dulaglutide alone, SUF ¶ 40, and one of those also reported results for tirzepatide, SUF ¶ 41.  None found a statistically significant risk of ileus or obstruction for any specific Lilly medication.  SUF ¶¶ 42-43, 49, 53-55, 57-58.  In fact, Niu found a statistically significant *inverse* association between dulaglutide and both obstruction (HR 0.682, 95% CI 0.622-0.747) and ileus (HR 0.728, 95% CI 0.662-0.800).  SUF ¶ 57-58.  In other words, dulaglutide was associated with a statistically

significantly **decreased** risk of intestinal obstruction and ileus.  And there is good reason not to consider GLP-1 RA medicines as a class, where each medicine is different, SUF ¶ 64, and studies have reported different results for different individual GLP-1 RA medicines, SUF ¶¶ 41-43, 56, 59, 60.  *Cf. In re Incretin-Based Therapies Prods. Liab. Litig.*, 524 F. Supp. 3d 1007, 1039 (S.D. Cal. 2021) (criticizing expert for ignoring "relevant clinical trial data from other GLP-1 RAs" when there were differences including mechanism of action, half-lives, and methods of delivery); *Zoloft*, 26 F. Supp. 3d at 458-60.

### 2. No Genuine Dispute Exists For Obstruction With Mechanical Causes, In Particular.

Plaintiffs' concessions about the lack of causation evidence as to dulaglutide and tirzepatide specifically (*supra* Section I.B.1) extend to both ileus and intestinal obstruction. Plaintiffs' intestinal obstruction claims also fail (whether considered as a class or at the molecule-specific level) because Plaintiffs' experts  emphatically **disclaim** general causation for mechanical obstruction (except, perhaps, for fecal impaction, as to which Plaintiffs also have not met their burden, *infra*).  This is an additional reason why Plaintiffs' intestinal obstruction claims fail.

Dr. John disclosed in his report that "mechanical obstruction" "is unrelated to GLP-1 RAs," SUF ¶ 68, and also testified that when he set forth his opinion that GLP-1 RA medicines "cause ileus and bowel obstruction," he was using the term "bowel obstruction" to refer to "functional bowel obstruction," SUF ¶ 91, i.e., ileus, not mechanical obstruction.  *See* SUF ¶ 1.  Dr.  Lodhia and Dr. John then either disclaimed causation opinions about—or admit that GLP-1 RA medicines **do not cause**—intestinal obstruction types that are mechanical.  This includes, for example, intussusception, SUF ¶¶ 71, 82; volvulus, SUF ¶ 72, 83; gallstone ileus, SUF ¶¶ 76, 84; obstructions from adhesions, tumors, cancer, hernias, or strictures, SUF ¶¶ 73-75, 81, 85, 88, 89; diverticulitis, SUF ¶¶ 77, 86; Ogilvie syndrome, SUF ¶ 90; and colonic pseudo-obstruction, SUF

¶ 80.  As Dr. John explained, for "conditions like postoperative ileus, intussusception, volvulus, stricture, cancer, there is no reason to believe that there is an increased association of GLP-1 RA medications with these causes of mechanical obstruction."  SUF ¶ 70.  That's because "the established mechanism of GLP-1 receptor agonists" does not cause "mechanical obstruction from anatomical causes."  SUF ¶ 69.

At his deposition, Dr. John tried to add "context" to his report's concession that "mechanical obstruction is unrelated to GLP-1 RAs," seeking an exception for ileus that leads to fecal impaction.  SUF ¶ 93.  Dr. Lodhia suggested a similar exception.  But Dr. John conceded that "[t]he likelihood that you could have a fecal impaction or these conditions that I mentioned, is so small that I don't think it tips the needle."  SUF ¶ 94.  A hypothesis that does not "tip[ ] the needle" cannot avoid summary judgment.  *See Zoloft*, 176 F. Supp. 3d at 499 (granting summary judgment when evidence amounted to "a possibility" of causation); *Hoefling v. U.S. Smokeless Tobacco Co.*, 576 F. Supp. 3d 262, 285 (E.D. Pa. 2021) ("probabilistic guesswork" is insufficient).

But neither expert could identify a study finding an increased risk of fecal impaction with GLP-1 RA medicines (even as a class).  SUF ¶¶ 96-100.  And multiple peer-reviewed epidemiologic studies have evaluated fecal impaction, with ***none*** found a statistically significant increased risk.  SUF ¶¶ 52, 55, 61, 62.  Ultimately, Dr. Lodhia and Dr. John offer only mechanistic plausibility for their one mechanical-obstruction carveout, SUF ¶¶ 93-95, which is insufficient for general causation.  *See Zoloft*, 176 F. Supp. 3d at 499 (biological plausibility insufficient); *In re Zostavax Prods. Liab. Litig.*, 2023 WL 6465837 (E.D. Pa. Oct. 4, 2023) (same).

This Court should grant summary judgment for Lilly as to all Plaintiffs with intestinal obstructions—i.e., obstruction other than ileus—on this independent ground.  *See, e.g., In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 892 F.3d 624, 642 (4th

Cir. 2018) (granting summary judgment on categories of cases after expert admitted certain dose opinions "must also fall"); *In re Viagra Prods. Liab. Litig.*, 572 F. Supp. 2d 1071, 1084 (D. Minn. 2008) (excluding plaintiff expert who answered "no" when asked whether medicine "can cause" alleged injury); *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 968 (D. Minn. 2009) (subsequently granting summary judgment where plaintiffs' general and specific causation experts were excluded).

### 3. There Is No General Causation For Patients Experiencing Ileus Or Intestinal Obstruction After Stopping A GLP-1 RA Medicine.

No Plaintiffs' expert opines that any Lilly GLP-1 RA medicine (or GLP-1 RA medicines, as a class) can cause (i) the onset of ileus or obstruction after a plaintiff ceased using a Lilly medicine, or (ii) ileus or obstruction that continues after a plaintiff ceased using a Lilly medicine. Plaintiffs' lack of expert support requires summary judgment here too. *See Zoloft*, 176 F. Supp. 3d at 501; *Incretins*, 524 F. Supp. 3d at 1050; *Zantac*, 644 F. Supp. 3d at 1286; *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 2016 WL 6652358, at *2 (D.N.J. Nov. 9, 2016).

## II. PLAINTIFFS FAIL TO MEET THEIR BURDEN ON WARNING ADEQUACY FOR ILEUS AND INTESTINAL OBSTRUCTION.

"In the MDL context, transferee courts have issued omnibus orders finding a drug label adequate as a matter of law." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 462 F. Supp. 3d 650, 652-53 (E.D. La. 2020) (granting summary judgment in nearly 200 cases where Taxotere's label "after December 2015 was adequate as a matter of law"). The same should occur here. *First*, Plaintiffs disclosed no expert on the adequacy of Mounjaro's or Zepbound's labels—meaning their claims relating to these medicines all fail. *Second*, Section 5 of Trulicity's, Mounjaro's, and Zepbound's labels has always warned of gastrointestinal reactions, and Plaintiffs' experts agreed ileus and intestinal obstruction are gastrointestinal adverse reactions. *Third*, while the Section 5

13

argument alone is sufficient to grant summary judgment in Lilly's favor, many Plaintiffs' claims fail for an additional reason: at various times, FDA asked, and Lilly agreed, to add "ileus," "intestinal obstruction," and "severe constipation including fecal impaction" as adverse reactions in Section 6. Plaintiffs treated after these label changes cannot proceed with their claims. And *fourth*, Plaintiffs' experts agreed Lilly had no duty to warn about ileus and intestinal obstruction prior to 2018 and no duty to warn about mechanical obstruction other than fecal impaction.

### A.    No Expert Opines That Mounjaro's Or Zepbound's Label Was Inadequate.

Lilly is entitled to summary judgment for all Mounjaro and Zepbound ileus and intestinal obstruction claims because no expert opines that the labels for these medicines were inadequate at any time. For example, Plaintiffs represented "they are not relying on any opinions that Dr. Kessler may have regarding Lilly's failure to warn about the risks of tirzepatide for purposes of summary judgment motions and briefing under CMO 29." *See* Dkt. No. 655, Pls.' Resp. to Lilly's Mot. to Enforce CMO No. 29 at 4.

"Typically, in cases regarding prescription drugs, the adequacy of warnings requires medical expert testimony." *Cohen*, 634 F. Supp. 3d at 231. "[P]rescription drugs are likely to be complex medicines, esoteric in formula and varied in effect," requiring terms and warnings be "explained to the jury." *Demmler v. SmithKline Beecham Corp.*, 671 A.2d 1151, 1154 (Pa. Super. 1996); *Dion v. Graduate Hosp. of Univ. of Pennsylvania*, 520 A.2d 876, 881 (Pa. Super. 1987). Thus, "summary judgment is appropriate on a failure to warn claim if a plaintiff has not proffered expert testimony on the adequacy of the warnings." *LaBarre*, 544 F. App'x at 125. *See also* Lilly Introductory Roadmap Br. 1 n.3. Without expert testimony, Plaintiffs' intestinal injury claims relating to Mounjaro and Zepbound fail.

14

### B. All Claims for Ileus And Intestinal Obstruction Fail Because Plaintiffs Have No Admissible Expert Evidence That Lilly's Warnings Were Inadequate.

Summary judgment is also warranted with respect to Plaintiffs' claims relating to Trulicity. Since approval, Section 5 of the Trulicity label (just like Section 5 of the Mounjaro and Zepbound labels, SUF ¶¶ 127, 130) has always warned that the medicine may be "associated with gastrointestinal adverse reactions, sometimes severe." SUF ¶ 123. Plaintiffs' experts agree that ileus and obstruction are "gastrointestinal adverse reaction[s]." SUF ¶¶ 22-25. Indeed, the very definition of these injuries makes clear that they are conditions that occur in the intestinal tract, and thus "gastrointestinal adverse reactions." *See* SUF ¶¶ 2-3. Plaintiffs also described ileus and obstruction as gastrointestinal injuries in their discovery requests and put both under the "gastrointestinal injuries" subheading in the Master Complaint. SUF ¶ 21; Dkt. No. 481, Am. Master Compl. § B.1.b. Section 5 thus warned of the injuries Plaintiffs assert, making the warnings adequate as a matter of law. *See, e.g.*, *Taxotere*, 462 F. Supp. 3d at 653 ("Because the label clearly and consistently warned of the precise injury Plaintiffs suffered, the Court finds that the label was adequate."); *Salvio v. Amgen Inc.*, 2012 WL 517446, at *5 (W.D. Pa. Feb. 15, 2012) (warning about bacterial infections sufficient to warn of fungal infection).

Plaintiffs proffered no expert to opine that Section 5's severe gastrointestinal reactions warning failed to adequately warn doctors of ileus and intestinal obstruction. In fact, Plaintiffs told the Court "Dr. Kessler is not offering an opinion about Lilly Section 5 warnings" and that "any argument by Plaintiffs in summary judgment briefing under CMO 29 that the Section 5 Warning in the dulaglutide label was inadequate would rely on [ ] factual background and/or other evidence, and not upon expert opinion proffered by Dr. Kessler." Dkt. No. 655, Pls.' Resp. to

Lilly's Mot. to Enforce CMO No. 29 at 6-7. [3]  In any event, Dr. Kessler was clear he is ***not*** opining on "what doctors understand the label language to mean," SUF ¶ 114.

But in a failure-to-warn case, how reasonable trained physicians would interpret the label is key.  All fifty states have adopted the learned intermediary doctrine: "[w]here the drug is available only upon prescription of a duly licensed physician, the warning required is not to the general public or to the patient, but to the prescribing doctor." *Demmler*, 671 A.2d at 1154.  Thus, the inquiry is whether the label is "accurate, clear, consistent, and as a whole convey[s] an unmistakable meaning" to the prescriber.  *Taxotere*, 462 F. Supp. 2d at 652; *Lance v. Wyeth*, 85 A.3d 434, 442 (Pa. 2014).  Plaintiffs have done nothing to create a genuine issue of material fact that Section 5 of Lilly's Trulicity label (or Mounjaro or Zepbound labels) failed to meet this standard.  Without expert testimony challenging the adequacy of Section 5's severe gastrointestinal warning regarding ileus and intestinal obstruction, Plaintiffs' claims cannot survive.  *See LaBarre*, 544 F. App'x at 125; *Cohen*, 634 F. Supp. 3d at 231; *see also Taxotere* 462 F. Supp. at 652 (whether a label's language is "accurate," "clear," and "consistent" to the prescribing physician is outside a layperson's knowledge); *Rowland v. Novartis Pharms. Corp.*, 34 F. Supp. 3d 556, 572 (W.D. Pa. 2014) (same).

### C.    Plaintiffs' Claims After Lilly's Section 6 Label Changes Fail For An Additional, Independent Reason.

As explained above, the Court should grant summary judgment for Lilly for all ileus and intestinal obstruction claims because (a) Plaintiffs offer no expert testimony that Mounjaro and Zepbound labels were inadequate; and (b) Section 5's warning about gastrointestinal adverse reactions was adequate at all times to cover what Plaintiffs' experts concede are gastrointestinal

---

[3]    They also represented that to the extent Dr. Kessler suggested at his deposition that "Lilly's section 5 warnings for dulaglutide were inadequate," "Plaintiffs do not intend to rely on those opinions for purposes of summary judgment under CMO 29." *Id*.

16

injuries. *Supra* Section II.A, B. Lilly is also entitled to summary judgment on all ileus and intestinal obstruction claims for an independent reason: Lilly added ***additional*** language to Section 6 for ileus (in November 2022 for Trulicity, July 2023 for Mounjaro, and November 2023 for Zepbound) and for intestinal obstruction and fecal impaction (in December 2025 for Mounjaro, February 2026 for Zepbound, and March 2026 for Trulicity). *See, e.g.*, *In re Chantix (Varenicline) Prods. Liab. Litig.*, 881 F. Supp. 2d 1333, 1343 (N.D. Ala. 2012) (granting summary judgment on post-2009 claims in MDL, finding 2009 warning "adequate as a matter of law"); *In re Meridia Prods. Liab. Litig.*, 328 F. Supp. 2d 791, 814-815 (N.D. Ohio 2004) (granting summary judgment on all failure-to-warn claims; label adequate as a matter of law).

*Ileus*: As of November 2022, Trulicity's label included "ileus" in Section 6. SUF ¶ 191. (Mounjaro and Zepbound did too, as of July 2023 and November 2023, respectively. SUF ¶¶ 137, 141.) Plaintiffs do not and cannot show that Lilly's labels were inadequate after these changes because they incorporate the language Plaintiffs claim was missing earlier. Dr. Kessler agreed that *after* November 2022, with the addition of ileus to Section 6's list of adverse reactions, Lilly's Trulicity label was not inadequate:

> Q. In November of 2022, Lilly added to Section 6.2 a warning for ileus, correct?
>
> A. Correct. At the request of the FDA.
>
> Q. Mm-hmm. With respect to ileus in particular, are you saying that Lilly's warnings for ileus were inadequate after this 2022 change?
>
> A. No, because it says ileus.

SUF ¶ 111. Dr. Kessler also acknowledged that the addition of "ileus" in 2022 put physicians on notice of risks of obstruction (including fecal impaction). When asked whether he agreed that "something like ileus could capture . . . constipation leading to fecal impaction or mechanical

17

obstruction," Dr. Kessler responded, "Bingo."  SUF ¶ 117.  *See, e.g.*, *Salvio*, 2012 WL 517446, at *5; *Aaron v. Wyeth*, 2010 WL 653984, at *7-11 (W.D. Pa. Feb. 19, 2010).

***Intestinal Obstruction and Fecal Impaction***: It likewise is undisputed that as of March 2026, Section 6 of Trulicity's label included intestinal obstruction and severe constipation including fecal impaction as adverse reactions.  SUF ¶ 134.  (Mounjaro's label did too as of December 2025, as did Zepbound's as of February 2026.  SUF ¶¶ 138, 142.)  Dr. Kessler agreed he is not offering an opinion about the adequacy of the Trulicity label regarding intestinal obstruction or fecal impaction after the 2026 label change, and he offered no opinion on Mounjaro or Zepbound.  SUF ¶¶ 112-13.

*Taxotere* is instructive.  There, Plaintiffs alleged hair loss, and in December 2015, the defendant added a Section 6 warning for "permanent alopecia."  *Taxotere*, 462 F. Supp. 3d at 652. Dr. Kessler—plaintiffs' expert there too—opined the pre-2015 label was inadequate but did not "opine[ ] on post-2015 cases."  *Id*. at 654.  The court found the label adequate as a matter of law and entered omnibus summary judgment for all post-December 2015 cases.  *Id.* at 654.  For similar reasons, Lilly is entitled to summary judgment here with respect to all Plaintiffs claiming intestinal injuries who were treated after the labeling changes discussed above (again, an independent basis for summary judgment).

**D.**     **Additional Categories Of Claims Fail Where Plaintiffs' Expert Agrees Lilly Had No Duty To Warn.**

Lilly is also entitled to summary judgment on two additional categories of claims for which Dr. Kessler agrees Lilly had no duty to warn.  *See, e.g.*, *In re Taxotere (Docetaxel) Products Liab. Litig.*, 2020 WL 3487594, at *4 (E.D. La. June 1, 2020) (plaintiffs must show that "a reasonably prudent manufacturer should have drawn certain conclusions from th[e] data and effectively acquired knowledge that [their medicine] is causing permanent hair loss."); *Hahn v. Richter*, 673

18

A.2d 888, 890 (Pa. 1996) (drug manufacturer has a duty to warn only of risks of which it "has or reasonably should have knowledge"). *First*, Dr. Kessler agreed Lilly had no duty to warn at any time about mechanical obstruction in particular, outside of fecal impaction. SUF ¶¶ 103-109. Lilly is thus entitled to summary judgment on all claims where Plaintiffs claim mechanical obstruction other than fecal impaction. *Second*, Dr. Kessler agreed that Lilly had no duty to warn about any intestinal injury from the date of Trulicity's approval in 2014 until as late as 2018. SUF ¶ 110. Lilly is thus entitled to summary judgment for Plaintiffs bringing any intestinal injury claim before 2018. *See, e.g.*, *Taxotere*, 2020 WL 3487594, at *5 (where Dr. Kessler did not offer an opinion for pre-December 15, 2006 claims, holding that "Plaintiffs have not created an issue of fact on whether a reasonably prudent manufacturer would have drawn certain conclusions before December 15, 2006, thereby triggering [defendant's] duty to warn"); *Meharg v. I-Flow Corp.*, 2010 WL 711317, at *3 (S.D. Ind. Mar. 1, 2010) (granting summary judgment where "the Plaintiffs' own expert's report supports the finding that AstraZeneca had no duty to warn of the risk . . . at the time of [plaintiff]'s surgery"); *Mack v. Stryker Corp.*, 893 F. Supp. 2d 976, 987 (D. Minn. 2012), *aff'd*, 748 F.3d 845 (8th Cir. 2014) (granting summary judgment where plaintiff's expert "acknowledged that the medical community did not draw the connection between pain pumps and chondrolysis or any injury like that suffered by [plaintiff] until 2005").

## III. FEDERAL LAW PREEMPTS PLAINTIFFS' INTESTINAL OBSTRUCTION CLAIMS.

Plaintiffs' intestinal obstruction claims also independently fail because they are preempted by federal law. In November 2022, FDA considered but decided *against* amending GLP-1 labels to include intestinal obstruction when it added ileus as an adverse reaction in Section 6. Federal law preempts state-law failure-to-warn claims when: (i) the manufacturer lacks "newly acquired information" necessary to make a label change without prior FDA approval; and (ii) there is "clear

19

evidence" FDA would have rejected the label change. *Albrecht*, 587 U.S. at 314-15. Both circumstances are present here.

*First*, FDA's decision to add "ileus" as an adverse reaction, but *not* "obstruction," is "clear evidence" that FDA would have rejected any attempt to add obstruction to Trulicity's label before November 2022. *Second*, obstruction claims arising after that date are preempted as well because there was no "newly acquired information" that would have permitted Lilly to second-guess FDA's judgment.

### A.    Intestinal Obstruction Claims Arising Before November 2022 Are Preempted.

A "two-pronged test" determines whether there is "clear evidence" that FDA would not have approved a warning regarding a plaintiff's alleged injury: (i) the manufacturer must have "fully informed the FDA of the justifications for the warning," *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig.*, 118 F.4th 322, 339 (3d Cir. 2024) (quoting *Albrecht*, 587 U.S. at 310, 314); and (ii) FDA must have taken some action carrying "the force of law," *id*. at 351 (quoting *Wyeth*, 555 U.S. at 576), that establishes it "would have rejected any and all warnings" that would have satisfied the plaintiff's putative state-law duty to warn. *Id*. at 349. FDA's November 2022 decision not to add "obstruction" to the labels satisfies both requirements.

### 1.    FDA Was Fully Informed Of All Relevant Data.

FDA made a fully informed decision not to include language about mechanical obstruction, fecal impaction, or intestinal obstruction generally in November 2022. Lilly "submitted all material information to the FDA" in response to FDA's June 2022 NISS. *Albrecht*, 587 U.S. at 317. Lilly reviewed and disclosed "cumulative safety information" for dulaglutide, including 133 post-marketing cases of obstruction out of more than 12 million patients, and discussed its clinical trials and the relevant scientific literature. SUF ¶¶ 156-159. Lilly also discussed the scientific

literature available on GLP-1 RA medicines more generally.  SUF ¶ 157.  The information in Lilly's Safety Topic Reports "fully informed" FDA of the information needed for FDA to evaluate "the warning label that plaintiffs contend was required."  *In re Zofran (Ondansetron) Prods. Liab. Litig.*, 541 F. Supp. 3d 164, 200 (D. Mass. 2021), *aff'd*, 57 F.4th 327 (1st Cir. 2023)*.*  FDA itself evaluated 37 cases of patients meeting its criteria who experienced intestinal obstruction after taking dulaglutide, evaluated 31 cases of intestinal obstruction with Novo's GLP-1 RA medicines, SUF ¶ 171, and conducted its own review of medical literature, SUF ¶ 165.

FDA made a fully informed decision on the basis of this information, and nothing Plaintiffs' experts say allows them to avoid summary judgment.  Dr. Kessler criticizes Lilly's search terms in its Safety Topic Report, noting Lilly used more search terms in a 2017 report.  Ex. 4D, Kessler Rep. 239 n.751.  But Dr. Kessler did not opine that different search terms in 2022 would have yielded additional adverse events, let alone events that would have materially affected FDA's analysis.  SUF ¶¶ 119-20; *see Wharton v. Danberg*, 854 F.3d 234, 244 (3d Cir. 2017) ("Speculation and conjecture may not defeat a motion for summary judgment.").  In any event, FDA did its own search.  SUF ¶ 168.  *See In re Avandia Mktg., Sales, & Prods. Liab. Litig.*, 945 F.3d 749, 759 (3d Cir. 2019) ("[T]he FDA, and only the FDA, can determine what information is "material" to *its own* decision to approve or reject a labelling change.").

In short, FDA had "the relevant data" to evaluate Plaintiffs' "desired . . . warning."  *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 891 (7th Cir. 2020).  Its decision to include only ileus, not more, was fully informed.

### 2.  FDA Would Have Rejected Any Attempt To Add "Obstruction" To The Label.

FDA's actions establish that the agency "would have rejected any and all warnings" about obstruction other than "ileus" in November 2022.  *Fosamax*, 118 F.4th at 349.  FDA's statements

21

include none of the ambiguity that led the Third Circuit to reject preemption in *Fosamax*. There, the ***manufacturer*** proposed a warning to FDA, and the question was whether FDA's rejection unambiguously established it "would have rejected any and all" warnings. *Id*. FDA agreed atypical fractures should be added to Adverse Reactions but found Merck's justification for the proposed PRECAUTIONS section "inadequate" because "stress fractures"—Merck's term— "may not be clearly related to the atypical subtrochanteric fractures" in the literature. *Id*. at 335. The Third Circuit concluded FDA's reasoning was "ambiguous"—it could have rested on insufficient scientific support *or* disagreement with Merck's terminology. *Id*. at 353-54.

Here, there is no ambiguity. FDA—not Lilly or Novo—selected "ileus" as the required label language and expressly opted against adding "obstruction" after assessing the post-marketing data and scientific literature relating to "intestinal obstruction" in general, discussing the issue with FDA experts, and concluding that only ileus was "supported by the data reviewed." SUF ¶ 179. That is a conclusion about "a lack of scientific support" for adding intestinal "obstruction" in general, not a disagreement with a company about the company's proposed labeling language. Under *Fosamax*, Plaintiffs' proposed warning is preempted. 118 F.4th at 353.

## B.    All Claims After November 2022 Are Preempted.

After FDA determined the label for Trulicity should list only ileus, not other intestinal obstruction, as an adverse reaction, there was no newly acquired information regarding intestinal obstruction. FDA regulations define "newly acquired information" as "data, analyses, or other information not previously submitted to the Agency [that] reveal risks of a different type or greater severity or frequency than previously included in submissions to FDA." 21 C.F.R. § 314.3(b).

Plaintiffs have not identified any data post-dating November 2022 showing obstruction risks to be more frequent or severe than FDA appreciated with respect to Lilly's GLP-1 RA

22

medicines.  Thus, post-2022 claims are preempted too.  *See, e.g.*, *Incretins*, 524 F. Supp. 3d at 1022 (granting summary judgment where information was not "different to that already considered by the FDA's comprehensive review"); *Holley v. Gilead Scis., Inc.*, 2023 WL 6390598, at *8 (N.D. Cal. Sept. 28, 2023) (granting summary judgment; "[p]laintiffs have not explained how [the newly acquired] information differed from the information that had already been presented to the FDA").

## CONCLUSION

For the foregoing reasons, Lilly respectfully requests that the Court grant its motion for summary judgment on all of Plaintiffs' ileus and intestinal obstruction claims.

Dated: May 19, 2026                    Respectfully submitted,


*/s/ Diana M. Watral*

Diana M. Watral, P.C. (admitted *pro hac vice*)
Mark Premo-Hopkins, P.C. (admitted *pro hac vice*)
Renee D. Smith (admitted *pro hac vice*)
**Kirkland & Ellis LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
diana.watral@kirkland.com
mark.premohopkins@kirkland.com
renee.smith@kirkland.com

Samuel W. Silver (PA Bar No. 56596)
Catherine M. Recker (PA Bar No. 56813)
Bruce P. Merenstein (PA Bar No. 82609)
Abigail T. Burton (PA Bar No. 334450)
**Welsh & Recker, P.C.**
306 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 972-6430
Facsimile: (985) 617-1021
ssilver@welshrecker.com
cmrecker@welshrecker.com
bmerenstein@welshrecker.com
aburton@welshrecker.com

*Attorneys for Defendants Eli Lilly and Company
and Lilly USA, LLC*

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2026, a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS ELI LILLY AND COMPANY AND LILLY USA, LLC'S MOTION FOR SUMMARY JUDGMENT ON ILEUS AND OBSTRUCTION CLAIMS was electronically filed using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.


*/s/ Diana M. Watral*

Diana M. Watral, P.C.