**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: GLUCAGON-LIKE** | : | **CIVIL ACTION** |
| **PEPTIDE-1 RECEPTOR AGONISTS** | : | |
| **(GLP-1 RAS) PRODUCTS** | : | |
| **LIABILITY LITIGATION** | : | **MDL No. 3094** |
| | : | **24-md-3094** |
| | : | |
| **THIS DOCUMENT RELATES TO:** | : | |
| | : | **HON. KAREN SPENCER MARSTON** |
| *ALL ACTIONS/ALL CASES* | : | |

**ORDER**

**AND NOW**, this 17th day of July, 2026, upon consideration of Defendants' Joint Motion to Exclude the Opinions and Testimony of Jeffrey Lansman, Ph.D. (Doc. No. 679), Defendants' Joint Motion to Exclude the Opinions and Testimony of Kevin O'Brien V.M.D. (Doc. No. 680),[1] and the arguments raised by counsel during the in-person status conference on July 14, 2026 (Doc. No. 813), it is **ORDERED** as follows:

    1.    The Court's June 11, 2026 Order (Doc. No. 731) is **VACATED.**[2]

---

[1] Defendants also challenge certain expert opinions put forth by David Metz, M.D., and Joseph Pisegna, M.D., which Plaintiffs assert: (1) are not opinions being put forth by either expert, and (2) in any event, are not opinions that are going to be relied upon by Plaintiffs for purposes of summary judgment or trial. (*See* Doc. Nos. 681, 685, 751, 753.) By contrast, the Lilly Defendants have suggested that at a future trial they *do* intend to submit the challenged testimony of Dr. Pandolfino, and Plaintiffs likewise *do* intend to submit the challenged testimony of Drs. Lansman and O'Brien. (*See* July 14, 2026 Hr'g. Tr. at 8:13–16, 31:18–24.) Given their different posture, the Court will address the challenges to Drs. Metz and Pisegna when ruling on the substance of Defendants' corresponding motions (Doc. Nos. 681, 685) and does not address them in this Order.

[2] The Court previously ruled that Plaintiffs' Motion to Limit Testimony of Defense Expert, John Pandolfino, M.D., (Doc. No. 687) was rendered moot by defense counsel's representations that the Lilly Defendants had no intention of relying on the challenged opinions for purposes of summary judgment on Cross Cutting Issues 2 and 3. (Doc. No. 731.) Following argument by all counsel at the July 14, 2026 hearing, the Court will vacate this Order and address Plaintiffs' challenge to Dr. Pandolfino's opinion in the same manner that we address Defendants' challenges to the opinions of Drs. Lansman and O'Brien, which are also not implicated by the pending motions for summary judgment (*see generally* Doc. Nos. 772-1, 783, 786, 787, 798). Instead of framing the denial as turning on jurisdictional concerns (e.g.,

2.    The Motions to Exclude the Opinions of Dr. Pandolfino, Dr. Lansman, and Dr.

O'Brien (Doc. Nos. 679, 680, 687) are **DENIED WITHOUT PREJUDICE.**[3]

**BY THE COURT:**

*/s/ Karen Spencer Marston*
**KAREN SPENCER MARSTON, J.**

---

mootness, ripeness), the Court finds it more appropriate at this stage to deny the three motions for purposes of efficiency, as discussed *infra* n.2.

[3] The Court previously ordered early discovery and motion practice on three cross cutting issues. (*See, e.g.*, Doc. Nos. 235, 269, 282.)  Two are relevant here.  Issue 2 was framed as considering whether "Plaintiffs' claims are preempted by federal law and/or fail because the warnings included in the product labeling . . . are adequate as a matter of law." (Doc. No. 235 at 5.)  And on the agreement of the parties, Issue 3 was framed as considering "whether the GLP-1 RAs are capable of causing the gastrointestinal events alleged by Plaintiffs," and specifically, whether they are capable of causing gastroparesis, ileus, [and] small bowel obstruction.  (*Id.* at 11; *see also* Doc. No. 282 at 1 n.1.)  The purpose of frontloading these issues was to "help the Parties and the Court efficiently and accurately assess the merits of the overall litigation, thereby providing a more effective path to resolution." (Doc. No. 174 at 1.)

Consistent with the Court's Scheduling Orders for Cross Cutting Issues 2 and 3, the parties have collectively submitted a dozen motions to exclude, five motions for summary judgment, one motion to strike a defense, one motion for additional discovery, and multiple motions to seal documents in support of these motions.  Given the quantity of pending motions and recognizing that the expert opinions of Drs. Pandolfino, Lansman, and O'Brien are not relied on for summary judgment (and thus, do not affect any substantive ruling at this stage), Defendants ask the Court to deny those motions without prejudice to any party's right to refile their motion, if necessary, before trial in any individual case.  (*See* July 14, 2026 H'rg. Tr. at 27:14–21 ("And so the goal here was, if there are motions that are not relevant to issue 2 and issue 3, can we take those off the table for Your Honor and can we limit the number of witnesses that need to appear at the September hearing, given the scheduling complexity that's involved there.  And so the request really was one focused on can we get to resolution issues 2 and 3.").)  Plaintiffs oppose this plan, arguing that it is inconsistent with the Court's decision to frontload issues of preemption/warning adequacy and general causation, which was meant to result in resolution of all challenges to the admissibility of expert opinions and motions for summary judgment on those issues.  (*Id.* at 8:23–9:19.)

Here, as the Court raised (and Plaintiffs echoed) at the July 14, 2026 hearing, there is some merit to the argument it would be more efficient for the Court to resolve all challenges related to preemption/warning adequacy and general causation at once instead of waiting until the next Daubert deadline prior to trial to resolve the three motions.  (*Id.* at 11:18–22.)  But given that the purpose of allowing early discovery and motion practice on Cross Cutting Issues 2 and 3 was to determine whether Plaintiffs are capable of *surviving summary judgment* on these issues, the Court finds the most efficient path forward is to wait to resolve any challenges to the opinions of Drs. Pandolfino, Lansman, and O'Brien.  As noted, none of their opinions are part of the summary judgment record, so their admissibility is only a concern if they are relied on at trial.  Accordingly, the Court will deny the motions to exclude their opinions at this time, without prejudice to each movant's right to refile them at a later date to be set by the Court.  If this MDL survives and the Court sets a schedule for bellwether selection, discovery, and

---

trials, the scheduling order will include deadlines for the parties to re-exchange the expert reports of these three expert witnesses and to re-move for their exclusion.